1  Martin C. Fliesler (SBN 073768) mcf@fdml.com
   Joseph P. O'Malley (SBN 159568) jpo@fdml.com
2  FLIESLER MEYER LLP
   650 California Street, 14th Floor
3  San Francisco, CA 94108
   Telephone:   (415) 362-3800
4  Facsimile:    (415) 362-2928

5

6  Attorneys for Defendant and Counterclaimant
   WOWZA MEDIA SYSTEMS, INC.

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                    **OAKLAND DIVISION**

11

12  ADOBE SYSTEMS INCORPORATED, a          Action No. CV 11-02243 CW
    Delaware Corporation,
13                                          **DEFENDANT WOWZA MEDIA**
                  Plaintiff and             **SYSTEMS, INC.'S ANSWER,**
14                Counterclaim-Defendant,   **AMENDED COUNTERCLAIMS, AND**
                                            **AFFIRMATIVE DEFENSES TO**
15        vs.                               **PLAINTIFF'S SECOND AMENDED**
                                            **COMPLAINT**
16  WOWZA MEDIA SYSTEMS, INC., a
    California Corporation,                 **JURY TRIAL DEMANDED**
17
                  Defendant and
18                Counterclaim-Plaintiff.

19

20

21       Defendant Wowza Media Systems, Inc. ("Wowza"), with knowledge as to its own acts, and

22  on information and belief as to the acts of others, by its undersigned attorneys, replies to plaintiff

23  Adobe Systems Incorporated ("Adobe")'s Second Amended Complaint for Patent Infringement,

24  False Advertising and Unfair Competition as follows:

25                            **INTRODUCTION**

26       WowzaTV LLC, the predecessor to Wowza, was founded by two veteran entrepreneurs,

27
    David Stubenvoll and Charlie Good, on November 29, 2005 after Stubenvoll voluntarily left Adobe
28

FLIESLER
MEYER LLP

1   in October, 2005. Good voluntarily left Adobe in November, 2005.  Wowza was reorganized as an S

2   corporation on December 4, 2007. Adobe acquired Macromedia Inc. ("Macromedia"), the purported

3   inventor and developer of Flash® technology, including the Real-Time Messaging Protocol

4   ("RTMP"), on or about December 3, 2005, after both Mr. Stubenvoll and Mr. Good had left Adobe.

5   Adobe subsequently rebranded the technology acquired from Macromedia as the Adobe Flash Media

6

7   Server® ("FMS").

8          Wowza independently developed its versions of RTMP and RTMPe (the secured version of

9   RTMP) without any access to Macromedia's or Adobe's source code for the RTMP and RTMPe

10  technology.  The precursor to Wowza Media Server® ("WMS") and subsequent versions have

11  included Wowza's version of RTMP as of April 2006.  WMS has included Wowza's version of

12

13  RTMPe as of July 2008.

14         Wowza first disclosed its version of RTMP to Adobe in a face-to-face meeting on April 4,

15  2006, and has continued thereafter to today to be open and upfront with Adobe regarding its

16  activities. As early as October, 2007, Wowza sought a business relationship with Adobe through

17  negotiation so that the streaming industry may obtain the benefit of both companies' approaches to

18  media streaming in a vibrant, competitive market.  During the course of those discussions, Adobe

19  never raised any objection to Wowza's implementation of RTMP, rather the discussions always

20  centered on Wowza's implementation of RTMPe.  Indeed, Adobe declared to the world that RTMP

21  was an open standard available for free to anyone that implemented the RTMP protocol.  Further,

22

23  during the course of those discussions, Adobe never identified a single patent that covered RTMPe.

24  It is only after five years of Wowza growth, independent technology innovation and market

25  leadership recognized and admired by the entire industry that Adobe unexpectedly filed this

26

27  unfounded and spurious lawsuit, on May 6, 2011, asserting Wowza's implementation of RTMP

28

FLIESLER
MEYER LLP

allegedly infringes three patents, and that Wowza's implementation of RTMPe allegedly infringes two other patents (both of which have just recently issued).

WMS now outcompetes FMS on features, customer service and price. WMS embodies a substantial amount of independent technology innovation and has many features and functionalities FMS does not have. Unlike FMS, WMS 2 (the Wowza software product existing as of the date this lawsuit was filed) and WMS 3 (the new Wowza software product released on October 7, 2011) support streaming for iPhone®/iPad® (HLS Streaming), Microsoft® Silverlight® (Smooth Streaming), QuickTime/3GPP (RTSP/RTP; TCP and UDP; unicast and multicast), IPTV (MPEG-TS; TCP and UDP; unicast and multicast); supports unlimited CPU cores, and allows for more supported operating system platforms including Mac OS X, Linux, Solaris and Unix, as well as 64-bit support across all operating systems and IPv6 support. WMS 3 has even more features demanded by the market. WMS is also more flexible and extensible than FMS, allowing developers to easily extend WMS to add their own functionality and integration.

As a result of Wowza's independent technology innovation, superior customer service and competitive pricing that are appreciated by customers, Wowza delivers an industrial-strength infrastructure for live video, video-on-demand, live recording, and video chat that is highly regarded in the industry. Wowza has a singular focus on delivering high-performance media server software to service providers, media properties, enterprises, and other organizations serious about delivering video to any digital screen – computer, mobile phone, or home TV. To date, more than 85,000 global entities in entertainment, social media, advertising, enterprise, education, government, and Internet commerce have licensed WMS.

Beginning in 2007, Wowza and its WMS product have been awarded the following industry awards:

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW

3

- 2007: Streaming Media Magazine Editors' Pick, http://www.streamingmedia.com/Articles/ReadArticle.aspx?ArticleID=64999

- 2008: Streaming Media Magazine Editors' Pick, http://www.streamingmedia.com/Articles/ReadArticle.aspx? ArticleID=65092

- 2008: Streaming Media Magazine US Readers' Choice (Best Server) (winning over Adobe and Microsoft®), http://www.streamingmedia.com/Articles/ReadArticle.aspx?ArticleID= 65292

- 2009: Streaming Media Magazine US Readers' Choice (Best Server, Best Streaming Innovation) (winning over Adobe and Microsoft® in both categories), http://www.streamingmedia.com/Articles/News/Featured-News/The-Envelope-Please-The-2009-Streaming-Media-Readers-Choice-Award-Winners-65663.aspx

- 2010: TV Technology Europe Magazine STAR Award, http://www.tvtechnology.com/article/109660

- 2010: Streaming Media Magazine European Readers' Choice Awards (Best Server, Best Innovation) (winning over Adobe in Best Server category), http://www.streamingmedia global.com/Articles/Editorial/Featured-Articles/The-2010-Streaming-Media-European-Readers-Choice-Award-Winners-70685.aspx

- 2010: WFX New Product Award (Best Overall Media Product, Best Podcasting, Webcasting, and Website Streaming Media Solution), http://www.wowza.com/2010-11-11.html

- 2011: AVT Awards (Best AV overDistribution System), http://www.wowza.com/2011-06-22.html

- 2011:  Streaming Media Magazine European Readers' Choice Awards (Best Server, Best Innovation) (winning over Adobe in Best Server category), http://www.streamingmedia global.com/Articles/Editorial/Featured-Articles/2011-Streaming-Media-European-Readers-

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW                                                                              4

1  Choice-Awards-Winners-78436.aspx

2  • 2011: WFX New Product Award (Best Overall Media Product, Best Podcasting, Webcasting,

3  and Website Streaming Media Solution), http://www.wowza.com/2011-11-10.html.

