1  LATHAM & WATKINS LLP
       Robert Steinberg (Bar No. 126407)
2      Ryan E. Hatch (Bar No. 235577)
   *bob.steinberg@lw.com*
3  *ryan.hatch@lw.com*
   355 South Grand Avenue
4  Los Angeles, California  90071-1560
   Telephone:  (213) 485-1234
5  Facsimile:   (213) 891-8763

6      Jennifer L. Barry (Bar No. 228066)
   *jennifer.barry@lw.com*
7  600 West Broadway, Suite 1800
   San Diego, California 92101-3375
8  Telephone: (619) 236-1234
   Facsimile:  (619) 696-7419

9
   Attorneys for Plaintiff
10 ADOBE SYSTEMS INCORPORATED

11                     UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15

16 ADOBE SYSTEMS INCORPORATED, a          CASE NO. CV-11-02243
   Delaware Corporation,

17                Plaintiff,              SECOND AMENDED COMPLAINT FOR:

18       v.                                 1) PATENT INFRINGEMENT;

19 WOWZA MEDIA SYSTEMS, INC., a            2) FALSE ADVERTISING (15 U.S.C.
   California Corporation,                     § 1125(a));

20                Defendant.              3) UNFAIR COMPETITION (California
21                                           common law);

22                                        4) FALSE ADVERTISING UNDER
                                             CALIFORNIA LAW (Cal. Bus. & Prof.
23                                           Code § 17500 et seq.); and

24                                        5) UNFAIR COMPETITION UNDER
                                             CALIFORNIA LAW (Cal. Bus. & Prof.
25                                           Code § 17200 et seq.).

26                                        JURY TRIAL DEMANDED

27

28

Plaintiff Adobe Systems Incorporated ("Adobe"), for its Second Amended Complaint against Wowza Media Systems, Inc. ("Wowza," or "Defendant"), hereby alleges as follows:

**PARTIES**

1.     Plaintiff Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

2.     On information and belief, Defendant Wowza is a California corporation with a principal place of business at 32560 El Diente Ct., Evergreen, CO 80439, and with offices and/or employees in the Silicon Valley, Stockton, San Diego, and San Francisco Bay areas of California.  Wowza's California agent for service of process is Timothy E. Herr, 152 N. 3rd Street, Suite 500, San Jose, CA 95112.

3.     Defendant engages in the design, manufacture, sale within the United States, offering for sale in the United States, use within the United States, importation into the United States, and/or sale after importation into the United States of server software that streams content, including software related thereto.  On information and belief, Defendant markets and sells this software worldwide.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

4.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code; false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); unfair competition under California common law; false advertising under Cal. Bus. & Prof. Code § 17500 et seq.; and unfair competition under Cal. Bus. & Prof. Code § 17200 et seq.

5.     **Jurisdiction**: This Court has subject matter jurisdiction over Plaintiff's claims for relief for violation of the patent laws of the United States, 35 U.S.C. § 100 et seq. under 28 U.S.C. §§ 1331 and 1338(a).  This Court has subject matter jurisdiction over Plaintiff's claims for relief for violation of the Lanham Act under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

28 U.S.C. § 1367(a), and jurisdiction over Plaintiff's unfair competition claims pursuant to 28 U.S.C. 1338(b) in that those claims are joined with substantial and related claims under the Lanham Act and the patent laws of the United States, 35 U.S.C. § 100 et seq.

6.     Defendant is subject to this Court's personal jurisdiction because it is organized and exists under the laws of the State of California, it has designated an agent for service of process in this District, it regularly transacts business in this district, including by developing, marketing, offering for sale, and selling infringing products as described below, and it has committed patent infringement and other unlawful acts as described below in this District.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

8.     **Intradistrict Assignment**.  This is an Intellectual Property case assigned on a district-wide basis pursuant to Local Rule 3-2(c).

## FACTUAL BACKGROUND

### A.     Adobe's Flash Platform

9.     Adobe is in the business of developing and distributing software for the deployment of content over the Internet using an integrated set of application programming technologies called the Adobe® Flash® Platform.  The Flash Platform is one of the most popular multimedia platforms for integrating video, animation, and interactivity into Internet content, and more recently, to build rich Internet applications.  Through the Flash Platform and other high-quality products, Adobe has developed and maintained a strong reputation for quality and security, and derives substantial benefit and goodwill from its efforts.

