1   LATHAM & WATKINS LLP
       Bob Steinberg (Bar No. 126407)
2      Ryan E. Hatch (Bar No. 235577)
    *bob.steinberg@lw.com*
3   *ryan.hatch@lw.com*
    355 South Grand Avenue
4   Los Angeles, California 90071-1560
    Telephone: (213) 485-1234
5   Facsimile: (213) 891-8763

6      Jennifer L. Barry (Bar No. 228066)
    *jennifer.barry@lw.com*
7   600 West Broadway, Suite 1800
    San Diego, California 92101-3375
8   Telephone: (619) 236-1234
    Facsimile: (619) 696-7419

9
    Attorneys for Plaintiff
10  ADOBE SYSTEMS INCORPORATED

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                         OAKLAND DIVISION

15

16  ADOBE SYSTEMS INCORPORATED, a          CASE NO. CV-11-02243-CW
    Delaware Corporation,

17                  Plaintiff,              **PLAINTIFF ADOBE SYSTEMS
                                            INCORPORATED'S NOTICE OF MOTION
18          v.                              AND MOTION TO STRIKE
                                            COUNTERCLAIMS, OR IN THE
19  WOWZA MEDIA SYSTEMS, INC., a            ALTERNATIVE, TO DISMISS
    California Corporation,                 COUNTERCLAIMS**

20                  Defendant.
                                            Date:      February 23, 2012
21                                          Time:      2:00 p.m.
                                            Location:  Courtroom 2 – 4th Floor
22                                          Judge:     Honorable Claudia Wilken

23

24

25

26                      REDACTED

27              PUBLICLY FILED VERSION

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

                                    MOTION TO STRIKE OR
                                    DISMISS COUNTERCLAIMS
                                    CASE NO. CV-11-02243

1

**NOTICE OF MOTION TO STRIKE COUNTERCLAIMS, OR IN THE ALTERNATIVE, TO DISMISS COUNTERCLAIMS**

2

3        TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

4        PLEASE TAKE NOTICE that on Thursday, February 23, at 2:00 p.m., or as soon

5   thereafter as the matter may be heard before the Honorable Claudia Wilken, United States

6   District Judge, at the Oakland Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland,

7   California, 94612, Plaintiff Adobe Systems Incorporated ("Adobe") will and hereby does move

8   the Court for an order to, in the alternative:

9        1. Strike (a) Defendant Wowza Media Systems, Inc.'s ("Wowza") Fourth Counterclaim

10  for Fraud ("Fraud Counterclaim"), Fifth Counterclaim for Violation of Section 2 of the Sherman

11  Act ("Sherman Act Counterclaim") and Sixth Counterclaim for Unfair Competition Under

12  California Law ("Unfair Competition Counterclaim") (collectively, the "New Counterclaims"),

13  (b) its three new defenses for Prosecution History Laches (Sixteenth Defense), Patent Exhaustion

14  (Seventeenth Defense), and Failure to Mark (Eighteenth Defense), and (c) the newly asserted

15  factual allegations underlying its New Counterclaims, for being improperly asserted in violation

16  of the Court's Scheduling Order and Rules 15 and 16;

17       2. Strike or dismiss the New Counterclaims because they are based on protected activity.

18  Specifically, strike the Fraud and Unfair Competition Counterclaims under the California Anti-

19  SLAPP Statute, dismiss the Sherman Act Counterclaim under the *Noerr-Pennington* Doctrine,

20  and/or dismiss the Fraud and Unfair Competition Counterclaims under the California litigation

21  privilege, inasmuch as these counterclaims are based on protected activity; or

22       3. Dismiss the New Counterclaims under Rule 12(b)(6).

23       This Motion is based on this Notice of Motion and the Memorandum of Points and

24  Authorities set out below in support thereof, the Declaration of Ryan E. Hatch in support thereof,

25  / / /

26  / / /

27  / / /

28  / / /

LATHAM&WATKINS™
ATTORNEYS AT LAW
LOS ANGELES

2

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1 the pleadings and papers on file herein, and any other matter that may be presented at the

2 hearing.

3 Dated:   January 13, 2012                    Respectfully submitted,

4                                              LATHAM & WATKINS LLP

5

6                                              By   /s/ Bob Steinberg
                                                   Bob Steinberg
7                                                  Attorney for Plaintiff
                                                   Adobe Systems Incorporated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................ 2

     A.  Adobe Informs Wowza That Wowza's Server Product Infringes
         Adobe's Intellectual Property ................................................................... 2

     B.  Adobe Files A Patent Infringement Suit Against Wowza ........................ 4

     C.  Wowza Alleges Adobe's Suit Constitutes Fraud And Unfair
         Competition ............................................................................................... 5

III. ARGUMENT .................................................................................................... 5

     A.  Wowza's New Counterclaims are Improperly Asserted ........................... 5

         1.  The Court's Deadline for Adding New Claims has Passed ............... 6

         2.  Wowza Failed to Obtain Adobe's Consent or the Court's
             Leave to Add Additional Claims, as Required by Rule 15 ................ 6

         3.  The SAC Provides No Basis to Assert the New
             Counterclaims ................................................................................... 7

         4.  Wowza Has No Good Cause to Amend the Court's
             Scheduling Order under Rule 16 ........................................................ 9

     B.  The New Counterclaims Are Based on Protected Activity ..................... 10

         1.  Wowza's Fraud and Unfair Competition Counterclaims
             Must be Stricken Under the California Anti-SLAPP Statute ........... 10

             a.  Wowza's Fraud Claim (4th Cause of Action) And
                 Unfair Competition Claim (6th Cause of Action)
                 Arise From Constitutionally Protected Activity ...................... 11

             b.  Wowza Cannot Demonstrate A Probability of
                 Prevailing ............................................................................... 13

         2.  The Section 2 Sherman Act Counterclaim Must be
             Dismissed Under the *Noerr-Pennington* Doctrine ..................... 14

         3.  The Fraud and Unfair Competition Counterclaims Must be
             Dismissed Under the Litigation Privilege ........................................ 16

     C.  The New Counterclaims Are Deficient and Must be Dismissed ............ 17

         1.  Wowza's Fraud Counterclaim is Improperly Pled and
             Implausible ....................................................................................... 18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

|  |  |  |  |  |
|---|---|---|---|---|
| | | a. | Wowza Fails to Plead a Material Misrepresentation and Knowledge of Falsity ........................... 19 |
| | | b. | Wowza Fails to Allege Justifiable Reliance ............... 21 |
| | | c. | Wowza Fails to Allege Damages .............................. 22 |
| | 2. | | Wowza Fails to Plead the Required Elements of a Sherman Act Violation ............................................................. 22 |
| | 3. | | Wowza's Allegations do Not Support a Claim for Unfair Competition ..................................................................... 24 |
| D. | | | Wowza's Additional Factual Allegations and Defenses Must be Stricken from the Answer ........................................................ 25 |
| IV. | CONCLUSION ............................................................................................. 25 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

# TABLE OF AUTHORITIES

**Page**

## CASES

*Action Apartment Ass'n, Inc. v. City of Santa Monica*,
    41 Cal. 4th 1232 (2007) ........................................................................................ 16, 17

*Alvarez v. Lake County Bd. Of Supervisors*,
    No. CV 10-1071 NJV, 2011 U.S. Dist. LEXIS 56931 (N.D. Cal. May 25,
    2011) ........................................................................................................................ 25

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ...................................................................................... 18, 23

*Atari Games Corp. v. Nintendo of America, Inc.*,
    897 F.2d 1572 (Fed. Cir. 1990) ............................................................................. 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 18

*Bily v. Arthur Young & Co.*,
    3 Cal. 4th 370 (1992) ............................................................................................. 19

*BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*,
    No. 1:08-CV-01086, 2010 U.S. Dist. LEXIS 105405 (E.D. Cal. Sept. 16,
    2010) ...................................................................................................................... 6, 8

*Briggs v. Eden Council for Hope & Opportunity*,
    19 Cal. 4th 1106 (1999) .................................................................................... 11, 12

*Brooke Group v. Brown & Williamson Tobacco Corp.*,
    509 U.S. 209 (1993) ............................................................................................... 23

*Brookwood v. Bank of America*,
    45 Cal. App. 4th 1667 (1996) ................................................................................ 21

*Bureerong v. Uvawas*,
    922 F. Supp. 1450 (C.D. Cal. 1996) ..................................................................... 18

*Cafasso v. Gen. Dynamics C4 Sys.*,
    637 F.3d 1047 (9th Cir. 2011) ............................................................. 17, 18, 19, 20

*Cel–Tech Commn's, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal.4th 163 (1999) ...................................................................................... 16, 25

*Chang Bee Yang v. Sun Trust Mortg., Inc.*,
    No. 1:10-cv-01541, 2011 U.S. Dist. LEXIS 147656 (E.D. Cal. Dec. 22, 2011) .................. 18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

*Chevron Intellectual Prop. LLC v. Alborz Petroleum Inc.*,
    No. 11cv0889, 2011 U.S. Dist. LEXIS 89430 (S.D. Cal. Aug. 11, 2011)..................... 19, 24

