Martin C. Fliesler (SBN 073768) mcf@fdml.com
Joseph P. O'Malley (SBN 159568) jpo@fdml.com
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 362-3800
Facsimile:   (415) 362-2928

Barry F. Irwin, P.C. (*pro hac vice*)
Christopher Freeman (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Attorneys for Defendant and Counterclaimant
WOWZA MEDIA SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>        Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>WOWZA MEDIA SYSTEMS, INC., a California Corporation,<br><br>        Defendant and Counterclaim-Plaintiff. | Action No. CV 11-02243 CW<br><br>**WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE ADOBE SYSTEMS INCORPORATED'S INFRINGEMENT CONTENTIONS OR IN THE ALTERNATIVE TO COMPEL SUPPLEMENTAL CONTENTIONS, AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE 3-3 AND 3-4 OBLIGATIONS**<br><br>Date:           March 1, 2012<br>Time:          2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:         Honorable Claudia Wilken |

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT      1
CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, March 1, 2012 at 2:00 p.m. in Courtroom 2, Wowza Media Systems Inc. ("Wowza") will move the Court for an order (1) striking Adobe Systems Inc.'s ("Adobe") Patent Local Rule 3-1 infringement contentions, or, in the alternative, compelling Adobe to provide compliant 3-1 infringement contentions, and (2) staying discovery and Wowza's Patent Local Rule 3-3 and 3-4 obligations.

## STATEMENT OF RELIEF REQUESTED

Wowza seeks an order striking Adobe's deficient infringement contentions ("Infringement Contentions"), or in the alternative, compelling Adobe to provide supplemental Infringement Contentions and accompanying claim charts that cure the deficiencies in its Amended Infringement Contentions, served December 16, 2011 and that, at least: (a) comply with Patent Local Rule ("P.L.R.") 3-1(a) by identifying specifically which statutory section Adobe asserts; (b) comply with 3-1(c) by showing specifically where it contends each limitation of each asserted claim is found within the Wowza accused software products; (c) comply with 3-1(d) by specifically identifying Adobe's infringement theories and providing the necessary detail for any indirect infringement theories; and (d) comply with 3-1(e) by specifying, for each claim limitation, whether Adobe asserts that Wowza infringes literally or under the doctrine of equivalents. Wowza further seeks an order relieving it from any obligations to produce information relating to the functionality of the accused products, or its Invalidity Contentions, until 45 days after Adobe complies with the Patent Local Rules.

//

//

//

FLIESLER  
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS  
Action No. CV 11-02243-CW

2

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION……………………………………………………………………………….3

II.    ARGUMENT…………………………………………………………………………………….6

    A.    The Patent Local Rules and Rule 11 Establish the Minimum Standards for Infringement Contentions…………………………………………………………..8

    B.    Adobe's Claim Charts Accompanying its Patent Local Rule 3-1(c) Disclosures Do Not Identify Specifically Where Adobe Contends Each Limitation of Each Asserted Claim is Found in Each Wowza Accused Product……………………………………………………………………………...9

    C.    Adobe Fails to Identify a Single Coherent Theory of Infringement Against Wowza, and Instead Inappropriately Parrots Statutory and Local Rule Language and Accuses Wowza in the Alternative…………………………………..12

        1.    Adobe Fails to Specify a Statutory Section Under Which it Accuses Wowza of Infringement……………………………………………….12

        2.    Adobe Advances Numerous Infringement Theories in the Alternative Without Providing Necessary Details for Any Theory………….13

        3.    Adobe Improperly Provides a Blanket Statement Regarding the Doctrine of Equivalents, Without Actually Specifying Where, Or If, it Believes the Doctrine Applies……………………………………………..13

    D.    Discovery Should be Stayed and Wowza Should Not Have to Provide Invalidity Contentions at Least Until Adobe Complies with its Rule 3-1 Obligations……………………………………………………………………………...14

III.    CONCLUSION……………………………………………………………………………15

FLIESLER
MEYER LLP

**WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT**    i
**CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS**
Action No. CV 11-02243-CW

