IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>WOWZA MEDIA SYSTEMS, LLC, and COFFEE CUP PARTNERS, INC. (F/K/A/ WOWZA MEDIA SYSTEMS, INC.),<br><br>Defendants. | Case No.: 11-2243 CW (JSC)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT STATEMENT (Dkt. No. 133)** |

Pending before the Court is a Joint Statement Regarding Discovery Dispute (Dkt. No. 133). The parties seek a determination from the Court regarding the number of interrogatories propounded by Defendant Wowza to date. The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7–1(b). Having considered the papers submitted to the Court, the Court finds that as propounded Defendants' interrogatories may exceed the agreed upon limit on Interrogatories in this action.

## DISCUSSION

Federal Rule of Procedure 33(a)(1) limits the parties in an action to "no more than 25 written interrogatories, including all discrete subparts." Here, the parties agreed to a total interrogatory limit of 60 per side, which was adopted by the Court on October 11, 2011. (Dkt. Nos. 25, 28). To date, Defendants have served four sets of interrogatories for a total of

1  33 interrogatories. A dispute has arisen regarding whether some portion of these
2  interrogatories should be counted as multiple interrogatories.
3      Plaintiff contends that many of the interrogatories and subparts thereto should be
4  counted as separate interrogatories relying on cases which provide that interrogatories and
5  the subparts thereto that contain distinct or separate subjects should be counted as multiple
6  interrogatories. See, e.g., Hasan v. Johnson, No. 08-00381, 2012 WL 569370, at *3 (E.D.
7  Cal. Feb. 21, 2012); Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006);
8  Collaboration Properties, Inc. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004).
9  Defendants counter that these and other cases also incorporate a "logical relationship" test
10  such that "interrogatory subparts are to be counted as one interrogatory . . . if they are
11  logically or factually subsumed within and necessarily related to the primary question."
12  Trevino, 232 F.R.D. at 614 (internal citations omitted). The Court finds that under either
13  approach many of Defendants' interrogatories cover multiple distinct subjects and thus
14  constitute multiple interrogatories.
15      The Court has reviewed the ten interrogatories at issue.[1] The Court declines to
16  undertake the laborious process of reviewing each disputed interrogatory and dividing it into
17  subparts; instead, the Court provides the following guidance with respect to the
18  interrogatories in dispute.

19  **A.**     <u>**Interrogatory No. 11**</u>
20      Interrogatory No. 11 (Dkt. No. 133-1, pp. 4-5) states as follows:

> For each of the following subjects, provide the names of the three persons having the most personal knowledge and/or involvement with that subject: (a) the drafting of the RTMP Specification License; (b) the decision to issue the RTMP Specification License; (c) the drafting of the June 20, 2009 Press Release entitled "Adobe to Open Flash Platform Messaging Protocol," (d) the decision to issue the June 20, 2009 Press Release entitled "Adobe to Open Flash Platform Messaging Protocol," (e) the market in which Adobe's Flash Media Server has competed from 2005 to present ("Relevant Market"); (f) the share of the Relevant Market held by Adobe's Flash Media Server from 2005 to present; (g)

---
[1] The Interrogatories in dispute are Interrogatory Nos. 11, 15, 16, 17, 24, 25, 29, 30, 31, and 32.

2

United States District Court
Northern District of California

competitors and competing products in the Relevant Market; (h) the prosecution of each of the Patents-in-Suit; (i) correspondence with third-parties regarding the RTMP Specification License; (j) Adobe's investigation of Wowza prior to instituting this Litigation; (k) Adobe's investigation and analysis of the Accused Instrumentalities prior to instituting this Litigation; and (l) Adobe's decision to institute this Litigation.

Defendants argue that this interrogatory at most constitutes three separate interrogatories. Plaintiff contends that each of the listed subjects represents a distinct interrogatory. The Court finds that Defendant is seeking information regarding twelve different subjects in this interrogatory and each identified subject represents a distinct sub-part. Thus, this interrogatory constitutes twelve separate interrogatories.

**B. Interrogatories No. 24 and 25**

Interrogatories No. 24 and 25 (Dkt. No. 133-1, pp. 14-15) state in relevant part:

**Interrogatory No. 24**

Describe in detail the public beta testing of Flash Player 6, including, at least:

a. When the beta test began and ended;
b. When the first copy of Flash Player 6 was provided to someone outside of Adobe;
c. The name of the first person outside of Adobe to receive Flash Player 6;
d. How many people received Flash Player 6 during the beta test;
e. The presence or absence of RTMP functionality in the public beta version of Flash Player 6;
f. A description of any RTMP functionality in the public beta version of Flash Player 6;
g. An estimate of the number of copies of Flash Player 6 downloaded prior to February 13, 2002.
h. What mechanism(s), if any, Adobe put in place to control access to the software distributed in connection with the beta test;
i. What mechanism(s), if any, participants in the beta test had to communicate their experience with Flash Player 6 to Adobe.

[omitted because the parties do not dispute the remainder of the interrogatory].

