Joseph P. O'Malley (SBN 159568)
jpo@fdml.com
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 362-3800
Facsimile: (415) 362-2928

Barry F. Irwin, P.C. (*pro hac vice*)
barry.irwin@kirkland.com
Brent P. Ray (*pro hac vice*)
brent.ray@kirkland.com
Christopher Freeman (*pro hac vice*)
christopher.freeman@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Alyssa Liang (SBN 271238)
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

Attorneys for Defendants
WOWZA MEDIA SYSTEMS, LLC and
COFFEE CUP PARTNERS, INC.
(f/k/a WOWZA MEDIA SYSTEMS, INC.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ADOBE SYSTEMS INC., | ) Action No. CV-11-02243 CW (JSC) |
| Plaintiff, | ) **WOWZA'S EMERGENCY ADMINISTRATIVE MOTION FOR PROTECTIVE ORDER** |
| vs. | ) |
| WOWZA MEDIA SYSTEMS, LLC and COFFEE CUP PARTNER, INC. (f/k/a WOWZA MEDIA SYSTEMS, INC.), | ) |
| Defendants. | ) |

REDACTED PUBLICALLY FILED VERSION

1

**EMERGENCY ADMINISTRATIVE MOTION FOR PROTECTIVE ORDER**

Pursuant to Local Rules 7-1(a)(4) and 7-11, and this Court's July 20, 2012 Order (Dkt. 138), Wowza hereby moves for a Protective Order enjoining Plaintiff Adobe from serving any additional third-party discovery until this Court can determine the propriety of such discovery. In support of its Emergency Administrative Motion, Wowza states as follows.

This morning, Adobe stated that it intends to begin serving subpoenas today on dozens of Wowza's customers. Adobe's threat to serve these subpoenas comes despite this Court's Order that third party subpoenas should not be issued prior to meeting and conferring (Dkt. No. 138, July 20, 2012 Order), and despite Wowza informing Adobe that it intends to move for a Protective Order. This Court's Third Party Subpoena Order was issued at Wowza's request, with this precise scenario as the rationale, in order to allow Wowza the opportunity to seek a Protective Order in advance of any further subpoenas being served upon its customers. For Adobe to serve subpoenas, despite Wowza informing Adobe that it intends to seek a Protective Order, flies in the face of this Court's Order. As such, Wowza requests that the Court enjoin Adobe from issuing any subpoenas until the Court can determine the propriety of such subpoenas.

In this case, Adobe has accused Wowza of infringing four patents (originally, Adobe asserted five) by offering for sale the Wowza Media Server that can be used to stream content (such as live and on demand video and audio files) to third party computers, upon request, pursuant to different protocols (depending upon the device requesting the content and the manner in which the content owner has decided to make the content available). The protocols alleged to infringe Adobe's patents are protocols recognized by Adobe's "flash player," RTMP and encrypted RTMP (RTMPe).

In early 2009, two years before bringing this lawsuit, Adobe granted a royalty free license to its Essential Patents allowing people to implement RTMP ("Open License") to promote industry wide adoption of RTMP, which has the effect of furthering sales of other Adobe products. (*See* Exhibit 1, Jan 20, 2009 Adobe Press Release, "Adobe to Open Flash Platform Messaging Protocol".) Adobe touted the Open License as "[p]roviding developers and companies open and free access to

2

---

RTMP." (*Id.*) Numerous companies have developed and marketed servers that stream RTMP, just as Wowza's server does. Adobe has not accused any of these companies of infringing their patents.

In addition to RTMP, Wowza has also included RTMPe capabilities in its Wowza Media Server. Despite the fact that Adobe, in its press release announcing the Open License stated that companies implementing RTMP are free to implement their own security measures[1] (which, of course, must be compatible with Adobe's flash players), Adobe claims that Wowza's implementation of RTMPe (one of several security measures compatible with the flash player) has caused Wowza to lose its license to implement RTMP. Regardless of the merits of Adobe's position, the conclusion that follows is that any damage suffered by Adobe as a result of Wowza's alleged infringement must be determined by considering what damage, if any, Wowza's inclusion of RTMPe in its servers caused Adobe. This must be so because -- under Adobe's own theory -- without RTMPe Wowza would not be infringing any Adobe patent as Wowza would then be licensed under the Open License.[2] Adobe apparently intended to rely upon out-of-date, informal commentary to demonstrate the importance of RTMPe. *See, e.g.* Adobe Brief in Opp'n to Wowza Motion for Protective Order at 5 (Dkt. 85) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Wowza, to prove that RTMPe is used very infrequently by Wowza's customers, introduced protocol usage reporting technology into its servers in January 2012. Wowza has made the data generated from this protocol usage reporting technology available to Adobe. Freeman Decl. ¶ 9. Desperate to undercut the overwhelming proof found in this data that RTMPe has little, if any, actual value, Adobe has recently reinvigorated its campaign to harass Wowza's customers (ostensibly under the guise that it needs to do so to demonstrate the use or importance of RTMPe).[3] Specifically, on

---

[1] "However, developers will be free to use their own technological measures to secure content. The RTMP specification does not provide any requirement or restrictions on a developer's own measures to secure content." (Exhibit 1.)

[2] On November 8, 2012, in connection with the revamping of the security measures offered by Wowza in the release of Wowza Media Server 3.5, Wowza removed RTMPe from its server, making the feature available only upon request. Freeman Decl. ¶ 15.

[3] In May, 2012, Adobe issued subpoenas on 15 of Wowza's most important customers and strategic partners. Just prior to the hearing on Wowza's Motion to Quash these subpoenas, Adobe agreed to reduce both the scope of information sought pursuant to those subpoenas, and the number of entities from whom it would seek that information.

