IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>  Plaintiff,<br><br>  v.<br><br>WOWZA MEDIA SYSTEMS, LLC, and COFFEE CUP PARTNERS, INC. (F/K/A/ WOWZA MEDIA SYSTEMS, INC.),<br><br>  Defendants. | Case No.: 11-2243 CW (JSC)<br><br>**ORDER RE: JOINT DISCOVERY DISPUTE REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE (DKT. NO. 213)** |

The Court is in receipt of a joint discovery brief from the parties regarding waiver of attorney-client privilege. (Dkt. No. 213.) In particular, Defendants contend that Plaintiff has waived the privilege with respect to what prior art, if any, the inventors of the patents-in-suit provided to Plaintiff's patent attorneys. After carefully considering the argument and evidence submitted by the parties, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Defendants' motion. The denial is without prejudice to renewal should Plaintiff put the inventors' disclosures to Plaintiff's attorneys at issue.

## BACKGROUND

During the deposition of Matthew Kaufman, one of the inventors of the patents-in-suit, Plaintiff asked Mr. Kaufman whether he had any responsibilities at Plaintiff Adobe ("Adobe") "with respect to the disclosure of prior art in connection with patent applications." Mr. Kaufman responded that as an inventor he was responsible for providing Plaintiff's attorneys

with relevant prior art and that the attorneys then had the responsibility to provide the art to the Patent Office. He testified further that he followed this procedure with respect to the patents-in-suit. In response to follow-up questions from Defendants, Mr. Kaufman could not remember what prior art was provided to Plaintiff's attorneys, although did testify as to what he believed he discussed with Plaintiff's attorneys, for example, the combination of the prior art in a novel way.

During a subsequent deposition of Asa Whillock, another inventor of the patents-in-suit, Plaintiff objected to Defendants' questions regarding the prior art Mr. Whillock disclosed to Plaintiff's attorney on the ground of attorney-client privilege. Plaintiff has also refused to identify the prior art that any inventor provided to Adobe's attorneys. Defendants contend that any privilege that attached to the identification of documents, if any, the inventors provided to Plaintiff's attorneys has been waived.

## DISCUSSION

As a preliminary matter, the Court notes that the parties appear to agree that the law of the Federal Circuit governs whether there has been a waiver of attorney-client privilege and the scope of any such waiver. *See Brigham and Women's Hosp. Inc. v. Teva Pharmaceuticals USA, Inc.*, 707 F. Supp. 2d 463, 469 (D. Del. 2010) ("'Federal Circuit law applies when deciding whether particular written or other materials are discoverable in a patent case,' at least if that issue clearly implicates substantive patent law") (quoting *In re Pioneer Hi-Bred Int'l, Inc.,* 238 F.3d 1370, 1374 n. 3 (Fed. Cir. 2001)); *see also In re EchoStar Communs. Corp.,* 448 F.3d 1294, 1298 (Fed. Cir. 2006) ("Federal circuit law applies when deciding whether particular written or other materials are discoverable in a patent case, if those materials relate to an issue of substantive patent law"); *see also Bd. of Trustees Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*, 237 F.R.D. 618, 623 (N.D. Cal. 2006) ("issues that relate to discovery disputes and other procedural issues, which are unique to patent cases, should be decided pursuant to Federal Circuit law").

There also does not appear to be any dispute that the inventors' communications and disclosures to Plaintiff's attorneys regarding prior art are privileged. *See Brigham*, 707 F.

1  Supp. 2d at 470 ("Here, it is undisputed that the attorney-client privilege applies to
2  communications between the inventors and their attorneys regarding disclosure of the '244
3  Application. Such communications between client and counsel for the purpose of obtaining
4  legal advice clearly fall within the scope of the privilege"). The issue is whether Plaintiff has
5  waived the privilege with respect to the prior art disclosures the inventors made to Plaintiff's
6  attorneys.[1]

