United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>WOWZA MEDIA SYSTEMS, LLC, and COFFEE CUP PARTNERS, INC. (F/K/A/ WOWZA MEDIA SYSTEMS, INC.),<br><br>Defendants. | Case No.: 11-2243 CW (JSC)<br><br>**ORDER RE: JOINT DISCOVERY DISPUTE STATEMENT (Dkt. No. 217-1)** |

The Court is in receipt of the parties' Joint Discovery Dispute Statement regarding Adobe's request to compel the following discovery: (1) third-party discovery from Wowza's customers, and (2) development computer data. (Dkt. No. 217-1.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and the requests are GRANTED in part and DENIED in part.

## DISCUSSION

### A. Third-Party Discovery

Wowza has twice filed motions for protective orders seeking to enjoin Adobe from subpoenaing its customers. (Dkt Nos. 81 & 175.) Through the subpoenas Adobe seeks information from Wowza's customers regarding their use and demand for the RTMP and RTMPe protocols. At the hearing on the last such motion, Adobe represented that it needed

the information to show the reason for the customer demand for Wowza's product. (Dkt. No. 193, 50:12-14 "what we really want to find is in the mind's eye, if you will, of the customer, why they went about purchasing the Wowza products, plain and simple.") In particular, Adobe subpoenaed "log files" from Wowza's customers to demonstrate how much RTMPe was being used. Because Wowza represented that it had surveyed its customers and determined that only one possessed usage log data for a broader period of time than that previously produced by Wowza, the Court found that Adobe should not issue the subpoenas to Wowza's customers, and instead, ordered the parties to meet and confer regarding Adobe's proposal to depose a representative sample of Wowza's customers. (Dkt. No. 191.) The parties were ordered to file a joint letter brief by November 21, 2012 if they were unable to resolve the issue.

The parties apparently met and conferred and agreed that in lieu of depositions Adobe could propound written deposition questions on 10 of Wowza's customers with Wowza having the right to first vet the questions posed.[1] (Dkt. No. 218-10.) The parties have now reached an impasse regarding the written deposition questions and seek the Court's assistance to resolve the matter. (Dkt. No. 217-1).

Wowza contends that Adobe's 29 depositions questions are unduly burdensome. The Court has reviewed the questions and finds that while most of the questions are appropriate, several go beyond Adobe's stated need for information regarding what drives Wowza's customer demand. (Dkt. No. 218, Ex. 11.) In particular, the following questions are beyond the scope of the reasons for the discovery previously articulated by Adobe:

- Questions 6-8 call for information regarding Adobe's, not Wowza's products, and goes beyond scope of what drives Wowza's customer demand.
- Questions 22-27 are similarly unrelated to customer demand for Wowza's product.

Accordingly, Adobe shall modify its questions in accordance with this Order.

---

[1] Wowza agreed to offer its customers the option of a short telephonic deposition in lieu of responding to the written questions.

### B. Development Computer Data

Adobe contends that Wowza has refused to produce files from its development computers that are relevant to showing how it engaged in prohibited interception or circumvention activities. Adobe contends that 3,717 files are in issue, although it does not specify what data is contained in these files; rather, Adobe states that it provided a "specific category listing of the requested files together with a description of why each category is relevant to the issues of circumvention and interception" citing to an email sent by Plaintiff's counsel Ryan Hatch on December 2, 2012. (Dkt. No. 217-1, 3:25-26.) However, that email refers to an attached listing of subset of files and a "description of relevance [that] is also provided in these files," but the description of relevance is not attached. (Dkt. No. 218-14.) Accordingly, all the Court has to evaluate the reasonableness of this discovery is Adobe's bare assertion of relevance.

The files at issue appear to fall within two categories: (1) commercial software files, and (2) compiled software files. With respect to the commercial software files, Adobe contends that it needs the IDA Pro tool that Wowza used to reverse engineer Adobe's protocol in order to open the files that Wowza has produced. Its experts opine that they have not been able open the files with their own version of IDA Pro because Wowza's files appear to have been created with an unlicensed version of IDA Pro. Wowza baldly responds that it believes Adobe's explanation is false, but it does not offer any explanation of its own. More importantly, it does not articulate any burden with respect to production of the version of IDA Pro it used to create the files it has produced. Accordingly, Adobe's motion to compel production of Wowza's IDA Pro tool is GRANTED.

As for the compiled software files, Wowza objects to their production on the ground that they can easily be decompiled into raw source code and pursuant to the protective order source code should only be produced in hard copy format. Further, Wowza contends that it already produced the underlying source code which is compiled from these files. Adobe simply contends the files are relevant and that the fact that they can be decompiled is not a

1  basis to withhold the files.  Adobe's conclusory arguments regarding the relevance of these
2  computer files are unpersuasive, especially in light of Wowza's contention that this discovery
3  is cumulative and potentially runs afoul of the Stipulate Protective Order.  Accordingly, the
4  Court declines to order Wowza to produce the compiled software from the development
5  computers.
6      This Order disposes of Docket No. 217-1.
7      **IT IS SO ORDERED.**
8  Dated: December 21, 2012                    _____
9                                               JACQUELINE SCOTT CORLEY
                                                 UNITED STATES MAGISTRATE JUDGE

4