| | |
|---|---|
| Joseph P. O'Malley<br>FLIESLER MEYER LLP<br>650 California Street, 14th Floor<br>San Francisco, CA 94108<br>Telephone: 415.362.3800<br>Facsimile: 415.362.2928<br><br>Barry F. Irwin, P.C. (*pro hac vice*)<br>Christopher Freeman (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>WOWZA MEDIA SYSTEMS, INC.), | LATHAM & WATKINS LLP<br>Robert Steinberg (Bar No. 126407)<br>Charles Courtenay (Bar No. 232139)<br>Ryan E. Hatch (Bar No. 235577)<br>David B. Hazlehurst (Bar No. 261043)<br>  *bob.steinberg@lw.com*<br>  *charles.courtenay@lw.com*<br>  *ryan.hatch@lw.com*<br>  *david.hazlehurst@lw.com*<br>355 South Grand Avenue<br>Los Angeles, California 90071-1560<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br><br>Attorneys for Plaintiff<br>ADOBE SYSTEMS INCORPORATED |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>        Plaintiff,<br><br>    vs.<br><br>WOWZA MEDIA SYSTEMS, LLC, and<br>COFFEE CUP PARTNERS (f/k/a<br>WOWZA MEDIA SYSTEMS, INC.),<br><br>        Defendants. | Action No. CV 11-02243 CW<br><br>STIPULATION AND ORDER TO<br>EXTEND CASE MANAGEMENT<br>DEADLINES |

**WHEREAS** This Court issued a Case Management Order on October 11, 2011 (the "Case Management Order"), in which it set forth deadlines with respect to discovery, the briefing of claim construction and dispositive motions, pretrial conference, and trial;

**WHEREAS** on June 8, 2012, the parties agreed to a modification to the Case Management Order through a Joint Stipulation to Extend Case Management Deadlines (Dkt. 88), which was granted by the Court on June 11, 2012 (Dkt. 90);

**WHEREAS** the parties agreed to a further modification of the Case Management Order through a September 4, 2012 Joint Stipulation to Extend Case Management Deadlines (Dkt. 145), which was granted by the Court on September 5, 2012 (Dkt. 147);

**WHEREAS** on September 5, 2012, the Court set the trial for this matter on August 5, 2013 (Dkt. 147);

**WHEREAS** on October 22, 2012, the Court modified the case management schedule as follows:

- **Disclosure of Identities and Reports of Expert Witnesses** - December 14, 2012
- **Completion of Fact Discovery** - December 14, 2012
- **Rebuttal Reports of Expert Witnesses** - January 11, 2013
- **Completion of Expert Discovery** - January 25, 2013
- **Deadline for Adobe to file (1) its claim construction motion, (2) its motion for summary judgment and (3) its Daubert motion** - February 13, 2013
- **Deadline for Wowza to file (1) its opposition to Adobe's claim construction motion, (2) its opposition to Adobe's motion for summary judgment, (3) its opposition to Adobe's Daubert motion, (4) its cross motion for summary judgment, and (5) its Daubert motion** – March 6, 2013
- **Deadline for Adobe to file (1) its reply in support of its claim construction motion, (2) its reply in support of its motion for summary judgment, (3) its reply in support of its Daubert motion, (4) its opposition to Wowza's cross motion for summary judgment, and (5) its opposition to Wowza's Daubert motion** – March

2
_____
**STIPULATION TO EXTEND
CASE MANAGEMENT DEADLINES**
Action No. CV 11-02243-CW

20, 2013

- **Deadline for Wowza to file (1) its reply in support of its cross-motion for summary judgment, and (2) its reply in support of its Daubert motion** – April 3, 2013
- **Further case management conference and hearing on Adobe's claim construction motion, both parties' motions for summary judgment, and both parties' Daubert motions** – April 18, 2013
- **Final pretrial conference** – July 24, 2013

**WHEREAS** the parties jointly wish to modify the deadlines relating to expert discovery and the briefing and hearing of claim construction and dispositive motions;