4

5  Wowza in no way infringes any valid, nonlicensed claim of U.S. Patent No. 7,272,658 ("the '658

6  Patent"), U.S. Patent No. 7,587,509 ("the '509 Patent"), U.S. Patent No. 7,961,878 ("the '878

7  Patent"), U.S. Patent No. 8,051,287 ("the '287 Patent) or U.S. Patent No. 8,065,426 ("the '426

8  Patent) (collectively, the "Patents-in-Suit").  The WMS versions of RTMP and RTMPe were

9  developed independently of Adobe's RTMP and RTMPe specification and the WMS versions do not

10 include features required by the Patents-in-Suit.  Thus WMS does not infringe any of the claims of

11 the Patents-in-Suit, either literally or under the doctrine of equivalents.

12   The '658 Patent, '509 Patent and '426 Patent (collectively the "RTMP Patents") do not

13 appear to cover any version of RTMPe.  RTMPe merely provides for additional handshaking and

14 encryption beyond standard RTMP to provide secured content.  This handshaking and encryption are

15 not covered by any valid claims in the RTMP Patents.  Adobe appears to be asserting that the '878

16 Patent and the '287 Patent (collectively the "RTMPe Patents") cover Adobe's version of RTMPe.

17   RTMPe is not a strong selling point for WMS.  The free open source "RED 5" Flash server,

18 for example, also implements its own versions of RTMP and RTMPe. RTMPe is not the reason

19 customers choose WMS.

20   Even if Wowza did infringe any valid claim of the RTMP Patents, Wowza would necessarily

21 be granted a license under these patents under the RTMP Specification License openly provided by

22 Adobe to all developers in April 2009. Wowza meets all the terms of the RTMP Specification

23 License, and thus, has the necessary patent license granted therein.  The purpose of Wowza's version

24 of RTMPe is not "circumvention" as alleged by Adobe.  On the contrary, WMS protects content

Fliesler Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW                    5

using security schemes and does not "circumvent" any security schemes including RTMPe. WMS protects content in the same manner as FMS.

Adobe did not release the RTMP Specification and RTMP Specification License merely to benefit the streaming industry. Instead, Adobe looked to benefit from Flash (including RTMP) being seen as an open technology as a result of making the RTMP specification public through the RTMP Specification License. If Flash is seen as an open technology, it is more likely to be adopted by content providers and users. Wowza and the rest of the industry have relied on the RTMP Specification License in its adaption of the RTMP technology.

The False Advertising and Unfair Competition claims made by Adobe are meritless. Wowza has always been upfront and clear in its communications with customers. Customers know that Wowza's version of RTMPe is not authorized by Adobe and that it is Wowza's independently-created approach to security protection for its licensees and the industry as a whole. Wowza's customers know that Wowza's version of RTMPe is different from Adobe's version. Wowza's customers know that Wowza's version of RTMPe, being independently produced by Wowza, will thus have differences. There are no confusing or misleading acts by Wowza. Wowza achieved its leading position fair and square in the market. Wowza is a leading streaming software provider because of its superior software product, unmatched customer service and reasonable prices.

Wowza responds to the like-numbered paragraphs of Adobe's Second Amended Complaint as follows:

**PARTIES**

1.      Wowza is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

//

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL          6
Action No. CV 11-02243-CW

1    2.    Wowza's principal place of business is located at 31207 Keats Way, Suite 102,

2    Evergreen, Colorado 80439.  Wowza's corporate mailing address is 1153 Bergen Parkway, Suite

3    #181, Evergreen, CO 80439.   Wowza and its 15 employees are located in Colorado, Ohio,

4    California, Florida, Texas and Washington.  Wowza's California employees are located in San

5    Mateo, San Jose, Tracy, San Carlos and San Diego.  Wowza admits its California agent for service

6    of process is Timothy Herr, 152 N. 3rd Street, Suite 500, San Jose, CA 95112.  Wowza denies the

7    remaining allegations of this paragraph.

8

9    3.    Wowza admits that it designs and manufactures content-streaming server software in

10   the US.   Wowza licenses such server software in the US and worldwide. Wowza denies the

11   remaining allegations set forth in this paragraph.

12

13   **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

14   4.    Paragraph 4 states legal conclusions to which no answer is required, but to the extent

15   that an answer is called for, the allegation is denied.

16   5.    Paragraph 5 states legal conclusions to which no answer is required, but to the extent

17   that an answer is called for, the allegations are denied

18

19   6.    Wowza admits that it is organized and exists under the laws of the State of California,

20   has designated an agent for service of process in the Northern District of California, and transacts

21   business in this district.  Wowza denies that it has developed, marketed, offered for sale, or sold

22   infringing products.  Wowza denies that it has committed patent infringement and/or other unlawful

23   acts.

24

25   7.    Wowza admits the allegations contained in paragraph 7 of the Second Amended

26   Complaint.

27   //

28

Fliesler
Meyer LLP

8.      Wowza admits the allegations contained in paragraph 8 of the Second Amended Complaint.

## FACTUAL BACKGROUND

A.      **Adobe's Flash Platform**

9.      Wowza is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

10.     Adobe did not design RTMP technology, but rather purchased it when Adobe acquired Macromedia on about December 3, 2005. Wowza is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

11.     Wowza is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

12.     Third parties have made the RTMPe specification widely available on the Internet. Wowza is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

13.     Wowza denies that any content security methods, including "unauthorized versions of RTMPe" (as opposed to circumventions), can undermine the security provided by RTMPe. Adobe's customers using RTMPe provided by Adobe cannot have the security of their content undermined by a security method provided by another vendor. Wowza is without knowledge or information sufficient to form a belief as to the truth of the other allegations of this paragraph and, therefore, denies them.