10.   Adobe's Flash Media Server and Flash Player products are an integral part of the Flash Platform, providing content owners such as major music, movie, and television producers efficient and secure means for meeting the enormous online demand for streaming their video, audio and data ("content").  Flash Media Server streams content to Flash Player using technologies such as Adobe's Real-Time Messaging Protocol ("RTMP"), which Adobe designed for high-performance transmission of digital content.

11.  Because Internet content is in purely digital form, its unprotected transmission presents a heightened risk of illegal modification, copying, and distribution.  Without appropriate safeguards, valuable content can be digitally altered, such as to remove advertising, or unlawfully downloaded, copied, and transmitted repeatedly without degradation of the clarity and overall quality.  Once copies of content are "in the clear" and in the hands of others, repeated reproduction and distribution are possible, and these unlawful processes can be replicated endlessly in ways content owners never intended or authorized.  Thus, ensuring the protection of streaming content is an essential prerequisite before many content owners will make their copyrighted content available online.

12.  To address Adobe's customers' need for content protection technologies, Adobe invests heavily in developing secure solutions for content distribution.  A major portion of this effort involves developing and maintaining technological measures to secure content streamed via RTMP.  One of these measures is Encrypted RTMP ("RTMPe"), Adobe's enhanced version of RTMP that incorporates security measures to prevent unauthorized access to, copying, and downloading content streamed over the Internet using the Flash Platform.  Adobe customers rely on the security provided by RTMPe in making their valuable content available online.  Adobe introduced RTMPe in December 2007 with the release of Flash Media Server 3.0.  To maintain the security of RTMPe, for the benefit of its customers, Adobe has not made the RTMPe specification publicly available.

13.  Adobe invests heavily in developing updates and enhancements to RTMPe to maintain its effectiveness in preventing illegal modification, copying, and distribution of its customers' valuable content.  These updates and enhancements are incorporated seamlessly into the Adobe Flash Platform products supporting RTMPe, including Flash Media Server and Flash Player.  Adobe's customers desire and rely on these updates and enhancements to RTMPe to protect valuable copyrighted content online.  Circumventions or unauthorized versions of RTMPe can undermine the security provided by RTMPe and its effectiveness in protecting valuable content online, including the valuable content of Adobe's customers.

1

2

**B.     The Patents-in-Suit**

3      14.  Implementations of RTMP and RTMPe are covered by Adobe's intellectual property

4  rights, including U.S. Patent Number 7,272,658, entitled "Real-time priority-based media

5  communication" issued on September 18, 2007 ("the '658 Patent"), U.S. Patent Number

6  7,587,509, entitled "Real-time priority-based media communication" issued on September 8,

7  2009 ("the '509 Patent"), and U.S. Patent Number 8,065,426, entitled "Real-time priority-based

8  media communication," issued on November 22, 2011 ("the '426 Patent").  Implementations of

9  RTMPe are additionally covered by U.S. Patent Number 7,961,878, entitled "Imparting

10  cryptographic information in network communications" issued on June 14, 2011 ("the '878

11  Patent"), and U.S. Patent Number 8,051,287, entitled "Imparting real-time priority-based

12  network communications in an encrypted communication session" issued on November 1, 2011

13  ("the '287 Patent).  Collectively, the '658, '509, '426, '878, and '287 Patents are referred to

14  herein as the "Patents-in-Suit."

15      15.  In April 2009, Adobe openly licensed the RTMP Specification to Flash developers

16  worldwide under the RTMP Specification License (available at

17  http://www.adobe.com/devnet/rtmp.html), to promote the widespread adoption of Flash Platform

18  technologies by content developers and distributors.  A true and correct copy of the RTMP

19  Specification License is attached as Exhibit A.

20      16.  In the RTMP Specification License, Adobe provides a license under its essential

21  patents, conditioned upon full compliance with both the RTMP Specification and the terms of

22  the RTMP Specification License.  For example, the RTMP Specification requires specific

23  handshaking sequences (and not others) to initialize an RTMP connection.  It also defines

24  specific message formats for transmitting data between the client and server once the RTMP

25  connection is initialized.  To obtain a license under Adobe's essential patents, a party must first

26  fully comply with these and all other requirements set forth in the RTMP Specification.  If a

27  party does not comply with such requirements, it is not licensed under Adobe's essential patents,

28  including any of the Patents-in-Suit.