*Chip-Mender, Inc. v. Sherwin-Williams Co.*,
    No. C 05-3465, 2006 U.S. Dist. LEXIS 2176 (N.D. Cal. Jan. 3, 2006) ................. 14, 22, 23

*Contemporary Services Corp. v. Staff Pro Inc.*,
    152 Cal. App. 4th 1043 (2007) ................................................................... 10

*E.E.O.C. v. Morgan Stanley & Co., Inc.*,
    211 F.R.D. 225 (S.D.N.Y. 2002) ...................................................................... 8

*Ebeid ex rel. United States v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) ....................................................................... 19

*Equilon Enterprises v. Consumer Cause, Inc.*,
    29 Cal. 4th 53 (2002) ................................................................................ 11

*Freeman v. Lasky, Haas & Cohler*,
    410 F.3d 1180 (9th Cir. 2005) ..................................................................... 14

*Hagberg v. Cal. Fed. Bank*,
    32 Cal. 4th 350 (2004) .......................................................................... 16, 22

*Home Ins. Co. v. Zurich Ins. Co.*,
    96 Cal. App. 4th 17 (2002) ................................................................ 16, 17, 22

*In re Stac Elecs. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996) ...................................................................... 19

*In re VeriFone Sec. Litig.*,
    11 F.3d 865 (9th Cir. 1993) ....................................................................... 18

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ................................................................ 5, 9, 10

*Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*,
    552 F.3d 1033 (9th Cir. 2009) .................................................................. 14, 15

*Kearney v. Foley & Lardner, LLP*,
    566 F.3d 826 (9th Cir. 2009) ...................................................................... 11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..................................................................... 24

*Knevelbaard Dairies v. Kraft Foods, Inc.*,
    232 F.3d 979 (9th Cir. 2000) ...................................................................... 23

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

*Language Line Servs. v. Language Servs. Assocs., LLC,*
    No. C 10-02605 JW, 2011 U.S. Dist. LEXIS 124836 (N.D. Cal. Mar. 15,
    2011) ........................................................................................................................ 11

*Latu v. Long Beach Mortg. Co.,*
    No. C 09-00438 CW, 2009 U.S. Dist. LEXIS 81848 (N.D. Cal. Sept. 9, 2009) ................ 18

*Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,*
    884 F.2d 504 (9th Cir. 1989) ...................................................................................... 23

*Lyons v. Bank of Am.,*
    No. C 11-1232, 2011 U.S. Dis. LEXIS 145176 (N.D. Cal. Dec. 16, 2011) ...................... 18

*McGlinchy v. Shell Chem. Co.,*
    845 F.2d 802 (9th Cir. 1988) ................................................................................ 22, 23

*Mejia v. EMC Mortg. Corp.,*
    No. 09-4701, 2011 U.S. Dist. LEXIS 66076 (C.D. Cal. June 16, 2011) .......................... 20

*Meyer C. Weiner Co. v. The May Department Stores Co.,*
    No. 95-55352, 1996 U.S. App. LEXIS 28493 (Aug. 9, 1996) ...................................... 19

*Mory v. City of Chula Vista,*
    No. 07-CV-0462, 2008 U.S. Dist. LEXIS 9911 (S.D. Cal. Feb. 11, 2008) ................ 11, 14

*Navellier v. Sletten,*
    29 Cal. 4th 82 (2002) ...................................................................................... 12, 13, 14

*Neville v. Chudacoff,*
    130 Cal. App. 4th 1563 (2008) .................................................................................... 12

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,*
    133 Cal. App. 4th 658 (2005) ...................................................................................... 13

*Realnetworks, Inc. v. DVD Copy Control Ass'n,*
    No. C 08-4548, 202 U.S. Dist. LEXIS 1433 (N.D. Cal. Jan. 8, 2010) ............................ 23

*Roe v. Doe,*
    No. C 09-0682, 2009 U.S. Dist. LEXIS 59440 (N.D. Cal. June 30, 2009) ...................... 14

*Schiff v. Barrett,*
    No. C 10-1051 PH, 2010 U.S. Dist. LEXIS 131660 (N.D. Cal. Dec. 13, 2010) ................ 25

*Shepard v. Miler,*
    No. Civ. 2:10-1863 WBS JFM, 2010 U.S. Dist. LEXIS 136504 (E.D. Cal.
    Dec. 15, 2010) ............................................................................................................ 11

*Siam v. Kizilbash,*
    130 Cal. App. 4th 1563 (2005) .................................................................................... 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

v

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

*Small v. Fritz Cos., Inc.,*
    30 Cal. 4th 167 (2003) ................................................................................... 18

*St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.,*
    No. C06-1056RSL, 2007 U.S. Dist. LEXIS 39085 (W.D. Wash. May 29,
    2007) .............................................................................................................. 8

*Synopsys, Inc. v. Magma Design Automation, Inc.,*
    2007 U.S. Dist. LEXIS 50927 (N.D. Cal. Feb. 6, 2007) ............................... 7

*Tarmann v. State Farm Mut. Auto. Ins. Co.,*
    2 Cal. App. 4th 153 (1991) .......................................................................... 19

*Thornbrough v. W. Placer Unified Sch. Dist.,*
    No. 2:09-cv-02613-GEB-GGH, 2010 U.S. Dist. LEXIS 53136 (E.D. Cal. May
    27, 2010) ...................................................................................................... 14

*Vanginderen v. Cornell Univ.,*
    No. 08cv736 BTM(JMA), 2009 U.S. Dist. LEXIS 303 (S.D. Cal. Jan. 6, 2009) ................ 12

*Vess v. CIBA-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ............................................................... 19, 24

*Vista Eng'g Techs., LLC v. Premier Tech., Inc.,*
    No. 4:09-CV-00008, 2010 U.S. Dist. LEXIS 51944 (D. Idaho May 25, 2010) ................ 7, 8

*Vistan Corp. v. Fadei USA, Inc.,*
    No. C-10-4862 JCS, 2011 U.S. Dist. LEXIS 47099 (N.D. Cal. April 25, 2011) ................ 16

*Watson Labs, Inc. v. Rhone-Poulenc Rorer, Inc.,*
    178 F. Supp. 2d 1099 (C.D. Cal. 2001) ....................................................... 24

*Western Mining Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981) ....................................................................... 18

*Williams v. O'Neill,*
    23 Fed. Appx. 738 (9th Cir. 2001)............................................................... 25

*Yazdanpanah v. Sacramento Valley Mortg. Group,*
    No. C 09-02024, 2009 U.S. Dist. LEXIS 111557 (N.D. Cal. Dec. 1, 2009) ................ 21

**STATUTES**

Cal. Bus. & Prof. Code §§ 17200 *et seq* ....................................... 5, 11, 13, 24

Cal. Civ. Code § 47(b) ........................................................................... 16, 22

Cal. Civ. Proc. Code § 425.16 ......................................................... 10, 12, 14

Cal. Civ. Proc. Code § 425.16(a) .................................................................. 11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

vi

Cal. Civ. Proc. Code § 425.16(b) ................................................................................ 12

Cal. Civ. Proc. Code § 425.16(b)(1) ...................................................................... 10, 11

Cal. Civ. Proc. Code § 425.16(e) ................................................................................ 11

Cal. Civ. Proc. Code § 425.16(e)(1) ...................................................................... 11, 12

Cal. Civ. Proc. Code § 425.16(e)(2) ............................................................................ 12

**RULES**

Fed. R. Civ. P. 9(b) .................................................................................... 18, 19, 24

Fed. R. Civ. P. 12(b)(6) .................................................................................... 17, 18

Fed. R. Civ. P. 15 .................................................................................... 5, 6, 25

Fed. R. Civ. P. 15(a)(2) ................................................................................................ 6

Fed. R. Civ. P. 16 .................................................................................................... 5, 9

Fed. R. Civ. P. 16(b) .................................................................................................... 9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

# I.     **INTRODUCTION**

In its Answer, Amended Counterclaims, and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Answer") (Dkt. 31), Defendant Wowza Media Systems, Inc. ("Wowza") improperly purports to assert three new causes of action for Fraud, Violation of Section 2 of the Sherman Act, and Unfair Competition under California Law (the "New Counterclaims"). Although the Court-ordered deadline to add new claims has long since passed, Wowza improperly seeks to assert these three New Counterclaims – which are vastly different in scope and substance than any of its previously asserted allegations – without even attempting to obtain Plaintiff Adobe Systems Incorporated's ("Adobe") consent or the Court's permission to do so as required under the Federal Rules of Civil Procedure.

Wowza may believe it is entitled to assert the New Counterclaims as a matter of right in light of Adobe's recent filing of its Second Amended Complaint ("SAC") (Dkt. 32).  However, the law does not permit this, since Wowza's New Counterclaims bear no relationship to the additional claims in Adobe's SAC – namely Adobe's assertion of infringement of two recently issued patents.  Adobe's new infringement causes of action in the SAC are based on the same conduct and technology – and accuse the same product – as already were at issue in this litigation, and do not add any new factual allegations.  Moreover, because the newly alleged facts underlying Wowza's New Counterclaims were all known to Wowza at the time that Adobe filed its initial Complaint in this action in May 2011 (well before the newly asserted patents issued), Wowza's delay is inexcusable and it cannot show the requisite "good cause" under Rule 16 to disregard the Court's October 11, 2011 deadline to add claims in this action.