# TABLE OF AUTHORITIES

**Cases**

*Antonious v. Spalding & EvenfloCos., Inc.*,
 275 F.3d 1066 (Fed. Cir. Jan. 7, 2002) ............................................................................... 9

*Bender v. Advanced Micro Devices, Inc.*,
 2010 WL 363341 (N.D. Cal. Feb. 1, 2010) ..................................................................... 8, 15

*Bender v. Maxim Integrated Prods., Inc.*,
 2010 WL 1135762 (N.D. Cal. Mar. 22, 2010) ..................................................................... 14

*FusionArc, Inc. v. Solidus Networks, Inc.*,
 2007 WL 1052900 (N.D.Cal. Apr. 5, 2007) ......................................................................... 7

*Implicit Networks Inc. v. Hewlett-Packard Co.*,
 2011 WL 3954809 (N.D. Cal. Sept. 7, 2011) ......................................................... 4, 5, 8, 13

*InterTrust Techs. Corp. v. Microsoft Corp.*,
 2003 U.S. Dist. LEXIS 22736 (N.D. Cal. Nov. 26, 2003) ..................................................... 8

*InterTrust Techs. Corp. v. Microsoft Corp.*,
 2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) ............................................................... 4, 8, 9

*MEMC Electronic Materials v. Mitsubishi Materials Silicon Corp.*,
 2004 WL 5363616 (N.D. Cal. Mar. 2, 2004) ..................................................................... 14

*Network Caching Tech., LLC v. Novell, Inc.*,
 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002) ......................................................... 7, 8, 9, 14

*Olympic Development AG, LLC v. Nintendo of America, Inc.*,
 Case No. 11-cv-329 SBA, Dkt. No. 89 (N.D. Cal., Dec. 20, 2011) ................................. 10, 12

*OptimumPath, LLC v. Belkin International, Inc.*,
 2011 WL 1399257 (N.D. Cal. Apr. 12, 2011) ..................................................................... 14

*Rambus Inc. v. Hynix Semiconductor Inc.*,
 2008 WL 5411564 (N.D. Cal. Dec. 29, 2008) ..................................................................... 14

*Renesas Tech. Corp. v. Nanya Tech. Corp.*,
 2004 U.S. Dist. LEXIS 23601 (N.D. Cal. Nov. 10, 2004) ..................................................... 9

*Samsung SDI v. Matsushita Elec. Indus. Co.*,
 2006 WL 5097360 (C.D. Cal. June 5, 2006) ......................................................................... 9

*Shared Memory Graphics, LLC v. Apple, Inc. et. al.*,
 2010 WL 5477477 (N.D. Cal. Dec. 30, 2010) ............................................................. 4, 9, 11

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*,
 208 F.3d 981 (Fed. Cir. Mar. 29, 2000) ................................................................................ 9

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

ii

**Statutes**

35 U.S.C. § 271 (a), (b) and/or (c) ................................................................................... 5, 12, 13

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This began as a patent infringement case first filed by Adobe on May 6, 2011 followed by Adobe filing its First Amended Complaint on June 20, 2011 and Second Amended Complaint on December 2, 2011, with Wowza adding counterclaims for fraud, unfair competition, and antitrust violations in its response to the latter filing. Adobe, the Plaintiff, is a large digital media corporation based in California with over $4 billion in annual revenue and approximately 10,000 employees worldwide. It distributes, among other things, software products it acquired in the early 2000s from Macromedia, including Flash Media Server and Flash Player. Wowza is a streaming media server software company based in Evergreen, Colorado and has 15 employees. Wowza competes in the digital media market with Adobe and Adobe's Flash Media Server software products.

Initially in this suit, Adobe asserted two patents, U.S. Patent No. 7,272,658 ("the '658 patent") and its continuation, U.S. Patent No. 7,587,509 ("the '509 patent"), both of which Adobe asserts cover the implementation of multi-media streaming using Real Time Messaging Protocol ("RTMP") – a streaming protocol for reducing the amount of data required to be sent when transmitting multi-media streams by breaking the media streams into specific chunk types which share the same header data, and categorizing the chunks as that type rather than repeatedly transmitting the identical header data. Shortly after U.S. Patent No. 7,961,878 ("the '878 patent") issued, Adobe filed its First Amended Complaint on June 20, 2011, additionally asserting the '878 patent, which Adobe asserts covers the implementation of multi-media streaming using Real Time Messaging Protocol with "encryption" ("RTMPe").[1] By stipulation Adobe filed a Second Amended

---

[1] In RTMPe, the multi-media stream is not itself encrypted, rather cryptographic information (e.g. encrypted information) is inserted into a pre-defined location within the media stream to facilitate a "handshake" between the server and client machines that allows for secure transfer of information.