**Interrogatory No. 25**

Describe in detail the public beta testing of Flash Player 9, update 3 including, at least:

a. When the beta test began and ended;
b. When the first copy of Flash Player 9, update 3 was provided to someone outside of Adobe;

      c. The name of the first person outside of Adobe to receive Flash Player 9, update 3;

d. How many people received Flash Player 9, update 3 during the beta test;

e. The presence or absence of RTMP functionality in the public beta version of Flash Player 9, update 3;

f. A description of any RTMP functionality in the public beta version of Flash Player 9, update 3;

g. An estimate of the number of copies of Flash Player 9, update 3 downloaded prior to October 15, 2008;

h. What mechanism(s), if any, Adobe put in place to control access to the software distributed in connection with the beta test;

i. What mechanism(s), if any, participants in the beta test had to communicate their experience with Flash Player 9, update 3 to Adobe

[omitted because the parties do not dispute the remainder of the interrogatory].

Plaintiff argues that these two interrogatories each represent two interrogatories because the details of public beta testing are a separate issue from the technical question of how the streaming protocols were reported. The Court finds that the information sought in these interrogatories is not as severable as Plaintiff contends. The technical information that Defendants seek regarding the RTMP streaming functionality is limited to the beta testing. As such, each interrogatory is properly viewed as a single interrogatory.

**C. <u>Interrogatory No. 30</u>**

Interrogatory No. 30 (Dkt. No. 133-5, p. 4) states in relevant part:

> Identify and describe the good-faith basis Adobe had, prior to filing this suit, for accusing Wowza of infringing the Patents-in-Suit, and identify and describe any analysis undertaken in support of Adobe's pre-suit investigation concerning the infringement, validity, and enforceability, of each asserted claim of the Patents-in-Suit by Wowza, as well as any analysis undertaken in support of Adobe's pre-suit investigation concerning the applicability of the RTMP Specification License to Wowza, including all information Adobe obtained from observing, using, or testing each of the Accused Products; state all facts or observations supporting your good-faith basis and/or presuit investigation; identify all documents or items of evidence supporting or contravening your good faith basis and/or pre-suit investigation; and identify all individuals with knowledge of any facts relating to, supporting or contravening your good-faith basis and/or pre-suit investigation. [omitted because the parties do not dispute the remainder of the interrogatory].

Plaintiff contends that this interrogatory constitutes three separate interrogatories because it asks Adobe to (1) describe its basis for accusing Wowza of infringing on the patents at issue, (2) identify and describe any analysis undertaken in support of Adobe's pre-suit investigation concerning the infringement, validity and enforceability of each claim, and (3) describe any analysis undertaken regarding the applicability of the RTMP Specification License to Wowza. The Court agrees that this interrogatory seeks information regarding three distinct subject matters. "[W]hen a subpart introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." 7-33 Moore's Fed. Prac.-Civ. § 33.30. Accordingly, the Court finds that this interrogatory is properly counted as three separate interrogatories.

## D.  Interrogatory Nos. 31 and 32

Interrogatory Nos. 31 and 32 (Dkt. No. 133-13, pp. 3-4) state in relevant part:

**Interrogatory 31**
Describe in detail the development and implementation of RTMP, including all aspects of RTMP you contend are described in any of the Patents-in-Suit. In your description, include a description of: the product that was modified to include RTMP and what was done to modify said product, the reasons causing the developers to consider improving or modifying said product with RTMP and why that decision was made; or if the developers were not considering an improvement or modification, what gave rise to the idea embodied by RTMP; any and all advantages that were expected to be gained by adding RTMP to said product and an analysis of said advantages, including whether said advantages were actually realized; any other methods of improvement tried before or after the development and implementation of RTMP; all technical documents considered in connection with the development of RTMP; any and all problems encountered during the development and implementation of RTMP; all tools used in developmental testing; and all initial, intermediate, and final methodologies for implementing RTMP, and all reasons that implementation methods were modified. In your response, state all facts or observations supporting your descriptions; identify all documents or items of evidence referenced or relied upon by anyone associated with the development, implementation and/or testing of RTMP; and identify all individuals with knowledge of any facts surrounding the development, implementation and/or testing of RTMP. [omitted because the parties do not dispute the remainder of the interrogatory].

**Interrogatory No. 32**

Identical to Interrogatory No. 31 except that it is for RTMPe rather than RTMP.

Plaintiff argues that these interrogatories should be counted as seven separate interrogatories each. The Court agrees. These interrogatories seek the universe of information regarding RTMP and RTMPe and Defendants included a very specific laundry list of information sought regarding each. They are each properly counted as seven individual interrogatories.

**E.     The Remaining Interrogatories**

The Court declines to make specific findings regarding each of the remaining categories, and instead, recommends that the parties take the guidance provided by this Order and apply it to the remaining disputed interrogatories. Based on the Court's reasoning above, the parties should be able to work out whether the remaining disputed interrogatories (Interrogatory Nos. 15, 16, 17, and 29) constitute multiple interrogatories.

## CONCLUSION

Based on the foregoing, the Court finds that many of the interrogatories propounded by Plaintiffs constitute multiple interrogatories. The Court directs the parties to meet and confer and attempt to resolve the dispute regarding the remaining interrogatories.[2]

Plaintiff's Motion to File Exhibits A and B to the Joint Statement Under Seal (Dkt. No. 134) is GRANTED. Plaintiff shall electronically file the exhibits under seal within three days of the date of this Order.

This Order disposes of Docket Nos. 133 and 134.

**IT IS SO ORDERED.**

Dated: July 25, 2012                              _____
                                                  JACQUELINE SCOTT CORLEY
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The Court declines to reconsider its Order that the parties meet and confer **in person** prior to filing any discovery disputes with the Court.