3

October 22, 2012, Adobe wrote Wowza insisting that it needed to serve 20 more subpoenas on Wowza's customers, including 8 additional subpoenas on customers and partners previously served back in May. Freeman Decl. ¶ 10. Adobe proposed to seek "log files" from these customers that Adobe believed would demonstrate how much RTMPe was being used.[4] *Id*. In response, Wowza informed Adobe that such subpoenas would be ineffective to obtain the information sought because: (1) many of the targets were OEM partners and therefore did not, themselves, have log files; and (2) as to the actual targets that were users, many of those were unlikely to maintain log files for an extended period of time because such log files generated substantial amount of data that would quickly consume valuable storage resources. Freeman Decl. ¶ 12. Wowza agreed to inquire with the user targets to determine the extent to which any non-OEM customer maintained log files. Freeman Decl. ¶ 11. On November 6, Wowza had been able to determine that one such user maintained log files for only 9 days and provided that information to Adobe. Freeman Decl. ¶ 13. In response, on November 11, Adobe doubled-down on its harassment plan and insisted that it needed to subpoena documents from twenty more Wowza customers (since increased to 22, via email) for a total of 42 Wowza customers, 15 of which are located outside of the United States. (*See* Exhibit 5.) Adobe then threatened to depose any customer that did not maintain logs files. (*See* Exhibit 3, Email from Lisa Nguyen ("if documents are not available, we would have to seek deposition testimony in the alternative").) The parties met and conferred telephonically on the issue the morning of November 13, 2012. At that time, when it became apparent that Adobe was not willing to seek reasonable compromise on the issue, counsel for Wowza asked counsel for Adobe to hold off on service of Adobe's proposed subpoenas until the Court could weigh in. Counsel for Adobe refused, and insisted on moving forward with the third-party subpoenas. Counsel for Wowza followed up to this meet and confer with an email explaining that Wowza would be moving for this Emergency Protective Order, and that Wowza would consider any attempt to circumvent the procedures mandated by this Court to be in bad faith, and sanctionable. (*See* Exhibit 10.) Adobe has not agreed to hold off its subpoenas, necessitating this Emergency Administrative Motion.

---

[4] Even though Adobe's new plan included serving a second subpoena on over one-half of the previous subpoena targets (from May 2012), Adobe never sought these "log files" in its first round of subpoenas.

4

1    Adobe should be enjoined from issuing any more subpoenas on Wowza customers or
2    partners because such subpoenas are mere harassment and, at best, a low-probability fishing
3    expedition. Adobe ostensibly seeks to subpoena these customers and partners to obtain "log files"
4    demonstrating RTMPe usage, or testimony regarding the value of RTMPe. However, Wowza has
5    already informed Adobe that nearly one-half of the targets would not have any such information
6    because they are OEM partners. Further, for those targets that do generate log files, they most likely
7    would not maintain such log files for more than a few weeks, if that, because of the immense amount
8    of data generated. Also, the best evidence of RTMPe usage is the protocol usage data generated by
9    Wowza, which provides information on usage back to January 2012. Wowza has already offered all
10   of this raw data to Adobe, for inspection, and Adobe has inspected the data on multiple occasions. ■

11   ████████████████████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████████████████████

13   ████████  Relying upon the usage data provide by Wowza is a far more reasonable approach to
14   this issue, especially given the overall value of this case, and the number of Wowza customers at
15   issue.

16   Finally, Adobe has the ability to request similar information from its own customers. But,
17   despite Wowza's request that it do so, Adobe refuses to make any such efforts. Before imposing
18   upon Wowza's customers, Adobe should be required to demonstrate that RTMPe is important to its
19   customers. If RTMPe is not even important to Adobe's customers, it stands to reason that RTMPe is
20   not likely important to Wowza's customers either.

21   Adobe's insatiable discovery demands must be considered in the context of the importance of
22   this case. ██████████████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████████████████████████

28

5

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ██████████████████████████████████ In short, this case is not the type of patent infringement case that would justify questionable discovery frolics, such as these that seem more designed to drive up the cost of litigation and rattle customers than to generate legitimate information.

**WOWZA'S EMERGENCY ADMINISTRATIVE MOTION FOR PROTECTIVE ORDER -- REDACTED**
Action No. CV-11-02243 CW (JSC)

| | |
|---|---|
| Dated:  November 13, 2012 | Respectfully submitted,<br><br>*/s/ Brent P. Ray*<br>Barry F. Irwin, P.C. *(pro hac vice)*<br>barry.irwin@kirkland.com<br>Brent P. Ray (*pro hac vice*)<br>brent.ray@kirkland.com<br>Christopher Freeman *(pro hac vice)*<br>christopher.freeman@kirkland.com<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois  60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>Alyssa Liang (SBN 271238)<br>KIRKLAND & ELLIS LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 859-7000<br>Facsimile: (650) 859-7500<br><br>Joseph P. O'Malley (SBN 159568)<br>FLIESLER MEYER LLP<br>650 California Street, 14th Floor<br>San Francisco, CA  94108<br>Telephone: (415) 362-3800<br>Facsimile: (415) 362-2928<br><br>*Attorneys for Defendant and Counterclaim-Plaintiff*<br>*WOWZA MEDIA SYSTEMS, LLC and COFFEE CUP PARTNERS, INC. (f/k/a WOWZA MEDIA SYSTEMS, INC.)* |

**WOWZA'S EMERGENCY ADMINISTRATIVE MOTION FOR PROTECTIVE ORDER -- REDACTED**
Action No. CV-11-02243 CW (JSC)