7  Defendants contend that Plaintiff waived the privilege by eliciting Mr. Kaufman's
8  testimony regarding his production of prior art to Plaintiff's attorneys. They do not argue that
9  Mr. Kaufman's testimony regarding the fact of the communication was itself a privileged
10 communication; instead, they argue that Plaintiff is improperly using the privilege as a sword
11 and shield: Plaintiff is relying on its inventors' purported prior art disclosures to the attorneys
12 as and therefore it is only fair that Defendants be allowed to explore whether, and to what
13 extent, the inventors in fact made such disclosures and, in turn, what disclosures the attorneys
14 made to the PTO. As to the latter information, it is not apparent why Plaintiff's attorneys'
15 disclosures to the PTO would be subject to the attorney-client privilege since there is no
16 attorney-client relationship and there is nothing before the Court that suggests Plaintiff has
17 withheld any such discovery on that ground. This dispute is concerned with communications
18 between the inventors and their attorneys, including disclosures of prior art.

19 Defendants rely on *Brigham* to support their waiver argument. There, the defendants
20 made a claim for inequitable conduct and the plaintiff's discovery responses and
21 representations at oral argument confirmed that it intended to offer evidence at trial that the
22 inventors believed in good faith that they had disclosed all material information of which they
23 were aware. The plaintiff nonetheless had asserted the attorney-client privilege to prevent the
24 defendants from obtaining discovery to test the good-faith assertion. 707 F.Supp.2d at 471.

---

[1] The parties do not address which party bears the burden regarding waiver. Some courts hold that the party asserting waiver bears the burden, *see, e.g., Brigham*, 707 F.Supp.2d at 469, while others hold the party asserting privilege bears the burden of proving non-waiver. *See, e.g., Greene, Tweed of Delaware, Inc. v. DuPont Dow Elastomers, L.L.C.*, 202 F.R.D. 418, 423 (E.D. Pa. 2001). The Court's ruling would be the same regardless of which party bears the burden.

3

The district court held that as a result of the plaintiff's reliance on the good faith defense, they had waived the privilege: "Plaintiffs are attempting to use the advice of counsel both as a sword to defeat the intent prong of inequitable conduct and as a shield to prevent defendants from obtaining information to prove intent to withhold information from the PTO. They cannot have it both ways." *Id.* This strategy has been called the "'waiver by affirmative reliance' doctrine." *Boston Scientific Corp. v. Cordis Corp.*, 2008 WL 1766757 *2 (N.D. Cal. Apr. 15, 2008). "Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be waived." *Id.* (quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)).

Plaintiff responds that *Brigham* does not apply because there is no claim for inequitable conduct and Plaintiff has not "indicated" that it would defend any such claim, or any other claim, by relying on the inventors' good faith belief that they had disclosed relevant prior art to the PTO. This response, of course, begs the question of why *Plaintiff* elicited Mr. Kaufman's testimony regarding the process for disclosure of prior art if such testimony is irrelevant to the issues in the case. Who knows? While Defendants may be suspicious that Plaintiff has some argument up its sleeve that it will spring upon Defendants at the last minute, thus depriving Defendants of discovery to which they are rightly entitled, the bottom line is that Defendants have not identified how the inventors' disclosures to their attorneys are currently at issue in this case.

Defendants' suggestion that their invalidity defense has somehow placed the inventors' prior art disclosures to their attorneys at issue is novel and wholly unpersuasive, as is their lament that Plaintiff's position prevents Defendants from ever pleading inequitable conduct. If that were the test, then in every patent case a defendant would be allowed to obtain attorney-client privileged communications to discover whether it can make a claim for inequitable conduct. It is unsurprising that Defendants do not cite any case to support such a remarkable proposition.

If, at some point, the testimony becomes relevant to an issue in the case, and Plaintiff indicates an intent to rely on the inventors' testimony with regard to their disclosures, then the

4

1  privilege may be waived and discovery reopened or Plaintiff precluded from such reliance.
2  On the record before the Court, however, that point has not arrived.
3     This Order disposes of Docket No. 213.
4     **IT IS SO ORDERED.**
5  Dated: December 14, 2012                   _____
6                                             JACQUELINE SCOTT CORLEY
                                               UNITED STATES MAGISTRATE JUDGE