**WHEREAS** the parties disagree on whether the pretrial conference and trial dates need to be modified, and have separately addressed that issue at the end of this document;

**AND WHEREAS**, if the Court wishes to discuss the modifications proposed by this Joint Stipulation with counsel prior to ruling hereon, the parties request to be heard at the Court's convenience;

**IT IS HEREBY STIPULATED** by and between the Parties through their respective attorneys of record that:

Pursuant to N.D. Cal. Civil Local Rule 6-2, the Case Management Order be modified as follows:

1. Deadline for disclosure of identities of experts and exchange of reports for burden of proof experts extended to **December 18, 2012**;
2. Exchange date of rebuttal expert reports extended to **January 22, 2013**;
3. Expert discovery cut-off extended to **February 15, 2013**;
4. Filing deadline for any discovery motions relating to expert discovery extended to **February 22, 2013**;
5. Due date for Adobe's (i) Opening Claim Construction, (ii) Motion for Summary Judgment and (iii) Adobe Daubert Motions extended to **March 1, 2013**;

6. Due date for Wowza's (i) Claim Construction Opposition, (ii) Opposition to Adobe Motion for Summary Judgment, (iii) Opposition to Adobe Daubert Motions, (iv) Cross-Motions for Summary Judgment and (v) Wowza Daubert Motion extended to **March 22, 2013**;

7. Due date for Adobe's (i) Claim Construction Reply, (ii) Reply in support of Adobe Motion for Summary Judgment, (iii) Reply in support of Adobe Daubert Motion, (iv) Opposition to Wowza's Cross-Motion for Summary Judgment and (v) Opposition to Wowza Daubert Motion extended to **April 9, 2013**;

8. Due date for filing Wowza's (i) Reply in support of Cross-Motion for Summary Judgment and (ii) Reply in support of Wowza Daubert Motion is extended to **April 25, 2013**;

9. Due date for submission of the Joint Case Management Statement extended to **May 2, 2013**; and

10. Hearing on Dispositive Motions, including regarding Claim Construction and the Case Management Conference, extended to **May 9, 2013**.

**Modification of the Pretrial Conference and Trial Dates**

The parties disagree on this issue, and their arguments are briefly presented below:

Wowza's position:

Both parties agree that the changes to the case schedule requested above are imperative because the parties (were and) are unable to meet the expert disclosure and discovery deadlines despite their diligent efforts to do so. Good cause also exists for extending the pretrial conference and trial dates because, without such an extension, the amended schedule would not allow the parties to adequately, cost-effectively and efficiently prepare for trial. Despite agreeing that the hearing date for dispositive motions should be pushed out by 3 weeks, Adobe steadfastly refuses to agree to adjust the trial schedule.

Below, Adobe states that the parties have been discussing an amendment to the expert discovery dates since December 20, 2012. Actually, at the request of Adobe, the parties began

STIPULATION TO EXTEND
CASE MANAGEMENT DEADLINES
Action No. CV 11-02243-CW

discussing an extension for those dates on December 2, 2012 and, on December 12, even agreed to: extend the deadline for burden of proof expert reports to December 18, 2012, and to continue discussion as to the other dates. During the entire course of these discussions, until two days ago, when Wowza received a modification of this Joint Statement from Adobe, Adobe never suggested a three-week extension of the trial date would be acceptable. At a minimum, given the agreed extension of the other dates, extending the trial date by three weeks would seem logical. However, as Wowza explained to Adobe on December 5, 2012, a three week extension would cause the trial to overlap with an important industry conference scheduled to take place September 12-17, 2013. *See* http://www.ibc.org/files/ibc728_2013_exhibitbro_for_web_v2.pdf. Therefore, Wowza has proposed a modest ten-week extension.[1] Specifically, on December 5, 2012, Wowza explained as follows:

> Moving the schedule per my counter-suggestion would necessitate at least a 4 week extension of all other dates. It is my recollection that we have already addressed with the court compressing the time between the Final Pretrial Conference and the Trial, as your proposal seems to suggest, and the Court did not want to compress that time. **The trial date would need to be pushed out at least two months, as it would not be able to proceed until October 2013 due to IBC.**
>
> In short, it seems we need to stick with the original schedule, which Wowza prefers; move things out more significantly to accommodate all the scheduling issues that are in play; or have a far more detailed discussion regarding the availability and scheduling of expert depositions before we could even begin to consider the extension you propose, which, frankly, we no longer have time for given all of the logistics involved, which you refused to do on November 27, and which seems doomed in any event in light of the scheduling conflicts on the Wowza side and the insufficient amount of time to depose rebuttal experts.[2]

Notwithstanding Wowza making clear that a two-month extension of the trial date would be necessitated by the extension that it requested in early December, 2012, Adobe seeks the benefit of the extension it wanted, and to which Wowza had no real choice but to agree because of all other discovery issues in play, but Adobe refuses to move the trial date and only now suggests a three

---

[1] In the past, both Wowza and Adobe deponents have attended this industry conference.
[2] The undersigned, Barry F. Irwin, attests that the above indented quote is a true and accurate copy of two paragraphs from an email I sent to Adobe on December 5, 2012. Should the Court be interested in seeing a copy of the entire email, Wowza will gladly provide it.

week extension would be feasible in an effort to look reasonable and knowing full such an extension would be unworkable for Wowza. Adobe also claims it would be possible for Wowza to send other employees to the conference that are not critical to the trial. Unlike Adobe, however, Wowza is a small company and the individuals that would attend this conference for Wowza (Messrs. Stubenvoll and Good), if at all, are critical to the trial.

Otherwise, Adobe essentially repeats the same argument it made in September – which the Court rejected -- when it also agreed that an extension to discovery deadlines was appropriate, but disagreed as to any adjustment to the trial date. See Docket Nos. 145 and 146. The issue again is whether the Court will have adequate time to rule on dispositive motions and issue a claim construction order before pretrial disclosures and trial.

The Court's rulings on summary judgment and claim construction will obviously have a major impact on the issues that remain for trial. Unless extended, the pretrial conference would be held on July 24, 2013 and the trial would begin on August 5, 2013. The Court's Case Management Order (Docket No. 28) sets forth deadlines that would be difficult to meet without moving the pretrial conference and trial date. For example, page 4 of the Order states that the parties must exchange motions in *limine* and Civil L.R. 16-10(b)(7)-(10) papers (which include exhibits, jury instructions, verdict forms and deposition designations) no less than 28 days prior to the pretrial conference. Without moving the pretrial conference and trial date, the proposed schedule puts that deadline at June 25 -- just six weeks after the motion hearing. By necessity, the parties would need to begin preparing this information without knowledge of the true scope of the dispute or the construction of key claim terms. Indeed, it is quite possible the materials will have to be exchanged before the Court's ruling.

Additionally, the Pretrial Conference Statement must be filed no less than 14 days before the pretrial conference (or July 10), and this important document (which includes disputed factual/legal issues and trial brief) may also need to be generated by the parties without knowledge of the Court's disposition on summary judgment and claim construction since it is due only eight weeks after the the dispositive motions hearing.

Even assuming that no legal issues are decided on summary judgment (an unlikely scenario in Wowza's estimation), the Court's claim construction ruling is vital to the parties' trial preparations. The parties agree that claim construction for the '878 patent is dispositive as to that patent, and Wowza believes that the Court's ruling on other claim terms in other patents (e.g. "scheduling algorithm," and "new media chunk") may similarly dispose of certain claims or those other patents. The point of having dispositive motions and claim construction prior to trial is so that the Court may dispose of issues as a matter of law that are properly brought before it, and the parties may focus their pretrial preparations on properly interpreted claims. If there is not sufficient time for such consideration and ruling to occur prior to pretrial submissions, this objective is greatly diminished.