//

//

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW

8

**B.      The Patents-in-Suit**

14.      Wowza is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

15.      The Adobe RTMP Specification License states "[w]e offer this license to encourage streaming rich content via the RTMP protocol." Wowza is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

16.      No language in the RTMP Specification License, which is appended by Adobe to Adobe's Second Amended Complaint, requires "full" compliance with the RTMP Specification or prohibits development outside of the RTMP Specification. The RTMP Specification License grants a license to any "Essential Claim" of an Adobe patent for a "Compliant Implementation." A "Compliant Implementation" is defined as being "the *portion* (emphasis added) of an application, product, or service that defines, creates or processes data compliant with the requirements expressly stated in the RTMP Specification." As such, the RTMP Specification license grants a license to any "Essential Claim" of an Adobe patent wherever a portion of licensee's product meets the RTMP Specifications. Handshaking, for either RTMP or RTMPe, is not covered by the RTMP Patents. Wowza is without knowledge or information sufficient to form a belief as to the truth of the other allegations of this paragraph and, therefore, denies them.

17.      Wowza is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

18.      The quotations in paragraph 18 of the Second Amended Complaint come from Adobe's website at http://www.adobe.com/devnet/rtmp.html which states:

> The RTMP specification document (above) and license cover the RTMP protocol only. They do not include information or license around any other Flash Media

1    Server technology. By downloading the RTMP specification, you are agreeing to
the RTMP license. To benefit customers who want to protect their content, the
2    open RTMP specification does not include Adobe's unique secure RTMP
measures, nor does the license that accompanies the specification allow
3    developers to circumvent such measures. *However, developers will be free to use
their own technological measures to secure content. The RTMP specification does
4    *not provide any requirement or restrictions on a developer's own measures to
*secure content.* (Emphasis provided by Wowza.)

6    Wowza is without knowledge or information sufficient to form a belief as to the truth of the other

7    allegations of this paragraph and, therefore, denies them.

8         **C.    Wowza's Alleged Unlawful Use of Adobe Technology**

9         19.    Wowza develops and licenses WMS.   WMS provides functionality beyond that

10   provided by FMS.   WMS is a unified server software used for streaming of live and on-demand

11   video, audio, and RIAs (Rich Internet Applications) over public and private IP networks to

12   desktop/laptop/tablet computers, mobile devices, IPTV set-top boxes, internet-connected TV sets,

13   and other network-connected devices. WMS is a Java application deployable on multiple operating

15   systems.   WMS can simultaneously stream to multiple types of playback clients and devices,

16   including the Adobe Flash player, Microsoft® Silverlight® player, Apple® QuickTime® player and

17   iOS devices (iPhone®/iPad®/iPod® touch), 3GPP mobile phones (BlackBerry®, Android™,

18   Symbian, etc.), IPTV set-top boxes (Amino, Enseo®, Roku® and others), and game consoles such

20   as Wii™ and PS3™) using a multitude of protocols including RTMP, RTP, RTSP, MPEG-TS and

21   various http streaming protocols over TCP and UDP connections in both unicast and multicast

22   modes.

24        WMS includes Wowza's versions of RTMP and RTMPe and does not infringe the Patents-

25   in-Suit.  Any portions of RTMP and RTMPe in WMS that may be construed to be covered by the

26   RTMP Patents are licensed by Adobe through the RTMP Specification License appended to Adobe's

27   Second Amended Complaint, or are otherwise believed to be lawful.  Any portions of RTMP and

**Fliesler
Meyer LLP**

1   RTMPe, including the handshakes (and encryption for RTMPe), in WMS that are not covered by the

2   Patents-in-Suit are not licensed by Adobe through the RTMP Specification License and are believed

3   to be lawful.

4           20.     WMS was developed by former Adobe employees David Stubenvoll and Charlie

5   Good. Stubenvoll and Good chose to leave Adobe after their project was cancelled due to the

6   pending acquisition of Macromedia.  They were told they could stay if they located another position

7   within Adobe. Stubenvoll and Good left Adobe before the closing of Adobe's acquisition of

8   Macromedia.  Stubenvoll and Good were thus never part of Adobe while it owned Flash technology,

9   including RTMP.  The precursor to WMS was first used on the Internet in April 2006. WMS,

10  including Wowza's version of RTMP, was first commercially licensed to the public on February 19,

11  2007. Wowza's version of RTMPe was first commercially licensed with WMS 1.5.0 patch 19 on

12  July 2, 2008.  Wowza denies WMS infringes any of Adobe's intellectual property.  Wowza denies

13  that it has done any "circumvention."  The phrase "circumvention of technological measures" is a

14  term used in Article 11 of the WIPO Copyright Treaty and subsequently in the Digital Millennium

15  Copyright Act.   Article 11 of WIPO Copyright Treaty "Obligations concerning Technological

16  Measures" requires contracting parties to:

17
            "provide adequate legal protection and effective legal remedies against the
18          circumvention of effective technological measures that are used by authors in
            connection with the exercise of their rights under this Treaty or the Berne
19          Convention and that restrict acts, in respect of their works, which are not
            authorized by the authors concerned or permitted by law."
20
    In the United States, the Digital Millennium Copyright Act ("DMCA") has implemented the treaty
21
    provisions regarding the circumvention of some technological barriers to copying intellectual
22
    property.  Section 103 (17 U.S.C. Sec. 1201(1)(1)) of the DMCA states:
23
            "No person shall circumvent a technological measure that effectively controls
24          access to a work protected under this title."
25
26
27
28

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                          11
Action No. CV 11-02243-CW

Thus "circumvention" requires the breaking of a technological measure to gain access to protected content. WMS does not gain access to protected content in any manner. Wowza's RTMPe implementation only protects content. Wowza's version of RTMPe does not threaten to undermine the security provided by RTMPe.

21.    Wowza's version of RTMPe is not a "circumvention" measure by any reasonable interpretation of the term, but rather is a security measure specifically authorized by Adobe in connection with its RTMP License. Wowza has not "circumvented" any technological protection. Wowza only implements technological measures for the protection of content. Wowza's WMS is compliant with the RTMP License Specification. None of Wowza's actions are a prohibited use as defined by the RTMP Specification License. RTMPe is a variant of RTMP. The peculiar aspects of RTMPe are not claimed in the RTMP Patents, and Wowza's version of RTMPe does not infringe any valid claim of the RTMPe Patents. Wowza is without knowledge or information sufficient to form a belief about the other assertions of this paragraph and, therefore, denies them.