17.  Additionally, one of the requirements set forth in the RTMP Specification License is that a party must not circumvent any of Adobe's secure RTMP measures (e.g., RTMPe).  More specifically, a party must agree "not to make, have made, use, sell, offer to sell, import or distribute … any technology that circumvents technological measures for the protection of audio, video and/or data content, including any of Adobe's secure RTMP measures."   Preventing the circumvention of the secure RTMPe measures helps maintain effective protection for valuable content, including the valuable content of Adobe's customers.  Thus, any party who engages in such prohibited activities is not licensed under Adobe's essential patents, including any of the Patents-in-Suit, for any implementations of RTMP.

18.  Accompanying the specification and license, Adobe explains on its website that the materials "do not include information or license around any other Flash Media Server technology," and specifically that "the open RTMP specification does not include Adobe's unique secure RTMP measures."  Indeed, the RTMP Specification does not provide the requirements for enabling an RTMPe connection.  To protect the valuable content of Adobe's customers, RTMPe is not licensed under the RTMP Specification License or otherwise designated by Adobe as an open standard.  As Adobe further explains on its website, "[n]or does the license that accompanies the specification allow developers to circumvent such [secure RTMP] measures."

C.      **Wowza's Unlawful Use of Adobe Technology**

19.  Wowza develops and sells the Wowza Media Server, which competes directly with Adobe's Flash Media Server.  The Wowza Media Server streams content using unauthorized versions of RTMP and RTMPe.

20.  On information and belief, Wowza Media Server was developed by former Adobe employees David Stubenvoll and Charlie Good.  Stubenvoll and Good met while working at Adobe on network publishing products, and were let go by Adobe in 2005 as part of a reduction in force following Adobe's acquisition of Macromedia. Wowza introduced the Wowza Media Server in February 2007, including its unauthorized version of RTMP.  In July 2008, Wowza

went further by including its unauthorized version of RTMPe with the release of Wowza Media Server version 1.5.2.  Wowza's unauthorized versions of RTMP and RTMPe infringe Adobe's intellectual property, including the Patents-in-Suit.  Wowza's circumvention efforts and its unauthorized version of RTMPe threaten to undermine the security provided by RTMPe.

21.  On information and belief, Wowza's unauthorized version of RTMPe is based on its efforts to circumvent RTMPe incorporated into Adobe's Flash Platform products, including Flash Media Server and Flash Player.  Wowza's unauthorized version of RTMPe is not compliant with the RTMP Specification.  Moreover, by implementing RTMPe, Wowza has failed to comply with the requirements of the RTMP Specification License, including the requirement not to circumvent Adobe's secure RTMP measures.  Accordingly, Wowza is not licensed under the RTMP Specification License since it did not fulfill the requirements of the agreement.  In any event, Wowza does not have a license to RTMPe because Adobe does not openly license that technology to the public, in order to protect its customers and their valuable content.

22.  Adobe and Wowza have engaged in discussions regarding Wowza's unauthorized use of Adobe technology.  During these discussions, Adobe notified Wowza in writing that it was infringing Adobe's intellectual property rights, including but not limited to the '658 Patent and the '509 Patent.  Wowza continues to willfully infringe the '658 Patent, the '509 Patent and the '426 Patent by making, using, selling, offering to sell, and/or importing Wowza Media Server with its unauthorized versions of RTMP and RTMPe.  Additionally, Wowza infringes the '878 Patent and the '287 Patent by making, using, selling, offering to sell, and/or importing Wowza Media Server with its unauthorized version of RTMPe, and Wowza willfully infringes the '878 Patent and the '287 Patent by continuing such activities.

D.     **Wowza's Misleading Activities**

23.  Wowza's advertising materials, product descriptions, and public statements and claims have misled consumers into believing that its products and activities, including the

Wowza Media Server and the development and distribution of its unauthorized version of RTMPe, are legally sanctioned by Adobe.

24.  For example, in 2007 a Wowza user identified as "tehnomaag" posted an inquiry on Wowza's public user forum entitled "Legal issues?" and asking "How does Wowza stand in legal terms… Are you cleared by Adobe legal from any potential sticky problems in the future?" A Wowza forum administrator identified as "WowzaDave" posted a reply entitled "No legal issues" and stating "We have no legal issues with Adobe at this time and we don't expect any in the future."

25.  As another example, in 2008 a Wowza user identified as "alesgregorc" posted an inquiry on the same forum regarding how Adobe patents "could affect future licensing of Wowza Media Server? For us and maybe for others this is [a] very crucial question right now."  Again, Wowza's forum administrator "WowzaDave" replied, stating that "We continually review this matter" and "…do not expect any legal problems with Adobe on this matter."