Even if the New Counterclaims were properly and timely asserted (they were not), their underlying allegations are starkly deficient and do not come close to supporting the purported causes of action.  First, the New Counterclaims are based on protected activity.  These counterclaims arise primarily from Adobe's original filing of the instant patent infringement suit.  Indeed, the correspondence on which Wowza bases its claims was prepared in anticipation of litigation, ███████████████████████████████████████████████ ████████████████████████████████████████ Not only are the state law Fraud and

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

1

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    Unfair Competition claims protected by California's litigation privilege, but they are separately

2    subject to a motion to strike under California's anti-SLAPP statute.  Similarly, Wowza's Section

3    2 Sherman Act counterclaim is barred by the *Noerr-Pennington* doctrine, which protects from

4    antitrust scrutiny the filing of lawsuits.

5          In addition, the New Counterclaims are not pled adequately.  First, Wowza completely

6    fails to allege the elements of fraud "with particularity" as required by Rule 9(b).  Specifically,

7    its allegation of fraud based on Adobe's purported misrepresentation that it would not enforce its

8    patent rights is bereft of the required specifics, including the "who, what, when, where and how

9    of the misconduct charged." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054-55 (9th

10   Cir. 2011).  Moreover, Wowza's allegation that Adobe would promise not to enforce its

11   intellectual property rights while harboring a secret intent to "construe the RTMP Specification

12   License in a way that left open th[e] possibility for Adobe to sue" (Answer ¶ 50) – for no benefit

13   whatsoever – is implausible and defies common sense.  Wowza also fails to allege a Section 2

14   Sherman Act violation given that, among other things, there is no alleged injury to competition,

15   nor any specific intent to fix prices or destroy competition.  Finally, Wowza does not allege

16   unfair competition under California law because it does not specify any actionable "unlawful,

17   unfair or fraudulent" conduct.  Cal. Bus. & Prof. Code § 17200.

18         As explained below, Wowza's New Counterclaims should be stricken for non-

19   compliance with the Court's deadline to add new claims and the Federal Rules of Civil

20   Procedure.  In the alternative, they should be stricken or dismissed because they are based on

21   protected activity, or dismissed for failure to state a claim upon which relief can be granted.

22   **II.    FACTUAL BACKGROUND**

23         **A.    Adobe Informs Wowza That Wowza's Server Product Infringes Adobe's
                  Intellectual Property**
24

25         Adobe develops and distributes software for the deployment of content over the Internet

26   using a set of application programming technologies for integrating video, animation, and

27   interactivity into internet content called the Adobe Flash Platform.  SAC ¶ 9.  Adobe's Real-

28   Time Messaging Protocol ("RTMP") is an integral part of the Flash Platform designed for high-

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1  performance transmission of digital content.  SAC ¶ 10.  In April 2009, Adobe openly licensed

2  the RTMP Specification, conditioned on compliance with the terms of the license, to promote the

3  adoption of Flash Platform technologies by content developers and distributors.  SAC ¶ 15.

4       Encrypted RTMP ("RTMPe") is an enhanced version of RTMP that incorporates security

5  measures to prevent unauthorized access to content streamed over the internet.  SAC ¶ 12.

6  RTMPe is not licensed by the RTMP Specification License and is not designated as an open

7  standard.  SAC ¶ 18.  Instead, the RTMP Specification License specifically requires parties not

8  to make, use, or sell technology that circumvents secure RTMPe measures.  SAC ¶ 17.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1   ██████████████ Adobe and Wowza were unable to reach an agreement regarding a license

2   for Adobe's RTMPe.

3       **B.     Adobe Files A Patent Infringement Suit Against Wowza**

4       On May 6, 2011, Adobe filed this action against Wowza asserting, among other things,

5   claims for infringement of U.S. Patent No. 7,272,658 ("the '658 Patent") and No. 7,587,509

6   ("the '509 Patent"). (*See* Dkt. 1.) Adobe filed its First Amended Complaint ("FAC") on June

7   20, 2011, adding a claim for infringement of U.S. Pat. No. 7,961,878 ("the '878 Patent"), which

8   had recently issued on June 14, 2011. (*See* Dkt. 15.) The '658 and '509 Patents cover

9   implementations of RTMP and RTMPe, and the '878 Patent covers implementations of RTMPe.

10  SAC ¶ 14.

11      The Court held a Case Management Conference ("CMC") on October 11, 2011. (*See*

12  Dkt. 28.) During the conference, the Court asked the parties whether they intended to assert any

13  additional claims in this matter. Hatch Decl. ¶ 2. Wowza's counsel indicated that Wowza had

14  no intention of asserting any additional claims. *Id.* The Court ordered that October 11, 2011 –

15  the date of the CMC – was the deadline to add additional parties or claims in this action. (Dkt.

16  28.) Neither party added additional claims by the Court's deadline.

17      Adobe was subsequently granted two additional patents by the U.S. Patent and

18  Trademark Office ("PTO") – Patent No. 8,051,287 ("the '287 Patent") issued on November 1,

19  2011 and Patent No. 8,065,426 ("the '426 Patent") issued on November 22, 2011. SAC ¶ 14.

20  The '287 Patent, like the '878 Patent, covers implementations of RTMPe. SAC ¶14. The '426

21  Patent is a continuation of the '658 and '509 Patents and covers implementations of RTMP and

22  RTMPe. SAC ¶ 14. On November 30, 2011, the parties filed a stipulation (the "Stipulation")

23  allowing Adobe to assert infringement of the newly issued '426 and '287 Patents. (Dkt. 29.)

24  The Court entered the Stipulation on December 2, 2011. (Dkt. 30.) As agreed between the

25  parties, Adobe filed the SAC alleging infringement of the '426 and the '287 Patents.

26      The Stipulation provided that "Adobe may file a Second Amended Complaint," and that

27  "Wowza shall be permitted to file an Answer to the Second Amended Complaint . . ." but did not

28  provide for any additional claims to be filed by either party. (Dkt. 30 at 2.) In fact, during

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
4
MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    discussions between Adobe and Wowza regarding filing of the SAC, Wowza agreed it would

2    need to follow the procedure set forth in Rule 15 to amend its responsive pleading and assert

3    additional claims. Hatch Decl. ¶ 5. The parties agreed to the Stipulation "without any provision

4    regarding additional claims." Hatch Decl., Ex. A at 3.

5        **C.**     **Wowza Alleges Adobe's Suit Constitutes Fraud And Unfair Competition**

6        On December 12, 2011, Wowza filed its Answer to the SAC, raising – for the first time –

7    three new counterclaims for fraud, violation of Section 2 of the Sherman Act, and unfair

8    competition in violation of California Business and Professions Code Section 17200 (the "New

9    Counterclaims). Answer pp. 26-32, ¶¶ 13-52. Though the deadline to add claims had long since

10    passed, Wowza neither sought consent from Adobe permitting it to assert the New

11    Counterclaims, nor sought leave of Court to do so. *Id.* Wowza never mentioned to Adobe that it

12    was planning to add any new counterclaims, but rather sought assurances from Adobe that "there

13    will be no more surprises," including "other causes of action" in the case. Hatch Decl., Ex. A at

14    5.

15        Wowza's New Counterclaims allege Adobe misrepresented that Wowza was licensed to

16    implement its own version of RTMP and fraudulently induced Wowza to develop and offer its

17    server with RTMP compatibility with the intent of later filing a lawsuit to end the use of this

18    fully developed product. Answer pp. 26-32, ¶¶ 13-52. Wowza's New Counterclaims are based

19    on meetings and correspondence between Adobe and Wowza, an Adobe press release, the RTMP

20    Specification License, and Adobe's original Complaint. Answer pp. 26-29. All events occurred

21    between April 2007 and May 2011, well before the SAC was filed. *Id.* None of Wowza's New

22    Counterclaims are based on the newly-issued patents asserted in the SAC. *See id.*

23    **III.**     <u>**ARGUMENT**</u>

24        **A.**     **Wowza's New Counterclaims are Improperly Asserted**

25        Wowza's New Counterclaims must be stricken because they were not asserted in

26    compliance with the Court's Case Management Order, or with Rules 15 or 16. *See Johnson v.*

27    *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (amended claims must comply

28    with Rules 15 and 16); *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-CV-01086, 2010

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

5

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

U.S. Dist. LEXIS 105405, at *5 (E.D. Cal. Sept. 16, 2010) (striking noncompliant counterclaims because they are a "nullity and without legal effect").

### 1.     The Court's Deadline for Adding New Claims has Passed

Wowza's New Counterclaims are improper in that they were asserted after the Court's deadline for adding new claims had passed.  During the CMC, the Court asked the parties whether they intended to assert any additional claims or counterclaims.  (Dkt. 28; Hatch Decl., ¶ 2.)  In response, Wowza's counsel represented to the Court that Wowza had no intention of asserting any additional counterclaims.  Hatch Decl., ¶ 2.  The Court then issued a Case Management Order setting a "deadline to add additional parties or claims" of October 11, 2011, the same day as the CMC was held.  (*See* Dkt. 28.)  Wowza did not assert the New Counterclaims before the Court's deadline, and can add them now only "with the opposing party's written consent or the court's leave," which it failed to obtain as required under Rule 15(a)(2).