Fliesler Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

3

Complaint on December 2, 2011, asserting five patents in total, the three patents discussed above, another continuation of the '658 patent purportedly covering RTMP, U.S. Patent Nos. 8,065,426 ("the '426 patent"), and a related patent, which does not claim priority to any of the above patents, but also purportedly covers RTMPe, U.S. Patent No. 8,051,287 ("the '287 patent") (all five asserted patents collectively the "patents-in-suit").

As a patent case, the Patent Local Rules are applicable. Pursuant to the P.L.R., Adobe was required to provide Infringement Contentions encompassing all five patents-in-suit by December 16, 2011. On that day, Adobe served its First Amended Disclosure of Asserted Claims and Infringement Contentions Under Patent L.R. 3-1 (Fliesler Decl., Ex. A). Generally, these contentions accused several versions of Wowza Media Server ("WMS" or "accused software products") of infringing 115 claims of the five patents-in-suit. However, Adobe's Infringement Contentions are deficient in numerous respects, and do not properly apprise Wowza of the claims at issue.

Most importantly, all of Adobe's Infringement Contentions fail to identify "specifically where each limitation of each asserted claim is found within each Accused Instrumentality" as required by P.L.R. 3-1(c). *See Shared Memory Graphics, LLC v. Apple, Inc. et. al.*, No. C-10-2475 VRW (EMC), 2010 WL 5477477, at *1 (N.D. Cal. Dec. 30, 2010). In this District, "reverse engineering or its equivalent" is required to comply with P.L.R. 3-1, and Rule 11. *Implicit Networks Inc. v. Hewlett-Packard Co.*, No. C 10–03746 SI, 2011 WL 3954809, at *5 (N.D. Cal. Sept. 7, 2011). Adobe's current claim charts fall well short of this standard, and in no way serve to "crystallize its theory of the case and patent claims." *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003). Instead of pointing out with particularity where in Wowza's accused products Adobe contends each element of the asserted claims is found, Adobe inappropriately cites to its ***own documents describing Adobe's***

Fliesler Meyer LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

4

*implementation of RTMP and RTMPe* as purported support for its contention that Wowza's products infringe. Additionally, in some instances where Adobe's documents are silent on a claim limitation, Adobe provides no support for its infringement allegations. Adobe's Infringement Contentions claim charts therefore fail to reasonably apprise Wowza of the allegations it is facing, and, are therefore, insufficient under the Patent Local Rules.

Further, Adobe's responses under at least P.L.R. 3-1(a), (d), and (e) are deficient because Adobe merely uses boilerplate language without providing Wowza with any notice of Adobe's actual infringement theories. For its response under P.L.R. 3-1(a), Adobe states that Wowza infringes all of the asserted claims under "35 U.S.C. § 271 (a), (b) **and/or** (c)" (emphasis added). Similarly, in its response under P.L.R. 3-1(d), Adobe accuses Wowza of infringing the patents-in-suit under numerous theories including directly, indirectly, through inducement, and contributorily. Nowhere does Adobe pinpoint a true infringement theory. Nor does Adobe identify any third parties that it believes facilitate indirect infringement, as required by P.L.R. 3-1(d). Also, under P.L.R. 3-1(e), Adobe asserts that each limitation of each asserted claim is met literally **and/or** under the doctrine to equivalents[,]" (emphasis added) without making any specific allegations about either theory. Such boilerplate language and couching of responses do not satisfy Adobe's obligations under P.L.R. 3-1. *See, e.g. Implicit Networks Inc.*, 2011 WL 3954809, at *6.