Further, the dispositive motion hearing would only be eleven weeks before the Final Pretrial Conference and thirteen weeks before trial. It is even possible that that the parties would be forced to prepare for trial without knowing which claims, defenses and counterclaims are still in the case, and without the Court's interpretation of key patent claims. Forcing the parties to essentially double-prepare for two potential claim interpretations, and for an unknown set of claims and defenses, creates an undue burden, especially on Wowza, a small company just a fraction of the size of Adobe.

Therefore, Wowza respectfully requests that the pretrial conference and trial date be moved to, at the earliest, **October 2, 2013** and **October 14, 2013**, respectively, in order to accommodate the proposed changes to the schedule agreed to by the parties, allow the parties to cost-effectively and efficiently prepare for trial with the Court's ruling on critical issues in hand, and avoid overlap with a major industry conference scheduled to take place in mid-September 2013.

Adobe's position:

In early December, in connection with a separate discussion between the parties concerning the possibility of extending certain deadlines, Wowza suggested a two-month extension of the trial date. The parties were unable to agree to extensions of the deadlines because such a significant extension of the trial date was not acceptable to Adobe then and is not acceptable to Adobe now.[3]

---

[3] In response to Mr. Irwin's December 5, 2012 email cited by Wowza above, Mr. Hatch made clear Adobe's position regarding a lengthy extension of the trial date, stating "**[Wowza's] proposal that trial be delayed by 2**

Indeed, a two-month extension of the trial date is not at all necessary in order to accommodate the slight extension of other deadlines.

The parties had no further discussions regarding the pre-trial schedule, until after the December 20, 2012 telephonic conference with Judge Corley concerning the scheduling of expert depositions. In connection with that conference, Judge Corley ordered the parties to meet and confer regarding a schedule going forward. Over the past weeks, the parties have done so, and as a result, have come to substantial agreement as to the above-specified dates. The sole issue in remaining is whether the modification to the schedule, pushing the hearing date for dispositive motions back by three (3) weeks is good cause for further delaying the trial in this matter. Adobe contends it is not, and Wowza offers no good cause to support its proposed ten (10) week continuance of the pretrial conference deadline and trial date.

Under the Federal Rules, the deadlines set forth in the Court's case management order may be "modified only for good cause." *Monster Cable Prods. v. Vizio, Inc.*, No. 10-5228, 2011 U.S. Dist. LEXIS 136782, at *1-2 (N.D. Cal. Nov. 28, 2011) (citing Fed. R. Civ. P. 16(b)); *Victor Co. of Japan, Ltd. v. Quanta Computer, Inc*., No. 06-4222, 2007 U.S. Dist. LEXIS 21263, at *7-8 (N.D. Cal. March 15, 2007) (same). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Monster*, 2011 U.S. Dist. LEXIS 136782, at * 1-2 (denying stipulated extension of pretrial and trial dates where the parties had not been "sufficiently diligent" to justify the extension).

With the above-proposed schedule, the parties can reasonably meet the current deadlines for the pretrial conference and trial commencement by continuing to prepare diligently. The proposed

---

**months based on extending expert reports by six days is unacceptable, and there is no basis for moving the trial date in this manner.** Your claim that a one-week extension would create a "logistical nightmare" is dubious at best, as it is premised on vacations and other unspecified activity taking place in the midst of expert discovery, and your unnecessary assumption that experts need to be deposed on particular days. Since Wowza refuses to be reasonable about extending the expert report deadline, while simultaneously delaying or outright withholding information and discovery relevant to Adobe's expert reports, **we have no choice but to maintain the existing schedule** and reserve the right to supplement Adobe's reports with additional information and analysis due to Wowza's discovery abuses and delays." (emphasis added). The undersigned, Bob Steinberg, attests that this quote is a true and accurate copy of a paragraphs from an email sent by Ryan Hatch in response Mr. Irwin's email on the same day, on December 5, 2012. Should the Court be interested in seeing a copy of the entire email, Adobe will gladly provide it.

schedule provides more than adequate time for the parties to complete expert discovery, complete briefing on the various anticipated motions and prepare their cases for trial. As indicated above, expert discovery will be completed in February 2013, nearly six months prior to trial. Moreover, all dispositive motions, including claim construction, summary judgment and the case management conference will be heard in early May, nearly three months before trial begins. Continuing the dispositive motions hearing date from a date sixteen (16) weeks before trial (April 18) to a date thirteen (13) weeks before trial (May 9) should not necessitate a continuance of the trial date.