22.    Starting at least as early as October 2007, Adobe and Wowza have had discussions about a mutually beneficial business relationship. During the course of those discussions, Adobe never raised any objection to Wowza's implementation of RTMP, rather the discussions always centered on Wowza's implementation of RTMPe. Indeed, Adobe declared to the world that RTMP was an open standard available for free to anyone that implemented the RTMP protocol. Further, during the course of those discussions, Adobe never identified a single patent that covered RTMPe. In December 2009, Adobe identified in writing to Wowza the '658 Patent and '509 Patent. Despite Wowza's repeated requests, beginning in December 2009, for Adobe to identify any additional patents or pending applications that may relate to RTMPe, Adobe never identified the RTMPe patents or their applications. Those patents only recently issued, and Adobe only recently asserted

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                                    12
Action No. CV 11-02243-CW

1  them against Wowza. Specifically, the '878 Patent issued on June 14, 2011, and Wowza only

2  learned of it when it received Adobe's First Amended Complaint filed, six days after the '878

3  Patent issued, on June 20, 2011. The '287 Patent issued on November 1, 2011 and, similarly, it was

4  never raised with Wowza until Adobe sought to interject it into this suit with its Second Amended

5  Complaint. Wowza denies infringing any valid, non-licensed claims of the Patents-in-Suit.

6

7          **D.      Wowza's Alleged Misleading Activities**

8          23.     Wowza denies misleading customers into believing that its products and activities

9  were legally sanctioned by Adobe. Wowza has taken every effort to inform the public that it has

10  absolutely no formal relationship with Adobe. Wowza has always had on the first page of its

11  website a trademark disclaimer and as of March 2009, began using the following statement on

12  marketing materials:

13

14          "Third party trademarks are used solely to identify and describe third party
           products as being compatible with Wowza products. Wowza is in no way
15          sponsored, endorsed by or otherwise affiliated with any owners of such third party
           trademarks."
16

17  Wowza denies the remaining allegations in this paragraph.

18          24.     The statement of "Wowza Dave" referred to in this paragraph was true at the time it

19  was posted on the forums. This forum discussion is at http://www.wowzamedia.com/forums/

20  showthread.php?48-Legal-issues.

21          25.     The statement of "Wowza Dave" referred to in this paragraph was true at the time it

22  was posted on the forums. This Forum discussion is at http://www.wowzamedia.com/forums/

23

24  showthread.php?1049-Adobe-Patents-RTMP. The 2008 discussion concerns Adobe obtaining

25  patent claims that Adobe believed would cover RTMP and whether that would affect licensing of

26  WMS. "WowzaDave" stated that "[w]e do not expect any legal problems with Adobe on this

27  matter." In April 2009, this matter became moot when Adobe authorized the use of RTMP under

28

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                            13
Action No. CV 11-02243-CW

the RTMP Specification License.

26.     Wowza has not willfully, or otherwise, infringed Adobe's Intellectual Property.  As stated by "Wowza Dave" in the Forum posting referenced in paragraph 24, "Wowza Media Systems respects the intellectual property rights of others and expects other parties to respect our intellectual property rights."  There is believed to be no obligation to update old, archived forum posts.  The Forum posts were believed true as of the date posted and any reader would interpret these postings as of the posting date.  The Forum postings have since been updated to refer to the present lawsuit.

27.     Wowza denies misleading customers.  Wowza is without knowledge or information sufficient to form a belief as to the truth of the other allegations of this paragraph and, therefore, denies them.

28.     Wowza and WMS do not circumvent security measures.  WMS allows for security, such as its version of RTMPe, to protect content. Wowza has invested in developing and maintaining its version of RTMPe and does not "unfairly ride on Adobe's coattails."  Wowza is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph.

29.     Adobe does not offer free updates to all Flash Platform products, so Adobe's customers do not necessarily receive the benefit of Adobe's most up to date RTMPe technology. Wowza is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph.

30.     Wowza's statements and claims do not mislead customers into believing that its version of RTMPe provides security comparable or equivalent to the security provided by Adobe's RTMPe.  The "FMS Comparison" chart correctly indicates that WMS has a version of RTMPe.  The "FMS Comparison" chart is from http://www.wowzamedia.com/comparison.html.

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                          14
Action No. CV 11-02243-CW

**E.      Wowza Has Not Benefitted and Does Not Continue to Benefit From Alleged Unlawful Activities**

31.      Denied.  Wowza has not misled customers.  Wowza has obtained substantial growth and market share for WMS by providing a better product, superior customer service and competitive pricing as compared to Adobe's FMS. Wowza is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph.  The "FMS comparison chart" referenced by Adobe in paragraph 30 shows the real differences between WMS 2 and FMS.  WMS 2 supports streaming for iPhone®/iPad® (HTTP Streaming), Silverlight® (Smooth Streaming), QuickTime/3GPP (RTSP/RTP), IPTV (MPEG-TS), supports additional types of inbound live encoder support; allows for unlimited CPU cores, and allows for more supporting platforms including Mac OS X, Linux, Solaris, Unix, as well as multiple operating system 64-bit support and IPv6 Support.

32.      Wowza has not benefited substantially from its version of RTMPe.   RTMPe is not a strong selling point for WMS.  It is only one of the 70 or so features compared in the "FMS comparison chart" mentioned in paragraph 30 of Adobe's Second Amended Complaint.  Further, Wowza's version of RTMPe is one of multiple content security options provided by WMS. Paragraph 32 of Adobe's Second Amended Complaint refers to forum postings at this location: http://www.wowzamedia.com/forums/showthread.php?4068-Rtmpe.      Although      Administrator "Charlie" stated that "RTMPE is a better way to go" at this posting, a user named "FredWebber" pointed out that RTMPe was vulnerable to "Getflv" (a web video downloader and converter).  On other Forum postings, Wowza admitted that the RTMPe version in WMS 2 still has this issue. When administrator "Charlie" stated RTMPe "offers similar security and performs better," he was corrected by user "ThomasE" who pointed out that with RTMPe "[i]f someone intercepts the initial

1   handshake, then an eavesdropper can decode the whole data transmission."  RTMPe has weaknesses.

2   As of 2009, one reviewer stated "Adobe RTMPE algorithm tries to provide end-to-end secrecy in

3   exactly the same way that SSL provides end-to-end secrecy, but the algorithm is subject to man-in-

4   the-middle attacks, provides no security, relies on publicly obtainable information and the algorithm

5   itself to obfuscate the content, and uses no authentication of any kind." Wowza is without

6   knowledge or information sufficient to form a belief as to the truth of the other allegations in this

7   paragraph and, therefore, denies them.

8   33.      As stated in Wowza's response to paragraph 32, a version of RTMPe is one of the

9   content security options WMS provides.  RTMPe has strengths and weaknesses as compared to other

10  security options.   RTMPe is not included in the Wowza MediaSecurity AddOn Package which is

11  described as "MediaSecurity AddOn Package (SecureToken, RTMP & RTSP Authentication and

12  more)." RTMPe is discussed in the MediaSecurity AddOn Package documentation. Wowza is

13  without knowledge or information sufficient to form a belief as to the truth of the other allegations in

14  this paragraph and, therefore, denies them.