26.  Given Wowza's willful infringement of Adobe intellectual property, the legal status of Wowza's products and activities has rightfully been characterized as "a very crucial question" by its users.  However, Wowza has never corrected these statements and claims, which continue to mislead consumers into believing that its products and activities are legally sanctioned by Adobe.

27.  Wowza has also misled customers into believing that its unauthorized version of RTMPe provides security comparable or equivalent to the security provided by Adobe's RTMPe.

28.  As noted above, Adobe has invested heavily in developing updates and enhancements to RTMPe, which are incorporated into upgrades of Flash Platform products such as Flash Media Server and Flash Player.  These updates and enhancements maintain the continued effectiveness of RTMPe in protecting valuable copyrighted content for Adobe's customers.  Wowza has not invested in developing or maintaining RTMPe, and instead unfairly rides on Adobe's coattails by circumventing the secure measures incorporated into Adobe's Flash Platform products, including Adobe's Flash Media Server and/or Flash Player.  Wowza

does this in order to produce its unauthorized version of RTMPe, which is not maintained by Adobe.

29.  Wowza's customers do not receive the benefit of the most up to date and authorized version of RTMPe, which is deployed by Adobe through upgrades to Flash Platform products. Rather, Wowza customers either miss out on critical updates altogether, or must wait for Wowza developers to circumvent the Adobe updates and issue software patches for Wowza Media Server.  In either case, Wowza's unauthorized version of RTMPe can leave Wowza customers exposed to security breaches.

30.  Yet, Wowza's statements and claims mislead customers into believing that its unauthorized version of RTMPe provides security comparable or equivalent to the security provided by Adobe's RTMPe.  For example, it states that Wowza Media Server offers "a complete interactive Flash media streaming feature set," and offers to potential customers a side-by-side "FMS Comparison" chart intended to convey that both Wowza Media Server and Flash Media Server provide comparable or equivalent RTMPe security.

**E.      Wowza Has Benefitted and Continues to Benefit From Its Unlawful Activities**

31.  Wowza has unfairly benefited financially from its unauthorized use of Adobe technology by misleading customers into believing that its products and activities are somehow legally sanctioned by Adobe, and that its unauthorized version of RTMPe is comparable or equivalent to RTMPe provided by Adobe.  Wowza has attained substantial growth and market share for Wowza Media Server over a short period of time due to its unauthorized use of Adobe technology, and its unfair comparisons and misleading statements and claims.

32.  Wowza has benefited substantially from its unauthorized version of RTMPe.  For users wishing to accept only secure connections, Wowza provides instructions on how to disable all non-secure protocols except its unauthorized version of RTMPe and SSL encryption, and includes a setting specifically for this purpose.  When Wowza customers expressed concerns that videos streamed via Wowza Media Server could be downloaded using stream recording software, Wowza directed customers to use its unauthorized version of RTMPe to protect their

content.  Rather than direct customers to use other secure streaming options such as SSL encryption, Wowza directed them towards its unauthorized version of RTMPe, saying "[it] is probably better to use rtmpe which is equally secure and does not require any additional setup." Wowza told its customers that compared to SSL encryption, "RTMPE is a better way to go" and "offers similar security and performs better."

33.   Wowza features its unauthorized version of RTMPe on its website and in its promotional and marketing materials, to drive demand for Wowza Media Server.  Its unauthorized version of RTMPe is included in a special "MediaSecurity" add-on package for Wowza Media Server, identifying "RTMPe" as one of the "features that are needed to properly secure your content."  To protect streamed content, Wowza advised users that "a combination of RTMPE and SecureToken security is suggested."  Wowza instructed customers that "simply streaming your content does not always provide sufficient security against content intrusion, unauthorized diversion and stream ripping."  To address this problem, Wowza told users that it "implements content URL protection, domain verification and link encryption (RTMPS, RTMPE, RTMPTE)."  When asked why prospective customers should choose Wowza Media Server rather than a competing server product, Wowza's chief marketing officer cited to the rival product's lack of support for RTMPe as a significant reason.

34.   Wowza has benefited and continues to benefit from the widespread market demand for RTMPe.  At the same time, it offers an unauthorized version of RTMPe to keep its own costs low and undercut Adobe in the streaming server market.  Given Wowza's business model, it comes as no surprise that Stubenvoll and Good created what they referred to as "the only commercially available alternative to Adobe's Flash Media Server" in a matter of months, "did it ourselves and became profitable very, very quickly" and "without any venture money at all."