### 2.     Wowza Failed to Obtain Adobe's Consent or the Court's Leave to Add Additional Claims, as Required by Rule 15

After the deadline to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Wowza failed to obtain either Adobe's or the Court's consent to add the New Counterclaims.  Wowza's counsel never informed Adobe of its intention to add the New Counterclaims, much less sought Adobe's consent to file them.  Hatch Decl., ¶ 6.  Wowza never mentioned the New Counterclaims to Adobe when discussing the Stipulation, which provides only that "Adobe may file a Second Amended Complaint," and that "Wowza shall be permitted to file an Answer to the Second Amended Complaint" (Dkt. 30), and therefore gives Wowza no basis to add the New Counterclaims.

Adobe never consented to any New Counterclaims by Wowza.  In fact, during the negotiations between Adobe and Wowza regarding the Stipulation, the parties specifically agreed that the Stipulation would *not* cover any other claims, and that the parties would need to seek consent or the court's leave to do so, as required by Rule 15.  In particular, Wowza's counsel

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1  proposed to Adobe that the parties have the "right to assert later claims that may arise during the

2  discovery process." Hatch Decl., Ex. A at 3. In response, Adobe's counsel expressed concern

3  over the phrase "claims that may arise during discovery process" and telephoned to inform

4  Wowza's counsel that it would therefore *not* agree to permit any claims by Wowza. Hatch Decl.,

5  ¶ 5. The parties then agreed not to assert any additional claims without following the procedure

6  set forth in the Rule 15 to seek leave of the Court or consent from the other party to do so. *Id.*

7  Because the parties agreed to follow this procedure, the Stipulation was drafted "without any

8  provision regarding additional claims." Hatch Decl., Ex. A at 3. Thus, the Stipulation does not

9  in any way permit Wowza to add additional claims. Indeed, because Wowza's counsel sought

10 assurances from Adobe that "there will be no more surprises," including "other causes of action"

11 in the case, the New Counterclaims come as a surprise and are contrary to both parties' express

12 intent that there be no other claims added at this stage of the case. Hatch Decl., Ex. A at 5.

13        **3.    The SAC Provides No Basis to Assert the New Counterclaims**

14        Additionally, the fact that Adobe filed its SAC in no way entitles Wowza to assert the

15 New Counterclaims. District courts within the Ninth Circuit permit a party to amend its answer

16 in response to an amended complaint without leave of court only "when the amended complaint

17 *changes the theory or scope of the case*" and the amended Answer "responds to the changes in

18 the amended complaint." *Synopsys, Inc. v. Magma Design Automation, Inc.*, 2007 U.S. Dist.

19 LEXIS 50927, at * 5 (N.D. Cal. Feb. 6, 2007) (emphasis added); *Vista Eng'g Techs., LLC v.*

20 *Premier Tech., Inc.*, No. 4:09-CV-00008, 2010 U.S. Dist. LEXIS 51944, *4, *5 n. 1 (D. Idaho

21 May 25, 2010) (Permitting "amended response without leave only when the amended complaint

22 changes the theory or scope of the case, and then, [requiring] the breadth of the changes in the

23 amended response [to] reflect the breadth of the changes in the amended complaint"). *See also*

24 *id.* ("If every amendment, no matter how minor or substantive, allowed defendants to assert

25 counterclaims or defenses as of right, claims that would otherwise be barred or precluded could

26 be revived without cause.").

27        Adobe's additional causes of action for infringement of the '426 and '287 Patents added

28 in the SAC do not change the theory or scope of the case. These claims cover the *same*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1  technology (RTMP and RTMPe) and accuse the *same* product (Wowza Media Server) that were

2  already at issue.  In contrast, Wowza's New Counterclaims present entirely new theories of

3  liability stemming from the parties' discussions leading up to the filing of this suit.  If anything,

4  the New Counterclaims relate only to the '658 and '509 Patents that were asserted in the original

5  Complaint and that were in force during the relevant 2007-2010 timeframe.  Indeed,

6  correspondence cited by Wowza in support of the New Counterclaims mentions only the '658

7  and '509 Patents, which have been in the case from the filing of the original Complaint on May

8  6, 2011.  *See* Answer, p. 28.  Moreover, the newly asserted '426 and '287 Patents were issued in

9  November 2011, well after the relevant timeframe of the allegations underlying the New

10  Counterclaims, and therefore are not relevant to those allegations.[1]

11          As the Court in *Vista* noted, "If every amendment, no matter how minor or substantive,

12  allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise

13  be barred or precluded could be revived without cause."  *Id.* (citing *St. Paul Fire and Marine Ins.*

14  *Co. v. Onvia, Inc.*, No. C06-1056RSL, 2007 U.S. Dist. LEXIS 39085, at *5 (W.D. Wash. May

15  29, 2007); *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)).

16  Because Wowza seeks to bring claims that it should have asserted at the outset of this action, its

17  New Counterclaims are procedurally improper and must be stricken.  *See, e.g., BNSF Ry. Co. v.*

18  *San Joaquin Valley R.R. Co.*, No. 1:08-CV-01086, 2010 U.S. Dist. LEXIS 105405, at *5 (E.D.

19  Cal. Sept. 16, 2010) ("If an amended pleading cannot be made as of right and is filed without

20  leave of court or consent of the opposing party, the amended pleading is a nullity and without

21  legal effect.").

---

[1]     Additionally, the '426 Patent does not add new subject matter to the case because it includes the same detailed technical specification as both the '658 and '509 Patents as it is a continuation of these patents, and the '287 Patent is related to RTMPe, which is not the subject of the New Counterclaims. *See, e.g.,* Answer ¶¶ 27, 30, 38 (basing counterclaims on infringement assertions relating only to the "RTMP Patents").

1      **4.      Wowza Has No Good Cause to Amend the Court's Scheduling Order**
              **under Rule 16**

2

3          Even if Wowza had sought the Court's consent to modify the Court's schedule and add

4   the New Counterclaims (it did not), it cannot show "good cause" under Rule 16(b). *Johnson v.*

5   *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court ha[s]

6   filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which

7   establishe[s] a timetable for amending pleadings[,] that rule's standards control[.]"). "Good

8   cause" requires a showing of "the diligence of the party seeking the extension," and specifically

9   that "scheduling deadlines cannot be met despite the party's diligence." *Id.* at 609.

10          Wowza has not been diligent in waiting over six months to assert its New Counterclaims,

11   which should have been asserted, assuming a proper basis for the claims (which there is not), in

12   Wowza's original Answer.  The New Counterclaims are based on entirely newly-added

13   allegations detailing activity that allegedly occurred well before Adobe filed its SAC in this

14   action.  For example, Wowza's Fraud Counterclaim is based on alleged meetings and

15   correspondence between Adobe and Wowza that took place "[b]eginning in 2007 and continuing

16   throughout 2008, 2009 and 2010" (*i.e.*, in the four years leading up to the filing of the

17   Complaint), a public press release that was issued by Adobe on January 20, 2009 (over two years

18   before the filing of the Complaint), and the RTMP Specification License released by Adobe in

19   April 2009 (also over two years before filing of the Complaint), and which was also attached to

20   Adobe's original Complaint.  Answer, pp. 26-30.  Likewise, Wowza's Sherman Act

21   Counterclaim is based on a purported license by Adobe allegedly memorialized in a December

22   18, 2009 letter to Wowza, on the April 2009 RTMP Specification License, and on the fact that

23   Adobe brought suit against Wowza.  Answer, pp. 30-31.  Wowza's purported Unfair

24   Competition Counterclaim is also based on the same general allegations surrounding alleged

25   misrepresentations that occurred in the 2007-2010 timeframe, on the 2009 press release, and on

26   the 2009 RTMP Specification License.  Answer, pp. 31-32.  Wowza asserted these new

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1  allegations for the first time in its amended Answer (in violation of Rules 15 and 16, as noted

2  above), and these allegations therefore must be stricken.[2]  *See* § III.D below.

3      Additionally, as discussed above, the SAC in no way provides "good cause," because the

4  New Counterclaims are unrelated to the newly issued patents, and in any event the SAC does not

5  change the theory or scope of the case.  Wowza has no excuse for delaying until now to assert

6  claims that should have been brought in its original Answer (if at all), which it filed more than

7  six months ago without any allegations of fraud, antitrust violations, or unfair competition.

8  Accordingly, because Wowza has only its own procrastination and delay to blame, it cannot

9  show "good cause" to assert the New Counterclaims.  *Johnson*, 975 F.2d at 609.