Wowza pointed out these deficiencies to Adobe in an email dated January 9, 2012 (Fliesler Decl., Ex. B), and suggested a meet and confer in an attempt to avoid motion practice. In a January 11, 2012 email response, Adobe denied that its contentions were deficient, and asserted that Adobe's discussion of the RTMP and RTMPe specifications in the Infringement Contentions meets the "reverse engineering or equivalent" level of detail. This is not the case. The "reverse engineering or equivalent" must focus on the Wowza Media Server, not Adobe's own RTMP and RTMPe

FLIESLER MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

5

specifications. Mapping Adobe's own RTMP and RTMPe specifications to Adobe's claims is not sufficient to demonstrate that Wowza's software products infringe any claim of the patents-in-suit. Adobe's Infringement Contentions therefore fail "to crystallize its theories of the case early in the litigation." Adobe's request that "[t]o the extent Wowza is alleging that it does not comply strictly with the technical requirements of the specifications, Adobe requests Wowza to provide a detailed basis for this allegation" (Fliesler Decl., Ex. C) is merely improper burden shifting that would require Wowza to prove non-infringement before Adobe's has made its infringement case.

Nevertheless, Wowza and Adobe continued to meet and confer on this issue and attempted to formulate a mutually agreeable joint stipulation. However, Adobe's continuing refusal to acknowledge the shortcomings in its Infringement Contentions, and attempts to impose additional and unwarranted burdens on Wowza prevented agreement between the parties. For example, one Adobe draft of a potential stipulation merely gave Adobe the *option* of filing Supplemental Infringement Contentions, while at the same time attempting to put limits on Wowza's ability to assert prior art in its invalidity defense. (*See* Fliesler Decl. Ex. D, Adobe draft stipulation). This is unacceptable. Wowza's ability to develop prior art leads is severely hampered by Adobe's refusal to disclose coherent infringement theories. Thus, Adobe's actions have made this motion unavoidable.

Adobe's non-compliant Infringement Contentions should be stricken for failure to comply with the Patent Local Rules. In the alternative, Adobe should be compelled to amend its contentions so that they comply with all aspects of P.L.R. 3-1. In either case, Wowza's discovery obligations and its obligations under P.L.R. 3-3 and 3-4 should be stayed, at least until after Adobe has complied with its obligations.

## II. ARGUMENT

Adobe seeks to skirt its obligation under the Patent Local Rules, by providing Wowza with

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

6

only boilerplate language, conclusory allegations in its Infringement Contentions and referencing Adobe's own RTMP and RTMPe specifications as evidence of Wowza's alleged infringement. The claim charts accompanying Adobe's contentions, which are supposed to identify "where each limitation is found within each accused instrumentality," do little more than parrot the claim language of the asserted claims. Moreover, to the extent that a claim limitation requires identification of the Accused Instrumentality, the charts utilize Adobe's RTMP or RTMPe specifications, while Adobe cites only to a single Wowza document that merely reflects support of those protocols by Wowza Media Server 3.0, released in October 2011. To the extent a claim limitation calls for details of those implementations, however, Adobe references only its ***own specifications*** instead of identifying where in Wowza's software product Adobe believes the infringing features are found. Further, Adobe's Infringement Contentions assert multiple, mutually-exclusive, theories of infringement in the alternative, without ever identifying a true theory. Moreover, Adobe has left required details out of its Infringement Contentions, leaving Wowza to guess at Adobe's true allegations. Adobe's claim charts, and Infringement Contentions as a whole, are plainly insufficient.

Rather then providing meaningful contentions that move the case and discovery forward, Adobe has largely brushed aside its P.L.R. 3-1 obligation. Adobe's refusal to pinpoint its infringement theories leaves Wowza open to "fishing expeditions" from a much larger and resource-heavy plaintiff, and have prejudiced Wowza's development of meaningful defenses, identification of issues for claim construction, and collection and analysis of prior art. *See e.g. Network Caching Tech., LLC v. Novell, Inc.*, No. C–01–2079–VRW, 2002 WL 32126128 at *4 (N.D. Cal. Aug. 13, 2002). Adobe's faulty contentions subvert the purposes of the Patent Local Rules and continue to hinder the parties' ability to streamline discovery in this case. *See FusionArc, Inc. v. Solidus*

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

7

FLIESLER
MEYER LLP

*Networks, Inc.*, No. C 06-06760 RMW (RS), 2007 WL 1052900, *2 (N.D.Cal. Apr. 5, 2007). Adobe's Infringement Contentions should be stricken, or at least Adobe should be compelled to provide compliant Infringement Contentions and discovery and further contentions should be stayed until it does.