Wowza contends that the Court's rulings on summary judgment and claim construction will have a major impact on the issues that remain for trial.[4] While Adobe disagrees, even if true, this does not support its proposed ten (10) week continuance. Under the current schedule, the thirteen (13) week period after the hearing and prior to trial provides more than sufficient time for the motions to be decided and the parties adequately to prepare for trial.

Should the Court believe that there is good cause for a continuance of the trial date in light of the modest modifications to the schedule, there certainly is no good cause for a continuance in excess of three (3) weeks. Wowza offers no valid reason why it should have more time between the hearing date on dispositive motions and the trial date than is reflected under the current schedule.[5]

Accordingly, the pretrial conference deadline and trial date should not be extended. *See, e.g., Victor*, 2007 U.S. Dist. LEXIS 21263, at *7-8 (denying motion to extend trial date where defendant had "not shown that it cannot meet all deadlines despite its diligence"). To the extent the Court is inclined to continue the pretrial conference and trial date at all, Adobe contends that, at most, the

---

[4] To clarify Wowza's statement concerning the dispositive nature of claim construction for the '878 patent, the construction of the '878 patent could be potentially dispositive to the claim limitation regarding the phrase "in accordance with Real Time Messaging Protocol (RTMP)" and whether it is indefinite. Adobe sharply disagrees this phrase is indefinite.

[5] While Wowza notes that there is an industry conference scheduled for September 2013 which both Adobe and Wowza routinely attend, there is no reason why that conference should impact the trial in this matter. Even extending the trial date three weeks, from August 5 to August 26, would leave more than two weeks from the first day of trial to the first day of the conference. Given that the parties estimated a two week trial in this matter, the fact that there is a conference starting September 12 that Wowza *may* attend, does not constitute good cause for its suggested ten-week extension.
    Moreover, even if the Court determines there is good cause to continue the trial date in line with the extension of the other dates agreed upon by the parties, there is no reason why the parties could not send one or more individuals to the industry conference who are not essential to the trial.

dates should be continued no more than three (3) weeks, reflecting the same sixteen (16) week period between the hearing on dispositive motions and the trial date as is contemplated under the current schedule.

Dated: January 9, 2013

LATHAM & WATKINS LLP
Bob Steinberg
Charles Courtenay
Ryan Hatch
David B. Hazlehurst

By ___/s/ Bob Steinberg___
Attorneys for Plaintiff
Adobe Systems Incorporated

Dated: January 9, 2013

KIRKLAND & ELLIS P.C.
Barry F. Irwin
Christopher Freeman

By ___/s/ Barry F. Irwin___
Barry F. Irwin
Attorneys for Defendant
Wowza Media Systems LLC, Coffee Cup Partners, Inc. (f/k/a Wowza Media Systems, Inc.)

### [PROPOSED] ORDER APPROVING STIPULATION

PURSUANT TO STIPULATION, **IT IS SO ORDERED.** The pretrial conference will be held on August 14, 2013 at 2:00 p.m., and the jury trial will begin on August 26, 2013 at 8:30 a.m.

Dated: 1/14/2013

_____
Honorable Claudia Wilken
United States District Judge

## ATTESTATION CLAUSE

I, Bob Steinberg, hereby attest in accordance with General Order No. 45.X(B) that Barry Irwin, counsel for Defendants Wowza Media Systems, LLC and Coffee Cup Partners, Inc., has provided his concurrence with the electronic filing of the foregoing document entitled STIPULATION AND [PROPOSED] ORDER TO EXTEND CASE MANAGEMENT DEADLINES.

Dated: January 9, 2013

By /s/ Bob Steinberg

LA\3011412.4