15  34.      Denied.  Since Wowza did not include a version of RTMPe in WMS until July 2008,

16  the November 2007 interview with Dave Stubenvoll in which he stated:

> "with WOWZA, the only commercially available alternative to Adobe's Flash Media
> Server, we have not taken any venture money at all. We just did it ourselves and
> became profitable very, very quickly"

could not possibly be referring to advantages provided by using a version of  RTMPe. There is no

"widespread market demand for RTMPe." The search term "RTMPe" is not among the top search

terms in the Wowza forums. It is not among the top 70 search terms.

35.      Denied.  Wowza is not "free-riding."  Wowza innovates by providing WMS, a

content streaming server that has more features than and is superior to Adobe's FMS.

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                                              16
Action No. CV 11-02243-CW

36.     Denied.

**FIRST CLAIM FOR RELIEF**

37.     Wowza incorporates by reference its responses to the allegations set forth in paragraphs 1-36.

38.     Wowza admits that what purports to be a copy of U.S. Patent No. 7,587,509 was attached to Adobe's Second Amended Complaint as Exhibit B.  Wowza admits that the '509 Patent, on its face, indicates an issue date of September 8, 2009.   Wowza is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

**SECOND CLAIM FOR RELIEF**

43.     Wowza incorporates by reference its responses to the allegations set forth in paragraphs 1-42.

44.     Wowza admits that what purports to be a copy of U.S. Patent No. 7,272,658 was attached to Adobe's Second Amended Complaint as Exhibit C.  Wowza admits that the '658 Patent, on its face, indicates an issue date of September 18, 2007.   Wowza is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

45.     Denied.

46.     Denied.

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW                                                                                  17

47.     Denied.

48.     Denied.

## THIRD CLAIM FOR RELIEF

49.     Wowza incorporates by reference its responses to the allegations set forth in paragraphs 1-48.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

## FOURTH CLAIM FOR RELIEF

60.     Wowza incorporates by reference its responses to the allegations set forth in paragraphs 1-59.

61.     Wowza is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

62.     Denied.

63.     Denied.

64.     Denied.

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL          18
Action No. CV 11-02243-CW

1

## **FIFTH CLAIM FOR RELIEF**

2    65.    Wowza incorporates by reference its responses to the allegations set forth in

3  paragraphs 1-64.

4
5    66.    Denied.

6    67.    Denied.

7    68.    Denied.

8    69.    Denied.

9

## **SIXTH CLAIM FOR RELIEF**

10
11    70.    Wowza incorporates by reference its responses to the allegations set forth in

12  paragraphs 1-69.

13    71.    Denied.

14    72.    Denied.

15    73.    Denied.

16

## **SEVENTH CLAIM FOR RELIEF**

17
18    74.    Wowza incorporates by reference its responses to the allegations set forth in

19  paragraphs 1-73.

20    75.    Wowza admits that what purports to be a copy of U.S. Patent No. 7,961,878 ("the

21  '878 Patent") was attached to Adobe's Second Amended Complaint as Exhibit D.  Wowza admits

22
23  that the '878 Patent, on its face, indicates an issue date of June 14, 2011.  Wowza is without

24  knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

25  this paragraph and, therefore, denies them.

26    76.    Denied.

27    77.    Denied.

28

FLIESLER
MEYER LLP

---

**WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**
Action No. CV 11-02243-CW

19

78.     Denied.

79.     Denied.

## EIGHTH CLAIM FOR RELIEF

80.     Wowza incorporates by reference its responses to the allegations set forth in paragraphs 1-79.

81.     Wowza admits that what purports to be a copy of U.S. Patent No. 8,051,287 ("the '287 Patent") was attached to Adobe's Second Amended Complaint as Exhibit E.  Wowza admits that the '287 Patent, on its face, indicates an issue date of November 1, 2011.  Wowza is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

## NINTH CLAIM FOR RELIEF

86.     Wowza incorporates by reference its responses to the allegations set forth in paragraphs 1-85.

87.     Wowza admits that what purports to be a copy of U.S. Patent No. 8,065,426 ("the '426 Patent") was attached to Adobe's Second Amended Complaint as Exhibit F.  Wowza admits that the '426 Patent, on its face, indicates an issue date of November 22, 2011.  Wowza is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

88.     Denied.

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW

20

89.     Denied.

90.     Denied.

91.     Denied.

## GENERAL DENIAL

Except as explicitly admitted herein, Wowza denies each and every allegation contained in the Second Amended Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

To the extent that the Prayer for Relief section of the Second Amended Complaint is deemed to allege any facts or entitlements to the relief requested, Wowza denies each and every allegation. Specifically, Wowza denies that Adobe is entitled to any such relief.  Wowza further denies that any conduct on its part subjects Wowza to liability for damages, or attorneys' fees under 35 U.S.C. § 285 and/or 15 U.S.C. § 117(a).

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Second Amended Complaint and as additional defenses thereto, Wowza asserts the following affirmative and other defenses, without admitting any allegation of the Second Amended Complaint not otherwise admitted and without assuming the burden when such burden would otherwise be on plaintiff.  Wowza reserves the right to assert any other defenses that its ongoing fact investigation or discovery may reveal.

## FIRST DEFENSE
### (License)

1.     Wowza has a license under the RTMP Specification License to the claims of the RTMP Patents.

//

//

Fliesler
Meyer LLP

**SECOND DEFENSE**
**(Non-Infringement)**

2.      Wowza does not and has not infringed, directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit.

**THIRD DEFENSE**
**(Invalidity)**

3.      Each and every claim of the Patents-in-Suit are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. §§ 100 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 135(b), and for double patenting.

**FOURTH DEFENSE**
**(Failure to State Sufficient Facts to Constitute Claims)**

4.      Adobe fails to state a claim upon which relief may be granted.

**FIFTH DEFENSE**
**(Injunctive Relief Unavailable)**

5.      Adobe is not entitled to injunctive relief because any alleged injury to Adobe is not immediate or irreparable, and Adobe has an adequate remedy at law.

**SIXTH DEFENSE**
**(Truth)**

6.      The allegedly false and misleading statements were true and not misleading.

**SEVENTH DEFENSE**
**(No Deception)**

7.      The allegedly false and misleading statements have not deceived nor do they have the tendency to deceive a substantial segment of the audience.

**EIGHTH DEFENSE**
**(Lack of Knowledge)**

8.      The allegedly false and misleading statements were not known, nor by exercise of due care should have been known, to be false or misleading.