35.   Wowza has been able to keep costs low by avoiding the substantial expenses associated with researching, developing, and maintaining Flash Platform technologies such as RTMPe, and by free-riding on the widespread demand for Adobe's proprietary technology.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

SECOND AMENDED COMPLAINT
CASE NO. CV-11-02243

36.  Adobe has been and continues to be irreparably harmed by Wowza's activities, and therefore brings this action to enjoin Wowza's unauthorized use of Adobe proprietary technology.

### FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Pat. No. 7,587,509)

37.  Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 36.

38.  Adobe is the owner of the '509 Patent entitled "Real-time priority-based media communication," which issued September 8, 2009.  A true and correct copy of the '509 Patent is attached as Exhibit B.

39.  The '509 Patent covers implementations of both RTMP and RTMPe.  For example, implementations of RTMP and RTMPe operate by communicating media streams comprised of a plurality of "chunks," where each chunk is associated with a plurality of states.  A header of each of the chunks includes a state association representing the state and indicating the following possible purposes: a new stream chunk associated with a new stream, wherein said new stream chunk includes a plurality of new parameters in said header and uses no parameters from a previous header; a new media chunk associated with said new stream wherein said new media chunk includes a plurality of new parameters in said header and uses at least one other parameter from a previous header; a new time chunk associated with said new stream wherein said new time chunk includes at least one new parameter in said header and uses a plurality of other parameters from a previous header; and a continuation chunk requiring no new parameters in said header and using a plurality of parameters from a previous header.

40.  Wowza has been and now is manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server with unauthorized versions of RTMP and RTMPe, in the State of California, in this District, and elsewhere in the United States.

41.  With knowledge of the '509 Patent, defendant Wowza has been and now is directly infringing, and/or indirectly infringing by way of inducing infringement and/or contributing to

the infringement of the '509 Patent in the State of California, in this judicial District, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server with unauthorized versions of RTMP and RTMPe, by, among other things, communicating media streams comprised of a plurality of "chunks" in accordance with one or more claims of the '509 Patent.  Defendant Wowza is thus liable for infringement of the '509 Patent pursuant to 35 U.S.C. § 271(a), (b) and (c).

42.   Wowza's customers and licensees are also liable for direct infringement of the '509 Patent pursuant to 35 U.S.C. § 271(a) for use of Wowza Media Server to stream content via RTMP and/or RTMPe.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Pat. No. 7,272,658)

43.   Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 42.

44.   Adobe is the owner of the '658 Patent entitled "Real-time priority-based media communication," which issued September 18, 2007.  A true and correct copy of the '658 Patent is attached as Exhibit C.

45.   The '658 Patent covers implementations of both RTMP and RTMPe.  For example, implementations of RTMP and RTMPe contain a chunk configurator for dividing media message sub-streams into chunks, and a state machine to provide state associations.  State associations are written into a header for each chunk, identifying possible purposes consisting of: a new stream chunk, wherein said new stream chunk includes a plurality of new parameters in said header and uses no parameters from a previous header; a new media chunk, wherein said new media chunk includes a plurality of new parameters in said header and uses at least one other parameter from a previous header; a new time chunk, wherein said new time chunk includes at least one new parameter in said header and uses a plurality of other parameters from a previous header; and a continuation chunk requiring no new parameters in said header and using a plurality of parameters from a previous header.  Implementations of RTMP and RTMPe contain a queue for

holding chunks waiting to be transmitted, and a processor for executing a scheduling algorithm that determines which queued chunks to transmit next.

46.   Wowza has been and now is manufacturing, using, selling, offering to sell and/or importing Wowza Media Server with unauthorized versions of RTMP and RTMPe, in the State of California, in this District, and elsewhere in the United States.

47.   With knowledge of the '658 Patent, defendant Wowza has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '658 Patent in the State of California, in this judicial District, and elsewhere in the United States by  manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server with unauthorized versions of RTMP and RTMPe, by, among other things providing a chunk configurator and a state machine with the Wowza Media Server, which are covered by one or more claims of the '658 Patent.  Defendant Wowza is thus liable for infringement of the '658 Patent pursuant to 35 U.S.C. § 271(a), (b) and (c).

48.   Wowza's customers and licensees are also liable for direct infringement of the '658 Patent pursuant to 35 U.S.C. § 271(a) for use of Wowza Media Server to stream content via RTMP and/or RTMPe.

### THIRD CLAIM FOR RELIEF

### (Lanham Act – False Advertising)

### (15 U.S.C. § 1125(a))

49.   Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 48.

50.   Wowza's marketing and advertising of its competing Wowza Media Server product constitutes false advertising under the Lanham Act.