10      **B.**    **The New Counterclaims Are Based on Protected Activity**

11      Wowza bases its New Counterclaims on protected activities including Adobe's filing of

12  this litigation and pre-litigation communications with Wowza.  For example, as detailed below,

13  each counterclaim is based in substantial part on Adobe's institution of this infringement suit and

14  on pre-litigation correspondence with Wowza.  Answer ¶¶ 20-23, 30, 33, 40, 50-51.  Thus, the

15  New Counterclaims must be dismissed or stricken under California's anti-SLAPP statute, the

16  *Noerr-Pennington* doctrine, or the litigation privilege.

17      **1.**    **Wowza's Fraud and Unfair Competition Counterclaims Must be Stricken Under the California Anti-SLAPP Statute**

18

19      California's anti-SLAPP statute provides that a claim against any person arising from any

20  act taken "in furtherance of the person's right of petition or free speech under the United States

21  or the California Constitution in connection with a public issue" must be stricken, "unless the

22  court determines that the plaintiff has established that there is a probability that the plaintiff will

23  prevail on the claim."  Cal. Civ. Proc. Code § 425.16(b)(1); *see Contemporary Services Corp. v.*

24  *Staff Pro Inc.*, 152 Cal. App. 4th 1043, 1051 (2007) (defining "person" as used in § 425.16 to

25  include a corporation).  The anti-SLAPP statute "shall be construed broadly."  Cal. Civ. Proc.

26

27    [2]    Wowza's new allegations are illustrated in a redline of its amended Answer against its initial Answer, which redline is attached as Exhibit B to the concurrently filed Hatch Declaration.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

10

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    Code § 425.16(a).  Federal courts exercising supplemental jurisdiction over state law claims have

2    applied the anti-SLAPP statute to strike pendent state claims.  *See, e.g., Kearney v. Foley &*

3    *Lardner, LLP*, 566 F.3d 826, 839 (9th Cir. 2009); *Shepard v. Miler*, No. Civ. 2:10-1863 WBS

4    JFM, 2010 U.S. Dist. LEXIS 136504, at *27-28 (E.D. Cal. Dec. 15, 2010) (striking fraud and §

5    17200 claims).

6            In analyzing an anti-SLAPP motion, the court engages in a two-step process.  "First, the

7    court decides whether the defendant has made a threshold showing that the challenged cause of

8    action is one arising from protected activity."  *Equilon Enterprises v. Consumer Cause, Inc.*, 29

9    Cal. 4th 53, 67 (2002); *Language Line Servs. v. Language Servs. Assocs., LLC*, No. C 10-02605

10   JW, 2011 U.S. Dist. LEXIS 124836, at *9 (N.D. Cal. Mar. 15, 2011).  If the defendant meets this

11   initial burden, the plaintiff must show a probability of prevailing on the claim.  *Equilon*

12   *Enterprises*, 29 Cal. 4th at 67; *Language Line Servs.*, 2011 U.S. Dist. LEXIS 124836, at *9.

13                   **a.       Wowza's Fraud Claim (4th Cause of Action) And Unfair**
                              **Competition Claim (6th Cause of Action) Arise From**
14                            **Constitutionally Protected Activity**

15           Adobe satisfies the first prong of the anti-SLAPP analysis – a threshold showing that the

16   challenged cause of action is one arising from protected activity.  Wowza's Fraud and Unfair

17   Competition Counterclaims arise directly from the Adobe's filing of the lawsuit and the

18   December 18, 2009 and January 8, 2010 letters asserting the patent rights in anticipation of

19   litigation.  These statements constitute constitutionally protected statements or writings made

20   before a judicial proceeding.  Cal. Civ. Proc. Code § 425.16(b)(1), (e).

21           Adobe's lawsuit and letters are "protected activity" under the anti-SLAPP statute.  The

22   statute defines constitutionally protected activity to include "(1) any written or oral statement or

23   writing made before a legislative, executive, or judicial proceeding, or any other official

24   proceeding authorized by law."  Cal. Civ. Proc. Code § 425.16(e)(1).  The statute does not

25   require a showing that the filing concerns a matter of public interest.  *Mory v. City of Chula*

26   *Vista*, No. 07-CV-0462, 2008 U.S. Dist. LEXIS 9911, at *28 (S.D. Cal. Feb. 11, 2008) (citing

27   *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1117-18 (1999)).  The

28   constitutional right to petition protected under the anti-SLAPP statute "includes the basic act of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    filing litigation." *Briggs*, 19 Cal. 4th at 1115.  Here, Adobe's filing of the instant action is

2    protected activity under subsection (e)(1) of the anti-SLAPP statute.

3           Likewise, Adobe's December 18, 2009 and January 8, 2010 letters to Wowza constitute

4    protected activity.  "Communications 'preparatory to or in anticipation of commencing official

5    proceedings' fall within the scope of § 425.16(e)(1) and (2)."  *Vanginderen v. Cornell Univ.*, No.

6    08cv736 BTM(JMA), 2009 U.S. Dist. LEXIS 303, at *11 (S.D. Cal. Jan. 6, 2009) (quoting *Siam*

7    *v. Kizilbash*, 130 Cal. App. 4th 1563, 1570 (2005)).  ███████████████████████████████

8    ████████████████████████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████

11   Accordingly, the letters constitute statements in anticipation of litigation concerning the subject

12   in dispute, and as such are protected activity under the anti-SLAPP statute.  *See Neville v.*

13   *Chudacoff*, 130 Cal. App. 4th 1563, 1570  (2008) (finding a pre-litigation letter fell within

14   protections of 425.16 when it attempted to prevent further misuse of plaintiff's proprietary

15   information and suggested that a lawsuit may be filed).  ████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████  Wowza

18   cannot dispute that these communications were meant to be confidential and in contemplation of

19   litigation:  ██████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████████████████████████

23   ██████████████████████████████████████████████

24          Wowza's Fraud and Unfair Competition Counterclaims also "arise from" protected

25   activity.  In determining whether an action "arises from" a protected activity, courts evaluate the

26   facts underlying the cause of action as stated in the pleadings.  *Navellier v. Sletten*, 29 Cal. 4th

27   82, 89 (2002)  (citing § 425.16(b)).  For its fraud claims, Wowza alleges that Adobe's December

28   18, 2009 and January 8, 2010 letters "tacitly represented that RTMP is an open standard"

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    (Answer p. 29, ¶ 23) and that this statement, among others, constitutes "a false and fraudulent

2    representation that . . . Adobe would not file the present infringement suit." *Id.* p. 29, ¶ 28.

3    Wowza further alleges that Adobe made the alleged misrepresentations with the intent to induce

4    Wowza to continue developing its product "and with the further intent to later sue Wowza for

5    doing so." *Id.* p. 29, ¶ 30.  Finally, Wowza asserts that it has been damaged by "facing the

6    present lawsuit."  *Id.* p. 30, ¶ 33.  Similarly, for its Unfair Competition Claim, Wowza alleges

7    that Adobe violates Section 17200 "[b]y filing this lawsuit." *Id.* p. 32, ¶ 49.  Wowza alleges that

8    while representing that developers could implement RTMP into their technology it secretly

9    intended to sue developers for such implementation, and that it did sue Wowza "[i]n accordance

10   with that plan." *Id.* p. 32, ¶ 50.  Adobe's patent suit against Wowza is the lynchpin in both

11   alleged schemes to defraud.

12          The California Supreme Court has held that claims such as Wowza's "arise from"

13   protected activity when "but for" protected activity, the "claims would have no basis."

14   *Navellier*, 29 Cal. 4th at 90.  Here, but for the protected activities of Adobe's pre-suit

15   correspondence and the filing of the lawsuit, Wowza's Fraud and Unfair Competition

16   Counterclaims would have no basis.  Even if the facts underlying Wowza's claims also

17   implicated unprotected activity, that does not alter this conclusion.  "[W]here a cause of action

18   alleges both protected an unprotected activity, the cause of action will be subject to § 425.16

19   unless the protected conduct is merely incidental to the unprotected conduct." *Peregrine*

20   *Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 670 (2005).

21   Neither the filing of this action nor Adobe's letters regarding Wowza's infringement of Adobe's

22   patent rights are incidental or collateral to Wowza's Fraud and Section 17200 causes of action,

23   but rather are the focal points of the claims.  Therefore, each of these protected activities,

24   standing alone, provides an independent basis for dismissal under the anti-SLAPP statute.

25                    **b.      Wowza Cannot Demonstrate A Probability of Prevailing**

26          Wowza cannot meet its burden under the second prong of the anti-SLAPP analysis.  Once

27   the defendant has demonstrated that a cause of action arises from protected activity, the plaintiff

28   must demonstrate that the complaint is legally sufficient. *Navellier*, 29 Cal. 4th at 88-89;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1   *Thornbrough v. W. Placer Unified Sch. Dist.*, No. 2:09-cv-02613-GEB-GGH, 2010 U.S. Dist.

2   LEXIS 53136, at *9, *34 (E.D. Cal. May 27, 2010) (granting an anti-SLAPP motion on

3   arguments that challenged the legal sufficiency of the complaint). Wowza cannot demonstrate a

4   probability of prevailing because its Fraud and Unfair Competition counterclaims are improperly

5   asserted, inadequately pled, and implausible, for all the reasons set forth herein.