### A. The Patent Local Rules and Rule 11 Establish the Minimum Standards for Infringement Contentions

To make patent litigation more efficient, the patentee must disclose, in its P.L.R. 3-1 disclosures, a minimum level of detail about its infringement theory. As Chief Judge Walker held in *Network Caching Tech., LLC v. Novell, Inc.*, the minimum specificity required by Rule 3-1 is set by Federal Rule of Civil Procedure 11: "[T]he standard of FRCP 11 prefiling inquiry establishes the minimum level of detail that Patent LR 3-1 requires." *Network Caching Tech., LLC,* 2002 WL 32126128. Courts in this District have held that the minimum level of prefiling investigation required by Rule 11, and therefore the minimum standard that must be disclosed in a patentee's Infringement Contentions is "reverse engineering or its equivalent." *Implicit Networks Inc. v.*, 2011 WL 3954809, at *5; *see, also Bender v. Advanced Micro Devices, Inc.*, No. C-09-1149 MMC (EMC), 2010 WL 363341 (N.D. Cal. Feb. 1, 2010). The purpose of this requirement is to "crystallize [plaintiff's] theory of the case and patent claims." *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 U.S. Dist. LEXIS 22736, *6 (N.D. Cal. Nov. 26, 2003).

Patent Local Rule 3-1(c) requires a patentee to include in its infringement contentions a chart, "identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." P.L.R. 3-1(c). As the court noted in *Intertrust Techs. Corp. v. Microsoft Corp.*, the "overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *InterTrust Techs. Corp.*, 2003 WL

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

8

23120174, at *2.  The specificity required by Patent L.R. 3-1(c) requires that the patent holder provide the accused infringer with more than just the language of the patent.  *Network Caching Tech., LLC*, 2002 WL 32126128, at *6.  The Infringement Contentions must do more than simply state that the product infringes, it must specify where in the product each limitation is located. *Renesas Tech. Corp. v. Nanya Tech. Corp.*, C 03-05709 JF (HRL), 2004 U.S. Dist. LEXIS 23601, at *17 (N.D. Cal. Nov. 10, 2004).  A patentee's Infringement Contentions must explain how each limitation is met by the product, and require that the product be compared on an element by element basis to the asserted claims, as applied by the patentee.  *InterTrust Techs. Corp.*, 2003 WL 23120174, at *2 (citing *Network Caching Tech., LLC*, 2002 WL 32126128, at *5).  Thus, Adobe's Infringement Contentions are required to "map **specific elements** of Defendant's alleged infringing products onto [its] claim construction."  *Shared Memory Graphics, LLC*, 2010 WL 5477477, at *1 (citing *Samsung SDI v. Matsushita Elec. Indus. Co.*, No. CV 05-8493 PA (SJHx), 2006 WL 5097360, *4 (C.D. Cal. June 5, 2006)) (emphasis added).

### B. Adobe's Claim Charts Accompanying its Patent Local Rule 3-1(c) Disclosures Do Not Identify Specifically Where Adobe Contends Each Limitation of Each Asserted Claim is Found in Each Wowza Accused Product

The purpose of P.L.R. 3-1(c) claim charts is to "crystallize" the patentee's infringement contentions by identifying "specifically where each limitation of each asserted claim is found within the Accused Instrumentality[.]"  *Microsoft Corp.*, 2003 U.S. Dist. LEXIS 22736, *6; P.L.R. 3-1(c).  Claim charts under Patent Local Rule 3-1(c) must be specific enough to provide reasonable notice to the defendant of the plaintiff's theory of the case and "to raise a reasonable inference that all accused products infringe."  *Shared Memory Graphics LLC*, 2010 WL 5477477, at *2 (citing *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. Mar. 29, 2000); *Antonious v. Spalding & EvenfloCos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. Jan. 7, 2002)).  Infringement contentions are

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

9

deficient under Rule 3-1 when they invite one "to assume the presence" of a limitation in the accused device. Id.