Fliesler
Meyer LLP

**WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**          22
Action No. CV 11-02243-CW

1

2

### NINTH DEFENSE
### (Opinion)

9.     The allegedly false and misleading statements were not statements of fact but were opinions.

### TENTH DEFENSE
### (No Injury)

10     The allegedly false and misleading statements did not injure nor are likely to injure Adobe.

### ELEVENTH DEFENSE
### (Not in Commercial Advertising or Promotion)

11.     The allegedly false and misleading statements were not in commercial advertising or promotion.

### TWELFTH DEFENSE
### (Not Unfair)

12.     The alleged unfair competition conduct is not unfair.

### THIRTEENTH DEFENSE
### (Business Justification)

13.     The alleged unfair competition conduct is consistent with industry practice.

### FOURTEENTH DEFENSE
### (Equitable Defenses)

14.     Any entitlement to relief for Adobe is barred by the doctrines of laches, waiver, and estoppel.

### FIFTEENTH DEFENSE
### (Patent Misuse)

15.     Wowza is informed and believes and thereon alleges that Adobe has misused each of the Patents-in-Suit and, as a result, is barred from asserting any of them against Wowza.

//

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW

23

## SIXTEENTH DEFENSE
### (Prosecution History Laches)

16.     Any entitlement to relief for Adobe is barred by the doctrine of prosecution history laches.

## SEVENTEENTH DEFENSE
### (Patent Exhaustion)

17.     Any entitlement to relief for Adobe is barred by the doctrine of patent exhaustion.

## EIGHTEENTH DEFENSE
### (Failure to Mark)

18.     Adobe is barred or limited from recovery in whole or in part by its failure to mark pursuant to § 287 of Title 35 of the United States Code, or otherwise give proper notice that Wowza's alleged actions allegedly infringed the Patents-in-Suit.

## NINETEENTH DEFENSE
### (Reservation)

19.     Further responding, Wowza states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Wowza reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

## COUNTERCLAIMS

Without admitting any of the allegations of the Second Amended Complaint other than those expressly admitted herein, and without prejudice to Wowza's right to plead additional counterclaims as the facts of the matter warrant, Wowza hereby asserts the following counterclaims against Adobe:

## PARTIES

1.     Counterclaimant/Plaintiff Wowza is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 31207 Keats Way, Suite

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                                      24
Action No. CV 11-02243-CW

1    102, Evergreen, Colorado 80439.

2        2.    On information and belief, Counterclaim Defendant Adobe contends that it is a

3    corporation organized under the laws of the State of Delaware, with its principal place of business at

4    345 Park Avenue, San Jose, California 95110.

5                          **JURISDICTION AND VENUE**

6

7        3.    By filing its Second Amended Complaint, Adobe has consented to the personal

8    jurisdiction of this Court.

9        4.    In view of the filing by Adobe of this suit and Wowza's defenses, there exists an

10   actual and justiciable controversy between the parties regarding the validity and alleged infringement

11   of United States Patent Nos. 7,272,658, 7,587,509, 7,961,878, 8,051,287 and 8,065,426.

12       5.    Subject matter jurisdiction is proper under the Federal Declaratory Judgment Act, 28

13   U.S.C. §§ 2201 and 2202, the patent Laws of the United States, 35 U.S.C. §§ 100 et seq., concerning

14   actions related to patents, 15 U.S.C. § 4, 28 U.S.C. § 1337, 28 U.S.C. §§ 1331 and 1338.

15       6.    Venue is proper in this Court under 28 U.S.C. §§ 1391(c), § 1400(b) and 28 U.S.C. §

16   1391(b).

17

18                          **FACTUAL ALLEGATIONS**

19

20            **FIRST COUNTERCLAIM – DECLARATION OF INVALIDITY**

21       7.    Wowza incorporates by reference paragraphs 1-6 above as though fully repeated here.

22       8.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Wowza

23   requests a declaration from the Court that each and every claim of the '658, '509, '878, '287 and

24   '426 Patents is invalid for failure to meet one or more provisions of the United States patent laws, 35

25   U.S.C. §§ 100 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 135(b), and for

26   double patenting.

Fliesler
Meyer LLP

**SECOND COUNTERCLAIM – DECLARATION OF NO INFRINGEMENT**

9.      Wowza incorporates by reference paragraphs 1-8 above as though fully repeated here

10.     Wowza does not and has not infringed, directly or indirectly, either literally or under the doctrine of equivalents, any valid, enforceable and non-licensed claim of the '658, '509, '878, '287 and '426 Patents.

**THIRD COUNTERCLAIM – DECLARATION OF LICENSE**

11.     Wowza incorporates by reference paragraphs 1-10 above as though fully repeated here.

12.     Wowza has a license for Wowza's WMS products under the RTMP Specification License to the claims of the RTMP Patents.

**FOURTH COUNTERCLAIM – FRAUD**

13.     Wowza incorporates by reference paragraphs 1-12 above as though fully repeated here.

14.     Since at least April 2007, Adobe has been fully aware of Wowza's commercialization of the WMS, including its capability to stream media pursuant to the RTMP protocol.

15.     Beginning in October 2007 and continuing throughout 2008, 2009 and 2010, Wowza and Adobe met and discussed potential business arrangements.   Adobe never suggested that Wowza's support of the RTMP protocol constituted a violation of any Adobe rights.   To the contrary, Adobe's words and actions suggested the opposite – Wowza was free to support the RTMP protocol for streaming media.

16.     On January 20, 2009, consistent with Adobe's conduct with Wowza, Adobe announced the release of RTMP as an open standard available for use in media streaming.  It issued a   press   release   (available   at   http://www.adobe.com/aboutadobe/pressroom/pressreleases/

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW                                                                          26

200901/012009RTMP.html) stating, "Providing developers and companies open and free access to RTMP is the latest advancement of the Open Screen Project, an industry-wide initiative to enable the delivery of rich multi-screen experiences built on a consistent runtime environment for Web browsing and standalone applications across personal computers, mobile devices, and consumer electronics."

17.     Adobe released the RTMP Specification License in April 2009, purporting to grant an open license for developers to make, have made, use, sell, offer to sell, import and distribute implementations of RTMP compliant with Adobe's RTMP Specification.

18.     Adobe's words and actions directed to Wowza, Adobe's RTMP press release and the related Specification License individually and/or collectively constituted a representation by Adobe that RTMP is an open standard, and that Adobe would not assert implementation of that standard or that Wowza violated Adobe's rights, including but not limited to any patent rights essential to implementation of the RTMP Specification, such as the RTMP Patents.

19.     Consistent with this representation, through 2010, Adobe negotiated with Wowza a business arrangement under which Wowza was to obtain access to Adobe's RTMPe secure content delivery protocol, and other such security measures.  Again, Adobe never suggested to Wowza that its support of the RTMP protocol constituted a violation of any Adobe rights.