51.   As discussed above, Wowza has made, and continues to make, false and misleading statements and claims about its Wowza Media Server product.  For example, as discussed above, Wowza's statements and claims have misled consumers into believing that its products and activities, including the Wowza Media Server and the development and distribution of its

unauthorized version of RTMPe, are legally sanctioned by Adobe. Additionally, as discussed above, Wowza's statements and claims have misled customers into believing that its unauthorized version of RTMPe provides security comparable or equivalent to the security provided by Adobe's RTMPe.

52.   Wowza intentionally misrepresents the nature, characteristics, qualities and/or origin of its commercial activities and products in order to influence consumer purchasing decisions.

53.   Wowza's false and misleading statements and claims constitute commercial advertising or promotion within the meaning of the Lanham Act.

54.   Wowza intentionally placed these misleading advertising statements and claims in interstate commerce.

55.   Wowza's misleading statements and claims are material in that they are likely to influence, and on information and belief have influenced, consumer purchasing decisions, and have a tendency to deceive, and on information and belief have deceived, a substantial segment of its audience, which may have otherwise purchased Adobe's Flash Media Server.

56.   Wowza's actions have a tendency to cause and on information and belief have caused, and unless enjoined will continue to cause, irreparable harm, damage, loss and injury to Adobe, for which it has no adequate remedy at law.

57.   Wowza's actions have resulted in an improper financial benefit and gain to Wowza, which amount should be disgorged.

58.   On information and belief, Wowza has engaged in this activity intentionally, knowingly, willfully, with actual malice, and in bad faith, justifying the assessment of enhanced damages against it.

59.   Wowza's acts make this an exceptional case under 15 U.S.C. § 1117(a), and Adobe is thus entitled to an award of attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition)

### (California Common Law)

60.  Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 59.

61.  Adobe has expended significant time and expense in researching and developing its Flash Platform products and technology.  Adobe's high quality products have allowed Adobe to develop and maintain a strong reputation for quality and security, and Adobe derives substantial benefit and goodwill from its efforts.

62.  Through its actions as described above, Wowza has misappropriated Adobe's efforts and is exploiting Adobe's technology and reputation to market and sell its competing Flash Media Server products.  These actions constitute unfair competition.

63.  Wowza's actions have caused and unless enjoined will continue to cause, irreparable harm, damage, loss and injury to Adobe, for which it has no adequate remedy at law.

64.  In performing the conduct described herein, on information and belief Wowza acted with oppression and malice, intending to injure Adobe and to wrongfully advantage itself at Adobe's expense. Adobe is entitled to an award of compensatory and punitive damages against Wowza, in an amount to be ascertained at trial.

## FIFTH CLAIM FOR RELIEF

### (False Advertising Under California Law)

### (Cal. Bus. & Prof. Code § 17500 et seq.)

65.  Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 64.

66.  As detailed above, Wowza has made and disseminated untrue and misleading advertising statements in the State of California about its media server product, by misrepresenting the nature, characteristics, qualities or origin of its unauthorized version of RTMPe.

67.  Wowza knew or should have known that its statements were untrue and misleading.

68.  Wowza's acts, as described above, constitute false and misleading advertising pursuant to Cal. Bus. & Prof. Code § 17500 et seq.

69.  Adobe has been harmed and will continue to be harmed by Wowza's false and misleading advertising as described above.  Accordingly, Adobe is entitled to an injunction prohibiting Wowza from continuing the practices described above, pursuant to Cal. Bus. & Prof. Code § 17535.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition Under California Law)

### (Cal. Bus. & Prof. Code § 17200 et seq.)

70.  Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 69.

71.  Wowza's conduct, as described above, constitutes unlawful and fraudulent conduct, including violations of the Patent Act, the Lanham Act, Cal. Bus. & Prof. Code § 17500, and California common law.

72.  Wowza's acts accordingly constitute unfair competition and unfair business practices pursuant to Cal. Bus. & Prof. Code § 17200 et seq.

73.  Absent injunctive relief, Adobe has no means by which to control Wowza's deceptive and confusing activities.  Adobe is thus entitled to injunctive relief prohibiting Wowza from continuing its acts of unfair competition.

## SEVENTH CLAIM FOR RELIEF

### (Infringement of U.S. Pat. No. 7,961,878)

74.  Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 73.

75.  Adobe is the owner of the '878 Patent entitled "Imparting cryptographic information in network communications," which issued June 14, 2011.  A true and correct copy of the '878 Patent is attached as Exhibit D.