6        For these reasons, Wowza's Fraud and Unfair Competition Counterclaims should be

7   dismissed with prejudice. *Roe v. Doe*, No. C 09-0682, 2009 U.S. Dist. LEXIS 59440, at *43

8   (N.D. Cal. June 30, 2009) ("Because § 425.16 makes no provision for amending the complaint

9   once the court grants a special motion to strike, the [amended complaint] is STRICKEN with

10  prejudice."). In addition, Adobe is entitled to an award of reasonable attorneys' fees and costs

11  incurred in bringing this anti-SLAPP motion. *See Mory*, 2008 U.S. Dist. LEXIS 9911, at *26,

12  *36 ("Federal courts have repeatedly confirmed that defendants sued in federal courts can bring

13  anti-SLAPP motions to strike state law claims and that defendants are entitled to attorneys' fees

14  and costs when they prevail.").

15      **2.      The Section 2 Sherman Act Counterclaim Must be Dismissed Under
                  the *Noerr-Pennington* Doctrine**

16

17      Wowza's federal Sherman Act Counterclaim is not subject to the anti-SLAPP statute, but

18  is barred for similar reasons by the *Noerr-Pennington* doctrine. The *Noerr-Pennington* doctrine,

19  which emanates out of the Petition Clause of the First Amendment, exempts from antitrust

20  scrutiny certain protected conduct, including prosecution of civil lawsuits. *See, e.g., Freeman v.*

21  *Lasky, Haas & Cohler*, 410 F.3d 1180, 1183 (9th Cir. 2005) (the doctrine "exempts bringing a

22  lawsuit – that is, petitioning a court – from antitrust liability.") Courts have expressly held that it

23  is not "a violation of the Sherman Act to bring a patent infringement action in good faith[.]"

24  *Chip-Mender, Inc. v. Sherwin-Williams Co.*, No. C 05-3465, 2006 U.S. Dist. LEXIS 2176, at *9

25  (N.D. Cal. Jan. 3, 2006) (citing *Atari Games Corp. v. Nintendo of America, Inc.*, 897 F.2d 1572,

26  1576 (Fed. Cir. 1990)); *see also Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d

27  1033, 1044-47 (9th Cir. 2009) (holding that *Noerr-Pennington* barred claims arising from filing

28  patent infringement suits). Wowza's antitrust counterclaim alleges that "Adobe has engaged in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1   anticompetitive and exclusionary conduct *by bringing an action alleging infringement* of the

2   RTMP Patents with full knowledge that it licensed potentially relevant claims therein to

3   Wowza." *See* Answer p. 31, ¶ 40 (emphasis added).  Because Wowza's antitrust claim relies on

4   Adobe's bringing suit, the claim is barred by *Noerr-Pennington*.  *Freeman*, 410 F.3d at 1183.

5       Wowza alleges that Adobe instituted its infringement suit with "full knowledge that it

6   licensed potentially relevant claims therein to Wowza," and thus presumably intends to rely on

7   the "sham" litigation exception to *Noerr-Pennington*.  *See, e.g., Kaiser Found.*, 552 F.3d at

8   1044-46  (affirming summary judgment on *Noerr-Pennington* grounds where patent

9   infringement suits were not "sham" litigation).  But Wowza's allegation is contradicted by the

10  very facts set forth in Wowza's Answer and by the other pleadings already on the record.

11  Wowza plainly uses the patented RTMP technology, which is covered by the Patents-in-Suit.

12  Since Wowza alleges that it is compliant with the RTMP Specification License, which requires

13  compliance with the RTMP technical specification, and Wowza maintains that Wowza Media

14  Server supports RTMP, Wowza must admit that it uses the patented RTMP protocol.[3]  In fact,

15  Wowza does not even deny that it uses Adobe's patented technology, but rather alleges that its

16  use of RTMP is protected by the public Specification License.  *See, e.g.,* Answer p. 29, ¶¶ 24-26

17  ("Wowza independently developed its own version of RTMP . . . and maintain[s] its WMS

18  product with RTMP compatibility" in compliance with "the RTMP Specification License.")

19  However, contrary to Wowza's assertions, ███████████████████████████████

20  █████████████████████████████████████████████████████████████

21  █████████████████████████████████████████████████████████████

22  █████████████████████████████████████████████████████████████

23  █████████████████████████████████████████████████████████████

24  █████████████████████████████████████████████████████████████

25  █████████████████████████████████████████████████████████████

26

[3]   While Wowza may comply with the technical requirements of the RTMP specification, Wowza's unauthorized support for RTMPe places it in breach of and out of compliance with the RTMPe Specification.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1   ████████████████████████████████████████ All of the asserted patents

2   are related to the RTMPe specification (*see* SAC ¶ 14) and thus none of the asserted patents are

3   licensed to Wowza since it is not in compliance with the RTMP Specification License.  Thus,

4   Wowza cannot argue that this action was somehow brought in "bad faith" or is a "sham

5   litigation." *Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 U.S. Dist. LEXIS 47099,

6   at *23 (N.D. Cal. April 25, 2011) (dismissal appropriate under *Noerr-Pennington* where

7   allegations to do not show that "enforcement of [] patent rights is a sham").  Accordingly,

8   Wowza's Sherman Act Counterclaim is barred by the *Noerr-Pennington* doctrine and must be

9   dismissed.

10            **3.    The Fraud and Unfair Competition Counterclaims Must be Dismissed**
                      **Under the Litigation Privilege**

11

12            Lastly, the litigation privilege, codified in Cal. Civ. Code § 47(b), bars civil actions under

13   California law for damages for "communications made . . . in any . . . judicial proceeding[.]"  *See*

14   *Hagberg v. Cal. Fed. Bank*, 32 Cal. 4th 350, 360-61 (2004);  *Home Ins. Co. v. Zurich Ins. Co.*,

15   96 Cal. App. 4th 17, 23 (2002).  Accordingly, a party cannot seek damages arising from the

16   opposing party's lawful institution of a lawsuit, which is protected activity under the litigation

17   privilege.  *Cel–Tech Commn's, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 182-83

18   (1999) (choice to file suit is indisputably "immune from civil tort liability" under the litigation

19   privilege).  The privilege also bars liability for "prelitigation communication[s]," where such

20   communications "relate[] to litigation that is contemplated in good faith and under serious

21   consideration." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251

22   (2007).  The litigation privilege was enacted "to afford litigants and witnesses the utmost

23   freedom of access to the courts without fear of being harassed subsequently by derivative tort

24   actions." *Home Ins.*, 96 Cal. App. 4th at 23.

25            Wowza's Fraud and Unfair Competition counterclaims were retaliatory.  They were

26   brought in response to Adobe's bringing an action in this Court to preserve and protect its rights

27   and to prevent Wowza's continued unauthorized use of its proprietary patented technology.

28   These counterclaims therefore run directly afoul of the letter and spirit of the litigation privilege,

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

16

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1   which seeks to preserve the "freedom of access to the courts without fear" of such retaliatory

2   counterclaims. *Home Ins.*, 96 Cal. App. 4th at 23.  Moreover, to the extent the New

3   Counterclaims are based on Adobe's pre-litigation letters and communications, they are still

4   barred.  Adobe's communications indisputably relate to and were prepared in contemplation of

5   the instant litigation. ████████████████████████████████████████████

6   ████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████████   Thus, the Fraud and

14  Unfair Competition Counterclaims are barred. *Action Apartment Assn.*, 41 Cal. 4th at 1251.

15  Although the litigation privilege clearly applies in this instance, any doubts should be "resolved

16  in favor of applying it." *Home Ins.*, 96 Cal. App. 4th at 23.  Accordingly, Wowza's New

17  Counterclaims must be dismissed under the litigation privilege.

18      **C.**    **The New Counterclaims Are Deficient and Must be Dismissed**

19      Even if Wowza's New Counterclaims were timely and not based on protected activity

20  (and they fail both requirements), they must be dismissed pursuant to Rule 12(b)(6) for failure to

21  state a claim upon which relief may be granted. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d

22  1047, 1054 (9th Cir. 2011) (dismissal appropriate where pleading's "factual allegations, together

23  with all reasonable inferences" fail to "state a plausible claim for relief").  Dismissal of a claim is

24  appropriate under Rule 12(b)(6) where the complaint does not give the defendant fair notice of a

25  "legally cognizable claim and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550

26



27  4 ████████████████████████ Wowza elected to improperly include the correspondence

28  in its publicly available amended Answer.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    U.S. 544, 555 (2007); *Lyons v. Bank of Am.*, No. C 11-1232, 2011 U.S. Dis. LEXIS 145176

2    (N.D. Cal. Dec. 16, 2011).  For the purposes of a 12(b)(6) motion, while the Court should

3    assume the truth of all factual allegations in the complaint, "conclusory allegations of law" and

4    "unwarranted inferences" cannot defeat a motion to dismiss.  *In re VeriFone Sec. Litig.*, 11 F.3d

5    865, 868 (9th Cir. 1993); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996) (court

6    "need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory

7    legal allegations in the form of factual allegations"); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937,

8    1940 (2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere

9    conclusory statements," are not taken as true.); *Western Mining Council v. Watt*, 643 F.2d 618,

10   624 (9th Cir. 1981) (court does not assume "the truth of legal conclusions merely because they

11   are cast in the form of factual allegations").  Instead, as the United States Supreme Court has

12   confirmed, to survive dismissal, a party must plead claims that raise a right to relief above the

13   "speculative" level.  *Bell Atl.*, 550 U.S. at 555.  This requires adequate pleading of "all[] of the

14   elements" of a given claim.  *Chang Bee Yang v. Sun Trust Mortg., Inc.*, No. 1:10-cv-01541, 2011

15   U.S. Dist. LEXIS 147656, at *7 (E.D. Cal. Dec. 22, 2011) (fraud claim dismissed where

16   plaintiffs "adequately pled only some, but not all, of the elements for actionable fraud").