In its infringement claim charts, Adobe primarily just "parrots the language of each claim [Adobe] is asserting against [Wowza] without specifying the location where any of the claim limitations can be found within [Wowza's] products." *Olympic Devs. AG, LLC v. Nintendo of Am., Inc.*, Case No. 11-cv-00329-SBA, ECF No. 89 at 4 (N.D. Cal. Dec. 20, 2011). Like the patentee in Olympic Developments, Adobe merely paraphrases, or flat-out repeats, the claim language of the asserted claims, and then makes the conclusory statement that the accused WMS product practices that claim limitation, without citing to any documents that describe the purportedly infringing product. Id. As in Olympic Developments, Adobe's claim charts "require[] one to assume the presence of [the asserted limitations] within [Wowza's] product, and [are] therefore deficient under Rule 3-1(c)." Id.

Adobe's '658 patent claim chart (see Exhibit A, Appendix A) is illustrative. In it, Adobe only provides an arguably substantive comparison to the first claim element, the preamble to claim 1 of the '658 patent. Here, Adobe cites to only one document that references the accused product, a high-level public marketing document named "WMS Overview." Adobe cites several general passages about the capabilities of WMS, without any references to what components actually carry out the functions or the details of such functionality. At most, this document supports only the proposition that Wowza supports RTMP and RTMPe protocols in its product. However, it says nothing about the manner in which these protocols are supported as evidenced by the remainder of the claim chart -- 15 claims consisting of multiple claim elements each -- which follows the same pattern: Adobe parrots, or paraphrases, the claim language and provides a brief citation to a handful of pages in its *own* RTMP Specification, not any Wowza product materials. That is, Adobe makes a brief,

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

10

conclusory statement that WMS practices the language of the claim element, and then as "evidence" of this infringement, *cites to its own product specification*. In no way does this give Wowza notice of *specifically where* Adobe believes each limitation of each asserted claim is found in each **Wowza accused product.**[2] *See Shared Memory Graphics, LLC*, 2010 WL 5477477, at *1; Patent Local Rule 3-1(c). For other claim limitations, for example in claims 8, 17, and 18 in the '658 chart, Adobe provides no supporting citations at all for its conclusory allegations. In other claims, such as claims 6, 12, 16, 21, and 22, Adobe simply cross-references to its previous, inadequate disclosures. Adobe's claim charts for the '509 patent, '878 patent, '287 patent, and '426 patent follow precisely the same pattern,[3] and therefore come no closer to meeting Adobe's obligations under P.L.R. 3-1(c).

Adobe's failure to provide any specificity in its claim charts is especially troubling given that Adobe has been provided with significant discovery and has had an opportunity to inspect Wowza's source code over several days.[4] Despite this, Adobe does not cite to any documents that Wowza has

---

[2] Adobe may argue that it is citing to a specification that it believes Wowza's acussed product follows, but this does not excuse Adobe's failure to provide detailed allegations of where it believes the accused functionality resides in the Wowza accused product. Simply citing to the RTMP specification forces Wowza, and the Court, to make the assumption that WMS practices the accused functionality in the same way, and to guess where that functionality resides. This falls well short of Adobe P.L.R. 3-1 obligation. *See Shared Memory Graphics, LLC*, 2010 WL 5477477, at *3. At a bare minimum, Adobe must have and provide a reasonable basis to conclude that RTMP and RTMPe can only be implemented in the way Adobe has implemented it.

[3] For the patents purported to cover RTMPe, the '878 and '287 patents, Adobe further complicates matters by citing to an Adobe internal RTMPe specification which it has designated "Highly Confidential - Attorneys' Eyes Only." Under the Protective Order in this case, that designation on the specification and accompanying charts prevents any Wowza personnel from reviewing those documents, so Wowza has be unable to evaluate even the scant detail that Adobe has provided about its infringement allegations. This highlights another way Adobe's inappropriate citations to *internal Adobe documents* in its Infringement Contentions has hindered meaningful progress in this case.