20.     On December 18, 2009, Adobe did send Wowza a letter alleging infringement of the '509 Patent and '658 Patent based on Wowza's RTMPe technology.  Tellingly, Adobe never asserted that implementation of the RTMP protocol constituted a violation of any Adobe patents. Adobe's December 18, 2009 letter stated:

> I am writing regarding the Wowza Media Server product offered by your company, Wowza Media Systems ("Wowza").

*//*

FLIESLER
MEYER LLP

**WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**                                      27
Action No. CV 11-02243-CW

We understand that Wowza has distributed the Wowza Media Server with support for Adobe's secure RTMP measures, including the RTMPe specification. Such support for RTMPe is protected by Adobe's intellectual property rights, including but not limited to United States Patent Nos. 7,587,509 and 7,272,658.

As you are aware from prior conversations with Scott Wellwood, Adobe is willing to provide a license to Wowza for the right to use the RTMPe protocol with the Wowza Media Server for secure content delivery via RTMPe, and is prepared to meet and continue meaningful discussions toward a license as outlined. If you are not willing to continue these discussions, please provide - no later than December 31, 2009 - a detailed explanation of why you believe a license is not required. We can provide no assurances that a license to Adobe intellectual property for implementation of RTMPe will be available to Wowza after December 31, 2009.

Adobe expressly reserves all of its rights, remedies, and claims concerning this matter.

21.     In response to Adobe's letter, on December 29, 2009, Wowza pointed out that the patents identified by Adobe did not apply to RTMPe, requested identification of any patents that did, and sought confirmation that RTMP was an open standard, stating:

In the meantime, I have a few questions for you before we continue discussions. First, your letter was the first time Wowza heard from Adobe that U.S Patent Nos. 7,587,509 and 7,272,658 cover the RTMPe technology. To date, none of our prior negotiations or draft term sheets included any patents. I am interested in what specific patent claims cover RTMPe, so please advise accordingly. Also, please advise as to what patent claims cover the RTMP technology and confirm my understanding that all RTMP patent claims are licensed under the publically available RTMP Specification License, Copyright © 2003-2009 Adobe Systems Incorporated, Published April 2009. Finally, please send me a complete list of all patents and other intellectual property that Adobe is offering for license. Having a full understanding of what is being offered would be most helpful.

22.     In response, on January 8, 2010, Adobe responded only that RTMPe was not licensed, stating:

You also raised several questions in your letter, including whether RTMP patent claims are licensed under the RTMP Specification License, published April 2009. Among other reasons, Wowza's implementation of RTMPe is not licensed under the RTMP Specification License because it is not compliant with the RTMP Specification. Additionally, the RTMPe specification was never published or licensed

Fliesler
Meyer LLP

**WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**
Action No. CV 11-02243-CW

28

by Adobe, and thus any related intellectual property rights incorporated therein are not licensed under the RTMP Specification License.

23.     At the very least, Adobe tacitly represented that RTMP is an open standard by refusing to respond directly to Dave Stubenvoll's request on December 29, 2009.

24.     Wowza independently developed its own version of RTMP in April 2006.  In reliance upon Adobe's representations of RTMP as an open standard, Wowza has continued to develop, offer, support, and maintain its WMS product with RTMP compatibility.

25.     Wowza has complied and currently complies with all terms of the RTMP Specification License.

26.     Adobe knows that Wowza has complied and currently complies with all terms of the RTMP Specification License.

27.     Nonetheless, Adobe filed the present lawsuit alleging infringement of claims within the RTMP Patents that are essential to carry out compliant implementations of Adobe's RTMP Specification License.

28.     Therefore, Adobe's words and conduct, its RTMP open standard press release, its related Specification License, individually and collectively constitute a false and fraudulent representation to Wowza that RTMP is an open standard and that Adobe would not file the present infringement lawsuit.

29.     Upon information and belief, discovery will reveal that Adobe knew that said representations constituted a false and fraudulent representation.  Certainly at the time this lawsuit was filed, Adobe knew said representations were false.

30.     Adobe made said representation with the intent to induce Wowza to continue offering, supporting, and maintaining its WMS product with Wowza's own version of RTMP and

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW                                                                                    29

with the further intent to later sue Wowza for doing so.

31.     Wowza was ignorant of the falsity of Adobe's representation and believed that it was licensed to implement its own version of RTMP in accordance with the RTMP Specification License.

32.     Wowza justifiably relied on Adobe's representation by continuing to develop, offer, support, and maintain its WMS product with RTMP compatibility.

33.     As a proximate result of Adobe's fraud and deceit and the facts herein alleged, Wowza was damaged by continuing to develop, offer, support, and maintain its WMS product with RTMP compatibility and then facing the present lawsuit.

34.     In doing the acts herein alleged, Adobe acted with oppression, fraud, and malice, and Wowza is entitled to punitive damages.

35.     Wowza, therefore, respectfully seeks judgment as hereinafter set forth.

**FIFTH COUNTERCLAIM - VIOLATION OF SECTION TWO OF THE SHERMAN ACT**

36.     Wowza incorporates by reference paragraphs 1-35 above as though fully repeated here.

37.     This counterclaim is for a judgment arising from Adobe's violations of Section 2 of the Sherman Act, 15 U.S.C. § 2.

38.     Adobe has brought an infringement suit against Wowza wrongfully alleging that Wowza has infringed and will continue to infringe the RTMP Patents despite Adobe's knowledge that Wowza is licensed under any potentially relevant claim of those patents through the April 2009 RTMP Specification License.

39.     Adobe's knowledge that it offered Wowza a license to the RTMP Patents is demonstrated by the letter sent from Adobe to Wowza on December 18, 2009 alleging infringement

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                           30
Action No. CV 11-02243-CW

of the '509 Patent and '658 Patents based only on Wowza's RTMPe technology, but not even mentioning Wowza's RTMP technology, as well as its January 8, 2010 correspondence tacitly acknowledging the same.

40.     Adobe has engaged in anticompetitive and exclusionary conduct by bringing an action alleging infringement of the RTMP Patents with full knowledge that it licensed any potentially relevant claims therein to Wowza.

41.     By engaging in this anticompetitive and exclusionary conduct, Adobe has, with specific intent, attempted to monopolize the relevant technology market in the United States and its territories.

42.     There is a dangerous probability that Adobe will achieve monopoly power in the relevant technology market if allowed to continue to assert claims within the RTMP Patents against Wowza or any other developer with lawful licenses to those claims.

43.     The direct and proximate result of Adobe's anticompetitive and exclusionary conduct is harm to the market for the relevant technologies, including reduced competition and increased prices.

44.     The direct and proximate result of Adobe's anticompetitive and exclusionary conduct is injury to Wowza's business and property, including but not limited to the costs of defending against this action.