76. The '878 Patent covers implementations of RTMPe. For example, implementations of RTMPe receive cryptographic information inserted into a pre-defined portion of a network communication in a client-server environment, where the pre-defined portion of the network communication is reserved for random data in accordance with an RTMP random byte section. Implementations of RTMPe identify a variable location of the cryptographic information in the pre-defined portion of the network communication, and process the cryptographic information by establishing a cryptographic key or authenticating the network communication. Implementations of RTMPe modify interactions in the client-server environment based at least in part on a result of the processing of the cryptographic information, by initiating an encrypted session using the cryptographic key or turning on or off a feature of a program operating in the client-server environment.

77. Wowza has been and now is manufacturing, using, selling, offering to sell and/or importing Wowza Media Server with unauthorized version of RTMPe, in the State of California, in this District, and elsewhere in the United States.

78. Defendant Wowza has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '878 Patent in the State of California, in this judicial District, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server with an unauthorized version of RTMPe, by, among other things, providing Wowza Media Server to stream content via RTMPe, which is covered by one or more claims of the '878 Patent. Defendant Wowza is thus liable for infringement of the '878 Patent pursuant to 35 U.S.C. § 271(a), (b) and (c).

79. Wowza's customers and licensees are also liable for direct infringement of the '878 Patent pursuant to 35 U.S.C. § 271(a) for use of Wowza Media Server to stream content via RTMPe.

**EIGHTH CLAIM FOR RELIEF**

**(Infringement of U.S. Pat. No. 8,051,287)**

80.  Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 79.

81.  Adobe is the owner of the '287 Patent entitled "Imparting real-time priority-based network communications in an encrypted communication session," which issued November 1, 2011.  A true and correct copy of the '287 Patent is attached as Exhibit E.

82.  The '287 Patent covers implementations of RTMPe.  For example, implementations of RTMPe establish, based at least in part on cryptographic information in a pre-defined portion of a handshake network communication, a communication session to communicate a media stream, wherein the pre-defined portion of the handshake network communication is reserved for random data.  Implementations of RTMPe receive through the communication session, as part of the media stream, values of parameters relating to a sub media stream, included in a first header portion of a first real-time, priority-based network communication, and store the values of the parameters.  Implementations of RTMPe obtain through the communication session, as part of the media stream, state information included in a control portion of a second real-time, priority-based network communication and a data payload included in the second network communication.  Implementations of RTMPe identify, from the state information, a purpose of the second network communication in relation to the media stream, and whether a second header portion of the second network communication includes one or more new values corresponding to one or more of the parameters.  Implementations of RTMPe update, when the second header portion includes the one or more new values, one or more of the stored values based at least in part on the one or more new values.  Implementations of RTMPe process the data payload based at least in part on the identified purpose and the stored values of the parameters.

83.  Wowza has been and now is manufacturing, using, selling, offering to sell and/or importing Wowza Media Server with an unauthorized version of RTMPe, in the State of California, in this District, and elsewhere in the United States.

84.  Defendant Wowza has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '287 Patent in the State of California, in this judicial District, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server with an unauthorized version of RTMPe, by, among other things, providing Wowza Media Server to stream content via RTMPe, which is covered by one or more claims of the '287 Patent.  Defendant Wowza is thus liable for infringement of the '287 Patent pursuant to 35 U.S.C. § 271(a), (b) and (c).

85.  Wowza's customers and licensees are also liable for direct infringement of the '287 Patent pursuant to 35 U.S.C. § 271(a) for use of Wowza Media Server to stream content via RTMPe.

### NINTH CLAIM FOR RELIEF

### (Infringement of U.S. Pat. No. 8,065,426)

86.  Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 85.

87.  Adobe is the owner of the '426 Patent entitled "Real-time priority-based media communication," which issued November 22, 2011.  A true and correct copy of the '426 Patent is attached as Exhibit F.

88.  The '426 Patent covers implementations of both RTMP and RTMPe.  For example, implementations of RTMP and RTMPe receive a plurality of chunks associated with one or more streams, wherein each chunk of the plurality of chunks has an associated data payload and an associated chunk control byte including rendering information relating to a media rendering state associated with one chunk and one or more subsequent chunks, such that a portion of the rendering information that remains unchanged from the one chunk to a subsequent chunk is included in the chunk control byte of the one chunk but is missing from the chunk control byte of the subsequent chunk, wherein the chunk control byte includes a chunk type identifier.   For each chunk of the plurality of chunks, implementations of RTMP and RTMPe determine playback information associated with the chunk at least in part by reading the rendering information from

the associated chunk control byte, designating the rendering information read from the associated chunk control byte as the playback information associated with the chunk, and in response to determining that a portion of the rendering information from the associated chunk control byte is missing, add to the playback information associated with the chunk a corresponding portion of rendering information read from a chunk control byte of a preceding chunk.  Implementations of RTMP and RTMPe reassemble the one or more streams based on respective playback information associated with each of the plurality of chunks, and issue the reassembled one or more streams.