17           1.    **Wowza's Fraud Counterclaim is Improperly Pled and Implausible**

18           In California, fraud requires (1) misrepresentation of a material fact; (2) knowledge of

19   falsity; (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation;

20   and (5) resulting damages.  *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003); *Latu v. Long*

21   *Beach Mortg. Co.*, No. C 09-00438 CW, 2009 U.S. Dist. LEXIS 81848 (N.D. Cal. Sept. 9,

22   2009).  As explained below, Wowza has not adequately pled these elements.

23           First, a fraud claim must meet "the heightened pleading standard of Rule 9(b)," which

24   requires that "a party [] state *with particularity* the circumstances constituting fraud or mistake."

25   Rule 9(b) (emphasis added); *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054-55 (9th

26   Cir. 2011); *Latu*, 2009 U.S. Dist. LEXIS 81848 at * 6.  These stringent pleading requirements are

27   necessary to provide defendants with adequate notice of the allegations, as well as to "protect

28   those whose reputation would be harmed from being subject to fraud charges" and to prohibit

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    claimants from "imposing upon the court, the parties and societies enormous social and

2    economic costs absent some factual basis." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th

3    Cir. 1996); *Chevron Intellectual Prop. LLC v. Alborz Petroleum Inc.*, No. 11cv0889, 2011 U.S.

4    Dist. LEXIS 89430, at *8 (S.D. Cal. Aug. 11, 2011); *see also Vess v. CIBA-Geigy Corp. USA*,

5    317 F.3d 1097, 1104 (9th Cir. 2003) ("Fraud allegations may damage a defendant's reputation

6    regardless of the cause of action in which they appear, and they are therefore properly subject to

7    Rule 9(b) in every case."). Thus, to satisfy Rule 9(b), the pleading "must identify the *who, what,*

8    *when, where and how* of the misconduct charged, as well as what is false or misleading about the

9    purportedly fraudulent statement, and why it is false." *Cafasso*, 637 F.3d at 1054-55 (quotations

10   omitted) (emphasis added) (citing *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th

11   Cir. 2010)).

12             a.    **Wowza Fails to Plead a Material Misrepresentation and**
                     **Knowledge of Falsity**

13

14             Wowza falls well short of the stringent requirements for adequately pleading a cause of

15   action for fraud. First, Wowza does not plead the first two elements of fraud – material

16   misrepresentation and knowledge of falsity – with adequate particularity. Wowza alleges in

17   conclusory fashion that "Adobe's words and action *suggested*" that Wowza was free to support

18   the RTMP protocol for streaming media. Answer p. 26, ¶ 15 (emphasis added). However,

19   Wowza does not specify which "words" or "actions" led Wowza to believe that it need not

20   respect Adobe's lawful patent rights, nor how such words or actions "suggested" that Adobe

21   intended to abdicate its rights. In addition, because Wowza fails to identify any specific

22   statements, it does not – and cannot – identify a representation that was "known to be false when

23   made," which failure also defeats its claim. *See Meyer C. Weiner Co. v. The May Department*

24   *Stores Co.*, No. 95-55352, 1996 U.S. App. LEXIS 28493 (Aug. 9, 1996) (citing *Bily v. Arthur*

25   *Young & Co.*, 3 Cal. 4th 370, 415 (1992)).

26             Moreover, the Answer does not specify who at Adobe made these unidentified

27   suggestions, nor when they were allegedly made, shortcomings that are fatal to Wowza's fraud

28   claim. *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) ("The

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

19

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1   requirement of specificity in a fraud action against a corporation requires the plaintiff to allege

2   the names of the persons who made the allegedly fraudulent representations, their authority to

3   speak, to whom they spoke, what they said or wrote, and when it was said or written."); *Mejia v.*

4   *EMC Mortg. Corp.*, No. 09-4701, 2011 U.S. Dist. LEXIS 66076, at *28-29 (C.D. Cal. June 16,

5   2011) (dismissing California fraud claim where claimants failed to identify who at the

6   corporation made the allegedly fraudulent representations).  Wowza merely alleges that "Wowza

7   and Adobe met and discussed potential business arrangements" throughout 2007, 2008, 2009 and

8   2010.  *Id.* ¶ 15.  This summary allegation is far short of the "who, what, when, where and how"

9   that Wowza must allege to state a claim for fraud.  *Cafasso*, 637 F.3d at 1054-55.

10          The Fraud Counterclaim must also be dismissed because Wowza has also failed to plead

11  "*plausible* allegations" of fraud.  *Cafasso*, 637 F.3d at 1055 (fraud claims "must, in addition to

12  pleading with particularity, also plead plausible allegations").  Specifically, Wowza fails to

13  allege plausible allegations regarding the element of knowing falsity.  The sparse details actually

14  provided by Wowza *contradict* its fraud claim.  For example, Wowza alleges that "Adobe knows

15  that Wowza has complied and currently complies with all terms of the RTMP Specification

16  License."  Answer, p. 26, ¶ 15.  This allegation flies in the face of the plain terms of the license

17  itself, and is contrary to Adobe's prior statements to Wowza.  The RTMP Specification License

18  specifically excludes those who "make, use, sell, offer to sell, import or distribute . . . any

19  technology that circumvents technological measures for the protection of audio, video and/or

20  data content, *including any of Adobe's secure RTMP measures*."  *See* SAC, Ex. A (emphasis

21  added).  Wowza's implementation of RTMPe is therefore not licensed and a violation of the

22  Specification License. ███████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ███████████████████████████████████████

25  ████████████████████████████████████████████

26  ████████████████████████████████████████████

27  ████████████████████████████████████████████████████All of

28  the asserted patents are related to the RTMPe specification (*see* SAC, ¶ 14) and thus none of the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

20

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1   asserted patents are licensed to Wowza since it is not in compliance with the RTMP

2   Specification License. Remarkably, Wowza relies on this letter for the opposite proposition –

3   that it was somehow licensed under RTMP Specification License.

4                **b.**     **Wowza Fails to Allege Justifiable Reliance**

5         Wowza's fraud claim additionally fails because it does not allege the element of

6   justifiable reliance. The claim is premised on the implausible argument that notwithstanding the

7   express terms of RTMP Specification License and Adobe's letters to Wowza notifying it of

8   patent infringement, Adobe somehow committed fraud by not spelling out for Wowza the

9   specific nature and scope of its breach of the license and the resulting consequences, including

10   patent infringement, if a license to the RTMPe technology could not be concluded by the parties.

11   *See, e.g.,* Answer pp. 26-27, ¶¶ 15-19 ("Adobe never suggested that Wowza's support of the

12   RTMP protocol constituted violation of any Adobe rights."); *id.* pp. 28-29, ¶¶ 22-32 ("Adobe

13   tacitly represented that RTMP is an open standard by refusing to respond directly to [Wowza's]

14   request" for confirmation that "all RTMP patent claims are licensed under the publicly available

15   RTMP Specification License.") Wowza could have "ascertained the truth through the exercise

16   of reasonable diligence," and therefore cannot show reasonable reliance on any alleged "tacit"

17   representations by Adobe that it was somehow licensed, even as Wowza decided on its own to

18   continue to violate the express terms of the license. *Brookwood v. Bank of America,* 45 Cal.

19   App. 4th 1667, 1674 (1996). Wowza accuses Adobe of fraud for supposedly failing to point out

20   Wowza's breach and infringement before bringing suit, when Wowza need only have read the

21   RTMP Specification License to determine for itself whether its unauthorized implementation of

22   RTMPe breached the license, and subjected it to a patent infringement suit for both RTMP and

23   RTMPe implementations. *See, e.g., Yazdanpanah v. Sacramento Valley Mortg. Group,* No. C

24   09-02024, 2009 U.S. Dist. LEXIS 111557, at *9-10 (N.D. Cal. Dec. 1, 2009) (no reasonable

25   reliance because "reasonable diligence requires the reading of a contract before signing it"). If

26   Adobe has committed fraud, then so too has every plaintiff who has not provided prior notice of

27   breach of contract and patent infringement.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    Finally, Wowza's fraud claim implausibly accuses Adobe of falsely representing that it

2    would not sue to enforce its patents, in order to lure Wowza into infringement, but then surprised

3    Wowza by "fil[ing] the present infringement lawsuit."  Answer p. 29, ¶ 28.  It is simply not

4    plausible that Adobe would have intended to trick Wowza into using Adobe's proprietary

5    technology – in direct competition with Adobe and to Adobe's detriment – just to initiate costly

6    litigation to protect its intellectual property rights.  The Answer alleges no benefit that would

7    inure to Adobe to justify such a convoluted course of conduct, and indeed none does.