[4] Adobe's January 11, 2012 email alleges difficulties by Adobe in obtaining the source code in discovery. This is a side issue and in any event, only an outside attorney for Adobe, not a technical expert or consultant, came to read Wowza's extensive and complex source code. Adobe has a "reverse engineering or equivalent" requirement for its invalidity contentions whether they have access to the source code or not. Further, Adobe should have requested a

---

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

11

produced or to any of the WMS source code that it has spent several days inspecting and copying. Indeed, nothing in Adobe's Infringement Contentions comes close to that level of detail. Adobe's claim charts subvert the purpose of the Patent Local Rules, and leave Wowza guessing at Adobe's true contentions, causing ongoing prejudice to Wowza. Adobe must be made to do better. These deficient Infringement Contentions should be stricken.

### C. Adobe Fails to Identify a Single Coherent Theory of Infringement Against Wowza, and Instead Inappropriately Parrots Statutory and Local Rule Language and Accuses Wowza in the Alternative

Even putting aside Adobe's glaring shortcomings in its claim charts, its other responses under P.L.R. 3-1 are deficient because Adobe asserts alternative theories without ever making a true contention, leaves out critical and required details, and inappropriately attempts to apply the doctrine of equivalents with a blanket statement instead of particularized allegations.

#### 1. Adobe Fails to Specify a Statutory Section Under Which it Accuses Wowza of Infringement

P.L.R. 3-1(a) requires patentees to list for "each claim or each patent in suit . . . the applicable statutory subsection of 35 U.S.C. § 271 [that it has] asserted." This requirement is one of several in the P.L.R. 3-1 that is designed to help the parties streamline discovery and focus the case on the applicable allegations. *See e.g. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 22736, *6. For its response under P.L.R. 3-1(a), Adobe states, for each of the asserted patents, that Wowza infringes under "35 U.S.C. § 271 (a), (b) **and/or** (c)," without any indication as to what statutory section Adobe believes is actually applicable. Once again, Adobe's couching of its responses fails to provide Wowza with adequate notice of Adobe's true infringement allegations, and prejudices

---

review of the Wowza source code under the interim Protective Order for Patent Local Rule 2-2 if they needed it earlier. In any event, Wowza has provided Adobe access to the source code and they have had full access to at least one version of the source code for the Wowza Media Server sufficient that they should be able to produce infringement conditions that meet the "reverse engineering or equivalent" burden.

---

FLIESLER
MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

12

Wowza's ability to develop defenses and respond accordingly. Adobe's response under P.L.R. 3-1(a) is therefore deficient. *Olympic Devs. AG, LLC*, Case No. 11-cv-00329-SBA, ECF No. 89 at 5 (N.D. Cal. Dec. 20, 2011).

### 2. Adobe Advances Numerous Infringement Theories in the Alternative Without Providing Necessary Details for Any Theory

P.L.R. 3-1(d) requires the patentee to further specify its infringement theories by, "for each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." Again, this requirement serves the critical purpose of identifying the patentee's case as one of direct or indirect infringement, and thus helping to "crystallize" the patentee's case. *Microsoft Corp.*, 2003 U.S. Dist. LEXIS 22736, *6. Again, Adobe accuses Wowza of infringing the patents-in-suit under numerous theories, including directly under 35 U.S.C. § 271(a), through inducement under 35 U.S.C. § 271(b), and contributorily under 35 U.S.C. § 271(c). However, to the extent that Adobe does plan to rely on indirect infringement theories, it has not described "the acts of the alleged indirect infringer that contribute to or are inducing [the] direct infringement," as required by P.L.R. 3-1(d). This lack of detail or specificity does not satisfy Adobe's obligations under P.L.R. 3-1. *See, e.g. Implicit Networks Inc.*, 2011 WL 3954809, at *6. If Adobe plans to rely in any way on indirect infringement theories, it is required to provide far more detail. If Adobe does not plan to rely on indirect infringement, it must say so, and not continue to muddy the waters with inapplicable theories.

### 3. Adobe Improperly Provides a Blanket Statement Regarding the Doctrine of Equivalents, Without Actually Specifying Where, Or If, it Believes the Doctrine Applies.