45.     Wowza, therefore, respectfully seeks judgment as herein set forth.

## SIXTH COUNTERCLAIM - UNFAIR COMPETITION UNDER CALIFORNIA LAW

46.     Wowza incorporates by reference paragraphs 1-45 above as though fully repeated here.

//

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                                31
Action No. CV 11-02243-CW

47.     This counterclaim is for a judgment arising from Adobe's violations of Cal. Bus. & Prof. Code § 17200 *et seq.*

48.     Adobe has committed unlawful, unfair and/or fraudulent business acts including but not limited to the actions set forth in paragraphs 49-50 below.

49.     By filing this lawsuit, Adobe has sought to enforce patents that it knows to be unenforceable, invalid, and/or not infringed.

50.     By way of its actions and words to Wowza, its RTMP press release, the related RTMP Specification License and other conduct, Adobe represented to developers, including Wowza, that it granted said developers a license to make, have made, use, sell, offer to sell, import and distribute the technology covered by the RTMP Patents.  At the same time, Adobe secretly intended to construe the RTMP Specification License in a way that left open that possibility for Adobe to sue developers implementing the technology covered by the RTMP Patents.  In accordance with that plan, Adobe did in fact sue Wowza for infringement, knowing that Wowza was licensed to do allegedly infringing activities.

51.     The direct and proximate result of Adobe's unlawful, unfair and/or fraudulent business acts is injury to Wowza's business and property, including but not limited to the costs of defending against this action.

52.     Wowza, therefore, respectfully seeks judgment as herein set forth.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Wowza respectfully requests that:

A.     The Court enter judgment declaring that Wowza does not and has not infringed, directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit;

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Action No. CV 11-02243-CW

32

B.     The Court enter judgment declaring the Patents-in-Suit to be invalid;

C.     The Court enter judgment declaring that Wowza has a license for Wowza's WMS products under the RTMP Specification License to the claims of the RTMP Patents;

D.     The Court enter judgment declaring that Adobe has committed fraud.

E.     The Court enter judgment declaring that Adobe has violated 15 U.S.C. § 2.

F.     The Court enter judgment declaring that Adobe has violated Cal. Bus. & Prof. Code § 17200 *et seq*.

G.     The Court enter judgment declaring that Adobe is not entitled to any damages, and any claim by Adobe to damages is additionally barred or limited by the provisions of 35 U.S.C. § 287 and one or more of the other affirmative defenses;

H.     The Court enter judgment declaring that the Second Amended Complaint was brought without adequate pre-filing investigation and without a reasonable basis as to the allegations against Wowza;

I.     The Court enter judgment denying all of Adobe's requests for injunctive relief;

J.     Wowza be awarded compensatory and punitive damages in the amount the Court deems appropriate.

K.     Wowza be award trebled damages, costs, and attorney fees under 15 U.S.C. § 15.

L.     Wowza be awarded injunctive relief precluding Adobe from enforcing the RTMP Patents against any entity implementing RTMP in accordance with the terms of the RTMP Specification License.

M.     The Court enter judgment dismissing the Second Amended Complaint in its entirety with prejudice, and awarding Adobe no compensation or remedy of any kind or nature; and

//

Fliesler
Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL                                    33
Action No. CV 11-02243-CW

1    N.    Wowza be awarded any other just and equitable relief and costs as the Court deems

2  appropriate.

3                                              Respectfully submitted,

4

5  Dated:  December 12, 2011              By:    /s/ Martin C. Fliesler
                                                  Martin C. Fliesler (SBN 073768)
6                                                 Joseph P. O'Malley (SBN 159568)
                                                  FLIESLER MEYER LLP
7                                                 650 California Street, 14th Floor
                                                  San Francisco, CA 94108
8                                                 Telephone: (415) 362-3800
                                                  Facsimile:  (415) 362-2928
9
10                                                Attorneys for Defendant and
11                                                Counterclaim Plaintiff
                                                  WOWZA MEDIA SYSTEMS, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FLIESLER
MEYER LLP

---

1

**DEMAND FOR JURY TRIAL**

2

Pursuant to Federal Rules of Civil Procedure 38 and 39, and Civil L.R. 3-6, Defendant and

3

Counterclaim-Plaintiff Wowza hereby demands a trial by jury on all issues so triable.

4

Respectfully submitted,

5

6

7     Dated:  December 12, 2011              By:  /s/ Martin C. Fliesler

8                                                 Martin C. Fliesler (SBN 073768)
                                                  Joseph P. O'Malley (SBN 159568)

9                                                 FLIESLER MEYER LLP
                                                  650 California Street, 14th Floor

10                                                San Francisco, CA 94108
                                                  Telephone: (415) 362-3800

11                                                Facsimile:  (415) 362-2928

12                                                Attorneys for Defendant and

13                                                Counterclaim Plaintiff
                                                  WOWZA MEDIA SYSTEMS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FLIESLER
MEYER LLP

**WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**
Action No. CV 11-02243-CW

35

1

**CERTIFICATE OF SERVICE**

2

I, Elaine T. Fischman, declare:

3

I am over the age of 18 years, am not a party to the foregoing Action, and am employed in

4

the County of San Francisco.  My business address is FLIESLER MEYER LLP, 650 California Street,
14th Floor, San Francisco, California 94108.

5

6

On December 12, 2011, I caused to be served a copy of the following document:

7

**WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO
PLAINTIFF'S SECOND AMENDED COMPLAINT; AFFIRMATIVE DEFENSES;
DEMAND FOR JURY TRIAL**

8

9

on the following individuals and entities, as addressed below, by the means indicated below:

10

**X**      The undersigned hereby certifies that the foregoing document was filed under the Court's

11

CM/ECF system, automatically effecting service on counsel of record for all parties to this
action.

12

13

Robert Steinberg                                    Ryan E. Hatch

14

LATHAM & WATKINS LLP                        LATHAM & WATKINS LLP
355 South Grand Avenue                         355 South Grand Avenue

15

Los Angeles, CA  90071                          Los Angeles, CA  90071
bob.steinberg@lw.com                            ryan.hatch@lw.com

16

Jennifer L. Barry

17

LATHAM & WATKINS LLP
600 West Broadway, Suite 1800

18

San Diego, CA  92101
jennifer.barry@lw.com

19

20

I declare that I am employed in the office of a member of the bar of this Court at whose

21

direction the service was made.

22

I declare under penalty of perjury that the above is true and correct.  Executed at San

23

Francisco, California on December 12, 2011.

24

25

      /s / Elaine T. Fischman
                                                      Elaine T. Fischman

26

27

28

FLIESLER
MEYER LLP

---

**WOWZA MEDIA SYSTEMS, INC.'S ANSWER AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**               36
Action No. CV 11-02243-CW