89.  Wowza has been and now is manufacturing, using, selling, offering to sell and/or importing Wowza Media Server with an unauthorized versions of RTMP and RTMPe, in the State of California, in this District, and elsewhere in the United States.

90.  Defendant Wowza has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '426 Patent in the State of California, in this judicial District, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server with unauthorized versions of RTMP and RTMPe, by, among other things, providing Wowza Media Server to stream content via RTMP and RTMPe, which is covered by one or more claims of the '426 Patent.  Defendant Wowza is thus liable for infringement of the '426 Patent pursuant to 35 U.S.C. § 271(a), (b) and (c).

91.  Wowza's customers and licensees are also liable for direct infringement of the '426 Patent pursuant to 35 U.S.C. § 271(a) for use of Wowza Media Server to stream content via RTMP and/or RTMPe.

**JURY DEMAND**

Adobe hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Adobe requests that this Court enter:

1.   A judgment in favor of Adobe that Wowza has infringed directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the Patents-in-Suit.

2.   A judgment and order awarding Adobe damages, costs, expenses, and prejudgment and post-judgment interest for Wowza's infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284.

3.   A judgment and order finding Wowza's infringement of the Patents-in-Suit to be willful and deliberate, and a trebling of damages pursuant to 35 U.S.C. § 284.

4.   A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and/or 15 U.S.C. § 1117(a), and awarding to Adobe its reasonable attorneys' fees and costs.

5.   A preliminary and permanent injunction, enjoining Wowza, its officers, directors, agents, servants, attorneys, affiliates, employees, divisions, branches, subsidiaries, parents, assigns, and successors in interest of Wowza, and all others acting in concert, participation or privity with any of them (the "Wowza Entities"); and Wowza's customers and licensees, and all others acting in concert, participation or privity with any of them, from continued acts of infringement of the Patents-in-Suit.

6.   A judgment finding that Wowza has not complied with the terms of the RTMP Specification License, and accordingly has no right or license to any Adobe intellectual property, including any of the Patents-in-Suit.

7.   A judgment and order finding that Wowza has committed the following unlawful acts:

   a.   False advertising in connection with goods offered for sale, under 15 U.S.C. § 1125(a);

   b.   Unfair competition under California common law;

   c.   False advertising under Cal. Bus. & Prof. Code § 17500 et seq.; and

   d.   Unfair competition under Cal. Bus. & Prof. Code § 17200 et seq.

8.   A preliminary and permanent injunction, enjoining the Wowza Entities from:

    a.   Making false and/or misleading advertising claims and statements about Wowza Media Server; and

    b.   Unfairly competing with Adobe in any manner whatsoever, or engaging in any unfair, fraudulent, or deceptive business practices that relate in any way to the use of the marketing and advertising of Wowza Media Server.

9.   An order directing Wowza to file with this Court and serve upon Adobe's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Wowza has complied with the injunction, pursuant to 15 U.S.C. § 1116(a).

10.  For an order pursuant to 15 U.S.C. § 1117(a) compelling Wowza to account to Adobe for any and all profits derived by it from its unlawful and misleading conduct.

11.  For an order that Wowza must pay and provide for appropriate corrective advertisements.

12.  With respect to the unlawful activities described above, that the Court order Wowza to pay Adobe:

    a.   General, special, actual and/or statutory damages, according to proof at trial, trebled and increased due to the nature of Wowza's conduct as provided above;

    b.   All of Wowza's profits or gains of any kind from its acts of false advertising and unfair competition;

    c.   Pre-judgment and post-judgment interest; and

    d.   Punitive and exemplary damages.

13.  Any and all other relief to which the Court may deem Adobe entitled.

1

2   Dated:  November 30, 2011                              Respectfully submitted,

3                                                                           LATHAM & WATKINS LLP
4                                                                               Robert Steinberg
                                                                                Jennifer Barry
5                                                                               Ryan Hatch

6
                                                                          By /s/ Robert Steinberg_____
7                                                                               Robert Steinberg
                                                                                Attorney for Plaintiff
8                                                                               Adobe Systems Incorporated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28