8                   **c.     Wowza Fails to Allege Damages**

9    Wowza's fraud claim fails for the additional reason that it fails to allege the necessary

10   element of damages.  Wowza's alleged damages amount to "facing the present lawsuit."  Answer

11   p. 30, ¶ 33.  As noted in Section III.B.3 above, California's litigation privilege bars claims for

12   damages based on a party's filing of a lawsuit.  Cal. Civ. Code § 47(b) (barring a civil action for

13   damages for "communications made . . . in any . . . judicial proceeding[.]"); *Hagberg*, 32 Cal. 4th

14   at 360-61; *Home Ins.*, 96 Cal. App. at 23 (the litigation privilege applies "to suits for fraud").

15   Accordingly, Wowza's fraud claim fails to allege actionable injury.

16   Because Wowza's cause of action for fraud fails to adequately allege all of the elements

17   of a fraud claim, the claim must be dismissed.

18        **2.     Wowza Fails to Plead the Required Elements of a Sherman Act
19               Violation**

20   Wowza's Section 2 Sherman Act Counterclaim also fails because it does not properly

21   allege injury to competition.  To state a claim for attempted monopolization under Section Two

22   of the Sherman Act, a plaintiff must allege: (1) specific intent to control prices or destroy

23   competition; (2) predatory or anticompetitive conduct to accomplish the monopolization; (3) a

24   dangerous probability of success; and (4) causal antitrust injury.  *McGlinchy v. Shell Chem. Co.*,

25   845 F.2d 802, 811 (9th Cir. 1988); *Chip-Mender, Inc. v. Sherwin-Williams Co.*, No. C 05-3465,

26   2006 U.S. Dist. LEXIS 2176, at *8-9 (N.D. Cal. Jan. 3, 2006).  To have standing to assert a

27   private right of action for violation of the Sherman Act, Section 4 of the Clayton Act requires "a

28   showing of antitrust injury, i.e., injury of the type the antitrust laws were intended to prevent and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    that flows from that which makes defendants' acts unlawful." *Realnetworks, Inc. v. DVD Copy*

2    *Control Ass'n*, No. C 08-4548, 2010 U.S. Dist. LEXIS 1433, at *13 (N.D. Cal. Jan. 8, 2010)

3    (citing *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 987 (9th Cir. 2000)) .

4           To show antitrust injury, a plaintiff must demonstrate "injury to the market or to

5    competition in general, not merely injury to individuals or individual firms." *McGlinchy*, 845

6    F.2d at 811.  Injury to a competitor is not equivalent to injury to competition; only the latter is

7    the proper focus of antitrust laws. *Id.*; *Brooke Group v. Brown & Williamson Tobacco Corp.*,

8    509 U.S. 209, 224-25 (1993).  The only specific injury Wowza alleges in connection with its

9    antitrust counterclaim is its "cost of defending against this action."  Answer p. 31, ¶ 44.

10   However, "a claim of injury in the form of attorneys' fees in defending against a patent

11   infringement suit is not an injury to 'competition' or the type of injury that the antitrust laws

12   were designed to protect against, but is rather a purely individual economic injury to [the

13   defendant] that has no effect on competition in the relevant market." *Chip-Mender, Inc. v.*

14   *Sherwin-Williams Co.*, No. C 05-3465, 2006 U.S. Dist. LEXIS 2176, at *9 (N.D. Cal. Jan. 3,

15   2006)) (citing *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir.

16   1989)).  Accordingly, Wowza fails to plead causal antitrust injury and cannot pursue a claim for

17   violation of Section 2 of the Sherman Act.

18          Furthermore, Wowza does not allege the element of specific intent to control prices or

19   destroy competition – much less the element of a dangerous probability of success.  Merely

20   alleging "harm to the market for the relevant technologies, including reduced competition and

21   increased prices" (Answer p. 31, ¶ 43) is not sufficient. *See Iqbal*, 129 S. Ct. at 1940

22   ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

23   statements" are not taken as true on a motion to dismiss.)  The very facts Wowza relies upon in

24   its Answer only support the opposite conclusion – Adobe provides the entire market with a

25   royalty-free license to RTMP, thus promoting competition in the space without any control over

26   pricing for products that include this technology.  Wowza's failure to allege any specific harm to

27   the market that could possibly arise from Adobe's enforcement of its patent rights against

28   Wowza is fatal to its claim. *See Iqbal*, 129 S. Ct. 1940.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

23

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

1    Finally, Wowza does not allege the element of predatory or anticompetitive conduct to

2    achieve monopolization.  The only "anticompetitive and exclusionary conduct" alleged is

3    Adobe's "bringing an action alleging infringement of the RTMP Patents with full knowledge that

4    it licensed any potentially relevant claims therein to Wowza."  Answer p. 31, ¶¶ 40-41.  But as

5    noted in Section III.B.2 above, this conduct is constitutionally protected under the *Noerr-*

6    *Pennington* doctrine and therefore cannot give rise to a Section 2 Sherman Act violation.

7    Because Wowza fails to allege all of the elements of a Sherman Act claim, its antitrust

8    cause of action must be dismissed.

9    **3.    Wowza's Allegations do Not Support a Claim for Unfair Competition.**

10   The allegations in the Answer do not support a claim for unfair competition under the

11   California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL").  The

12   Unfair Competition Counterclaim is grounded on the same allegations as its Fraud Counterclaim.

13   *See* Answer p. 31, ¶ 46 (incorporating fraud allegations by reference into Unfair Competition

14   Counterclaim); *id.* p. 30, ¶¶ 47-50 (alleging "unlawful, unfair and/or fraudulent" acts on the basis

15   that "Adobe secretly intended to construe the RTMP Specification License in a way that left

16   open th[e] possibility for Adobe to sue developers implementing the technology covered by the

17   RTMP Patents," and alleging a resulting injury of "the costs of defending against this action.").

18   As with its fraud claim, Wowza's Unfair Competition Counterclaim must satisfy the "heightened

19   pleading standard" of Rule 9(b) because it is "grounded in fraud."  *See Chevron Intellectual*

20   *Prop.* 2011 U.S. Dist. LEXIS 89430, at *5, *10 (the Ninth Circuit has "specifically ruled that

21   Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL.")

22   (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).  As discussed above

23   with respect to the Fraud Counterclaim, Wowza's Unfair Competition Counterclaim fails

24   because it is not plead with particularity, not plausible, and does not adequately plead damages.

25   To the extent the Unfair Competition Counterclaim may be based on alleged antitrust

26   violations, it also fails for the reasons discussed above with respect to the Sherman Act

27   Counterclaim.  *Watson Labs, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1118

28   (C.D. Cal. 2001) (quoting *Cel–Tech Comm's, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

24

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243

163, 187 (1999)) (UCL claim "may be proven *only* on the basis of conduct that threatens an incipient violation of an anti-trust law, or violates the policy or spirit of one of those laws . . . or otherwise significantly threatens or harms competition."). In particular, the UCL Counterclaim is barred by the *Noerr-Pennington* doctrine and fails to allege injury to competition by claiming damages in the "costs of defending against this action." Answer, p. 32, ¶ 51.

**D.    Wowza's Additional Factual Allegations and Defenses Must be Stricken from the Answer**

Because Wowza's New Counterclaims fail for the reasons described above, Wowza's many newly added factual allegations in support of its New Counterclaims, and its three new defenses for Prosecution History Laches (Sixteenth Defense), Patent Exhaustion (Seventeenth Defense), and Failure to Mark (Eighteenth Defense), all asserted for the first time in its amended Answer, must also be stricken. *See, e.g., Williams v. O'Neill*, 23 Fed. Appx. 738, 739 (9th Cir. 2001) (court may strike allegations supporting improperly asserted claims); *Alvarez v. Lake County Bd. Of Supervisors*, No. CV 10-1071 NJV, 2011 U.S. Dist. LEXIS 56391, at *15 (N.D. Cal. May 25, 2011) (striking allegations relating to dismissed claims); *Schiff v. Barrett*, No. C 10-1051 PH, 2010 U.S. Dist. LEXIS 131660, at *2 (N.D. Cal. Dec. 13, 2010) (striking new allegations asserted without leave under Rule 15).

## IV.    CONCLUSION

For the foregoing reasons, Adobe respectfully requests that this Court (1) strike, or in the alternative dismiss, the New Counterclaims, (2) strike the new affirmative defenses asserted in the Answer, (3) strike the new factual allegations asserted in the Answer, and (4) award Adobe reasonable attorneys' fees and costs incurred in bringing the anti-SLAPP motion.

Dated:   January 13, 2012          LATHAM & WATKINS LLP


By   /s/ Bob Steinberg
    Bob Steinberg
    Attorneys for Plaintiff
    Adobe Systems Incorporated

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

25

MOTION TO STRIKE OR
DISMISS COUNTERCLAIMS
CASE NO. CV-11-02243