In its response under Patent Local Rule 3-1(f), Adobe simply makes the blanket statement, "[e]ach limitation of the asserted claims is met literally and/or under the doctrine of equivalents."

FLIESLER MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

13

But P.L.R. 3-1(f) requires a specific assertion of the doctrine of equivalents for "**each limitation of each asserted claim**" not a catch-all statement meant to further obscure Adobe's true accusations. Courts in this District have rejected patentees' attempts to assert claims under the doctrine of equivalents with blanket statements in Infringement Contentions. *Rambus Inc. v. Hynix Semiconductor Inc.*, Nos. C-05-00334 RMW, C-05-02298 RMW, C-06-00244 RMW, 2008 WL 5411564, *3 (N.D. Cal. Dec. 29, 2008) ("The Patent Local Rules require a limitation-by-limitation analysis, not a boilerplate reservation."); *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. C 01–4925 SBA, 2004 WL 5363616, *4-6 (N.D. Cal. Mar. 2, 2004) ("This blanket statement does not identify where each element of each asserted claim is found within each wafer and does not point out each element of each asserted claim that MEMC claims is present under the doctrine of equivalents."). Thus, Adobe's contentions under P.L.R. 3-1(f) should be stricken, and Adobe precluded from asserting the doctrine of equivalents. In the alternative, at the very least, Adobe should be compelled to specify each claim limitations it contends is infringed under the doctrine of equivalents, or be barred from asserting the doctrine. *See OptimumPath, LLC v. Belkin Int'l, Inc.*, No. C 09–01398 CW, 2011 WL 1399257, at *8 (N.D. Cal. Apr. 12, 2011).

**D. Discovery Should be Stayed and Wowza Should Not Have to Provide Invalidity Contentions at Least Until Adobe Complies with its Rule 3-1 Obligations**

Where, as here, the patentee does not provide sufficient detail in its Infringement Contentions or its infringement charts to satisfy Rule 3-1, courts in this district have stayed discovery and defendants P.L.R. 3-3 and 3-4 obligations. For example, in *Bender v. Maxim Integrated Prods., Inc.*, Judge Illston held that the patentee "bears the burden of providing infringement contentions that specify the location of every claim element within the accused products, so that the Court can make a principled decision on whether discovery will proceed." *Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010). Chief Judge Walker also

FLIESLER MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

14

stayed discovery pending the patentee's compliance with Rule 3-1 in *Network Caching*. *Network Caching*, 2002 WL 32126128, at *7. Further, courts in this district have stayed a defendant's obligation to serve Invalidity Contentions until the patentee properly complies with its obligations. *See e.g. Bender*, 2010 WL 363341, at *2 ("Because the infringement contentions are still outstanding, [defendant's] obligation to serve invalidity contentions is temporarily stayed"). Given Adobe's manifest failure to comply with Rule 3-1, Wowza should not be obligated to produce any further materials or witnesses to Adobe, or serve its responsive Invalidity Contentions under P.L.R. 3-3 and 3-4, until Adobe is in full compliance with the rules.

### III. CONCLUSION

Adobe failed to comply with P.L.R. 3-1(a), 3-1(c), 3-1(d), and 3-1(e) for the reasons stated above. Accordingly, Wowza respectfully requests that that Court grant Wowza's Motion to Strike Adobe's Infringement Contentions, or in the alternative, to Compel Adobe to serve Supplemental Infringement Contentions that comply in all aspects with P.L.R. 3-1, and to relieve Wowza of discovery obligations and obligations under P.L.R. 3-3 and 3-4 pending service of compliant Infringement Contentions.

Respectfully submitted,

Dated: January 26, 2012        By: /s/ Martin C. Fliesler
                                    Martin C. Fliesler
                                    Joseph P. O'Malley
                                    FLIESLER MEYER LLP

                                    Attorneys for Defendant and
                                    Counterclaim Plaintiff
                                    WOWZA MEDIA SYSTEMS, INC.

FLIESLER MEYER LLP

WOWZA MEDIA SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO STAY DISCOVERY AND WOWZA'S PATENT LOCAL RULE OBLIGATIONS
Action No. CV 11-02243-CW

15