Joseph P. O'Malley (SBN 159568) jpo@fdml.com
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 362-3800
Facsimile: (415) 362-2928

Barry F. Irwin, P.C. (*pro hac vice*)
Tom Monagan (*pro hac vice*)
Brent P. Ray (*pro hac vice*)
Christopher Freeman (*pro hac vice*)
Greg Polins (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Alyssa Liang (SBN 271238)
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

Attorneys for Defendants
WOWZA MEDIA SYSTEMS, LLC and
COFFEE CUP PARTNERS, INC.
(f/k/a WOWZA MEDIA SYSTEMS, INC.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

ADOBE SYSTEMS INCORPORATED,

Plaintiff,

vs.

WOWZA MEDIA SYSTEMS, LLC, and COFFEE CUP PARTNERS, INC. (F/K/A/ WOWZA MEDIA SYSTEMS, INC.) ,

Defendants.

Action No. CV 11-02243-CW (JSC)

**WOWZA'S MOTION TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TESTIMONY OF SRINIVASAN JAGANNATHAN**

Date: March 7, 2013
Time: 2:00 PM
Courtroom: Courtroom 2 - 4th Floor
Judge: Honorable Claudia Wilken

**REDACTED PUBLICALLY FILED VERSION**

**NOTICE OF MOTION**

Please take notice that on Thursday, March 7, 2013 at 2:00 p.m. in Courtroom 2 - 4th Floor, Wowza Media Systems, LLC and Coffee Cup Partners, Inc. ("Wowza") will move the Court for an order (1) striking the expert report and testimony of Dr. Srinivasan Jagannathan.

**STATEMENT OF RELIEF REQUESTED**

Wowza seeks an order striking the expert report and testimony of Dr. Srinivasan Jagannathan, served by Adobe Systems Inc. ("Adobe") on December 18, 2012, regarding details in the differences to RTMPe versions that Adobe failed to disclose in its interrogatory responses.

Dated: January 31, 2013

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: *<u>/s/ Christopher Freeman</u>*
Christopher Freeman

Attorney for Defendant
WOWZA MEDIA SYSTEMS, LLC and COFFEE CUP PARTNERS, INC. (f/k/a WOWZA MEDIA SYSTEMS, INC.

**TABLE OF CONTENTS**

**I. INTRODUCTION......5**

**II. STATEMENT OF FACTS......5**

**III. LEGAL STANDARDS......7**

**IV. ARGUMENT......8**

**V. CONCLUSION......13**

# TABLE OF AUTHORITIES

***Cases***

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 2499929 (N.D. Cal. June 27, 2012) ................ 8, 12

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) ........... 8, 11, 12

*Astrazeneca AB v. Mutual Pharm. Co., Inc.* 278 F. Supp. 2d 491 (E.D. Penn. 2003 ................... 12, 13

*Doe v. Luzerne County*, 2010 WL 2245578 (M.D. Penn. June 1, 2010) ........................................... 13

*Dominguez v. Excel Mfg. Co. Inc.*, 2010 WL 5300863 (N.D. Cal. Dec. 20, 2010) ........................ 8, 12

*Galaxy Ventures, LLC v. Rosenblum*, at 2005 WL 5988690 (D.N.M. July 21, 2005) ....................... 13

*Gallagher v. Southern Source Pkg., LLC*, 568 F. Supp. 2d 624 (E.D.N.C. 2008) ............................. 13

*McMillion v. Metropolitan Government of Nashville and Davidson County*, 2011 WL 2470513 (M.D. Tenn. June 20, 2011) ........................................................................................... 13

*Medtronic, Inc. v. AGA Med. Corp.*, 2009 WL 513370 (N.D. Cal. Mar. 2, 2009) ........................... 7, 8

*Trilogy Communications, Inc. v. Times Fiber*, 109 F.3d 739 (Fed. Cir. 1997) ................................. 12

***Rules***

Federal Rule of Civil Procedure 26(e) ........................................................................................ 7

Federal Rule of Civil Procedure 37(c) ........................................................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Wowza files this Motion to Strike the expert report and testimony of Dr. Srinivasan Jagannathan because it improperly relies upon and seeks to supplement the record regarding RTMPe functionality after the close of fact discovery, even though Wowza had served an interrogatory expressly seeking this information.

Specifically, Wowza served an interrogatory on Adobe Systems Inc. ("Adobe") asking Adobe to identify "any changes to . . . RTMPe functionality in later versions."[1] Adobe served its final supplemental response to that interrogatory on May 25, 2012.[2] Discovery has since closed. However, Adobe now attempts to introduce additional evidence about the changes to RTMPe functionality in later versions through one of its technical experts, Dr. Jagannathan, and Dr. Jagannathan relies upon this information in order to argue that Wowza's versions of RTMPe were not as secure as these later versions of Adobe's RTMPe. Adobe plainly possessed the information relied upon by Dr. Jagannathan, but did not disclose it in its interrogatory response to Wowza. Adobe has thus run afoul of Federal Rule of Civil Procedure 26(e) by failing to timely supplement its interrogatory responses, and pursuant to Federal Rule of Civil Procedure 37(c)(1), Adobe should not be permitted to introduce this additional information through an expert witness after the close of fact discovery. Dr. Jagannathan's opinions regarding this information should be excluded.

## II. STATEMENT OF FACTS

Adobe filed its original Complaint on May 6, 2011 alleging infringement of Adobe's U.S. Patent Nos. 7,587,509 and 7,272,658, and further alleging state and federal claims for false advertising and unfair competition. (Dkt 1.) On June 20, 2011, Adobe filed its First Amended Complaint, adding allegations of infringement of Adobe's U.S. Patent No. 7,961,878. (Dkt. 15.) On December 13, 2011, Adobe filed its Second Amended Complaint, adding allegations of infringement of Adobe's U.S. Patent Nos. 8,051,287 and 8,065,426. (Dkt. 32.) Adobe alleges that Wowza

---

[1] October 21, 2011 Wowza Media Systems, Inc's First Set of Interrogatories to Plaintiff Adobe Systems Incorporated, at 7 (Interrogatory No. 8), attached as Exhibit 1 to the Liang Declaration ("Liang Decl.") Ex. 1.

[2] May 25, 2012 Adobe Systems Inc.'s Supplemental Responses to Wowza Media Systems, Inc.'s First and Second Set of Interrogatories (Nos. 1-28), at 35 (Interrogatory No. 8), attached as Liang Decl. Ex. 2.

infringes these patents through the use of Wowza Media Server, which is a media server that communicates with a variety of clients in a variety of protocols; one such client is Adobe's Flash Player, and two such protocols used to communicate with Adobe's Flash Player are RTMP and RTMPe. According to Adobe, the patents-in-suit cover implementations of RTMP, which allows for streaming transmission of digital content such as video and audio, and RTMPe, which incorporates security measures to prevent unauthorized access to the content streamed. (*Id.* at 3-5.) In its complaint, Adobe also alleges that "Wowza has . . . misled customers into believing that its unauthorized version of RTMPe provides security comparable or equivalent to the security provided by Adobe's RTMPe." (*Id.* at 8.)

On October 21, 2011, Wowza served its first set of interrogatories on Adobe. Interrogatory No. 8 asked Adobe to:

> Identify the product version and date that Flash Media Server included features of RTMP and RTMPe, as well as *identifying any changes to RTMP and/or RTMPe functionality in later versions*.[3]

Adobe's last supplemental response to Interrogatory No. 8 was served on May 25, 2012.[4] The deadline for fact discovery was December 14, 2012. (Dkt. 145 (Joint Stipulation to Extend Case Management Deadlines), at 3.)

On December 18, 2012, Adobe served Wowza with the Expert Report of Srinivasan Jagannathan, Ph.D., M.B.A.[5] ("Jagannathan Report"). Dr. Jagannathan was asked [REDACTED] ."[6]

According to Dr. Jagannathan, [REDACTED][7] [REDACTED][8]

---

[3] Liang Decl. Ex. 1, at 7 (Interrogatory No. 8) (emphasis added).
[4] Liang Decl. Ex. 2, at 35 (Interrogatory No. 8).
[5] Attached as Liang Decl. Ex. 3.
[6] Liang Decl. Ex. 3, at ¶ 2.
[7] *Id.* at ¶ 29.
[8] *Id.* at ¶ 67.

Accordingly, Dr. Jagannathan considered whether [redacted][9] In considering the issue, the Jagannathan Report describes [redacted].[10] Many of these details were not included in Adobe's interrogatory responses to Interrogatory No. 8. For example, [redacted][11] But Dr. Jagannathan further opines that:

> [redacted]

Based upon these additional details, Dr. Jagannathan concludes [redacted].[13]

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(e) requires that a party "who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." If a party breaches its Rule 26 discovery obligations by failing to supplement in a timely manner, it triggers sanctions under Rule 37(c), *Medtronic, Inc. v. AGA Med. Corp.*, 2009 WL 513370, at *6 (N.D. Cal. Mar. 2, 2009), which mandates:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. Proc. 37(c)(1). "Once non-compliance is shown, the burden is on the party who failed to comply to demonstrate that it meets one of the two exceptions to mandatory sanctions," *i.e.* that its

---

[9] *Id.* at p. 42.
[10] *See id.* at ¶¶ 43-56.
[11] Liang Decl. Ex. 2, at 39.
[12] Liang Decl. Ex. 3, at ¶ 53.
[13] *See id.* at ¶ 98.

failure was substantially justified or is harmless. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012). The factors considered in evaluating harmlessness and justification are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *See Dominguez v. Excel Mfg. Co. Inc.*, 2010 WL 5300863, at *2 (N.D. Cal. Dec. 20, 2010).

Courts have excluded expert reports discussing such untimely-disclosed information. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 2499929, at *1 (N.D. Cal. June 27, 2012) (*Apple I*), motion for relief denied, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) (*Apple II*); *Medtronic*, 2009 WL 513370, at *6. An expert witness cannot "rely on evidence never previously disclosed as required." *Apple I*, 2012 WL 2499929, at *1. This is true even if the evidence was disclosed elsewhere because one party has forced the other party to comb through the record "rather than simply amending their . . . interrogatory responses as they should." *Id.*

## IV. ARGUMENT

The Jagannathan Report discusses several details about RTMPe functionality that were not disclosed in Adobe's interrogatory responses. According to Adobe, [redacted] [14] These messages are used to establish a connection between the server and client. [redacted]

[redacted]

[14] Liang Decl. Ex. 2, at 38.
[15] Liang Decl. Ex. 2, at 39.



[redacted][16] [redacted][17] Not only does the Jagannathan Report add previously undisclosed information, but it also contradicts Adobe's interrogatory response: [redacted]

[redacted][19]

[redacted][20] [redacted]

---

[16] *Id.* at 39.
[17] Liang Decl. Ex. 3, at ¶ 47.
[18] Liang Decl. Ex. 2, at 39.
[19] Liang Decl. Ex. 3, at ¶ 51.
[20] Liang Decl. Ex. 2, at 39.

[redacted] But the Jagannathan Report discloses this, and additional information. The Jagannathan Report discloses that [redacted].[21] It also discloses that [redacted][22]

As another example, Adobe's interrogatory response discloses [redacted].[23] [redacted][24] But the Jagannathan Report discloses that information, stating that [redacted][25] [redacted].[26] The Jagannathan Report, though, discloses that [redacted][27]

These examples and others of newly disclosed information in the Jagannathan Report are plentiful:

| **Adobe's Supplemental Response to Interrogatory No. 8** | **Jagannathan Report** |
|---|---|
| [redacted] | [redacted] |
| [redacted] | [redacted] |

---

[21] Liang Decl. Ex. 3, at ¶ 53.
[22] *Id.*
[23] Liang Decl. Ex. 2, at 39-40.
[24] *Id.*
[25] Liang Decl. Ex. 3, at ¶ 55.
[26] Liang Decl. Ex. 2, at 40.
[27] Liang Decl. Ex. 3, at ¶ 55.
[28] Liang Decl. Ex. 2, at 39.
[29] Liang Decl. Ex. 3, at ¶ 47.



These statements in the Jagannathan Report, and other similar statements, were not disclosed in Adobe's interrogatory responses, although Wowza explicitly asked Adobe to "identify[] any changes to . . . RTMPe functionality."[34] Moreover, Federal Rule of Civil Procedure 26(e) requires Adobe to promptly supplement its disclosures, without the need for a request from Wowza. *Apple II*, 2012 WL 3155574, at *4. This court has found it "unacceptable" when an expert report "rel[ies] on

[30] Liang Decl. Ex. 2, at 39.
[31] Liang Decl. Ex. 3, at ¶ 53.
[32] Liang Decl. Ex. 2, at 39-40.
[33] Liang Decl. Ex. 3, at ¶ 55.
[34] Liang Decl. Ex. 1, at 7.

evidence never previously disclosed *as required*" — even if the evidence was disclosed elsewhere. *Apple I*, 2012 WL 2499929, at *1. By failing to supplement its interrogatory response, Adobe has forced Wowza to comb through the record "rather than simply amending [its] . . . interrogatory responses as [it] should." *Id.* Federal Rule of Civil Procedure 37 *mandates* that Adobe's failure to timely supplement its interrogatory response precludes it from using the new information in the Jagannathan Report. *Apple II*, 2012 WL 3155574, at *4. Thus, Dr. Jagannathan's statements regarding the RTMPe versions that go beyond the scope of Adobe's supplemental interrogatory response to Interrogatory No. 8 should be excluded.

Moreover, Adobe's failure to timely supplemental Interrogatory No. 8 is neither substantially justified or harmless. The factors considered in evaluating harmlessness and justification include "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *See Dominguez v. Excel Mfg. Co. Inc.*, 2010 WL 5300863, at *2 (N.D. Cal. Dec. 20, 2010). These factors weigh toward excluding the newly-disclosed information in the Jagannathan Report.

First, Wowza is significantly prejudiced by this new information. Fact discovery closed on December 14, 2012, before Adobe served the Jagannathan Report on December 18, 2012. (Dkt. 145 (Joint Stipulation to Extend Case Management Deadlines), at 3) "[W]hen scheduling orders are violated, an opposing party is often prejudiced by the ensuing delay and resultant expense." *Astrazeneca AB v. Mutual Pharm. Co., Inc.* 278 F. Supp. 2d 491, 508 (E.D. Penn. 2003) (quoting *Trilogy Communications, Inc. v. Times Fiber*, 109 F.3d 739, 744 (Fed. Cir. 1997).) Had Adobe supplemented its interrogatory response in a timely manner, Wowza could have conducted additional discovery on the issue. [redacted][35] Although the

---

[35] Nov. 8, 2012 Deposition of Edward Chan, at 240:24-241:11, attached as Liang Decl. Ex. 4.

Jagannathan Report provides this clarification, [36]

Wowza cannot cure this prejudice, given that the period for fact discovery has closed. *Doe v. Luzerne County*, 2010 WL 2245578, at *3 (M.D. Penn. June 1, 2010); *McMillion v. Metropolitan Government of Nashville and Davidson County*, 2011 WL 2470513, at *2 (M.D. Tenn. June 20, 2011). And curing this prejudice would likely disrupt the trial and other case management deadlines, given that fact discovery must be reopened. *Galaxy Ventures, LLC v. Rosenblum*, at 2005 WL 5988690, at *6 (D.N.M. July 21, 2005); *Gallagher v. Southern Source Pkg., LLC*, 568 F. Supp. 2d 624, 632 (E.D.N.C. 2008).

Although Adobe has not provided an explanation for not disclosing the information, its oversight cannot be rationally explained. *See Astrazeneca AB v. Mutual Pharm. Co., Inc.* 278 F. Supp. 2d 491, 508 (E.D. Penn. 2003). [39] And Adobe certainly had all the information about the different RTMPe versions in its possession when it supplemented its response in May 2012.

**V. CONCLUSION**

Under the Federal Rule of Civil Procedure 37, the Court should strike the statements in the Jagannathan Report about the RTMPe versions that Adobe failed to include in its responses to Wowza's Interrogatory No. 8, thus violating the requirement of Federal Rule of Civil Procedure 26(e).

---

[36] *Id.* at 242:18-22, 248:15-22.
[37] Liang Decl. Ex. 3, at ¶ 45-46.
[38] *Id.* at ¶ 50.
[39] *Id.* at ¶ 52.

Dated: January 31, 2013

Respectfully submitted,

By: /s/ *Christopher Freeman*

Barry F. Irwin, P.C. (*pro hac vice*)
Tom Monagan (*pro hac vice)*
Christopher Freeman (*pro hac vice*)
Brent P. Ray (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Alyssa Liang (SBN 271238)
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

Joseph P. O'Malley (SBN 159568)
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 362.3800
Facsimile: (415) 362.2928

Attorneys for Defendants
WOWZA MEDIA SYSTEMS, LLC and
COFFEE CUP PARTNERS, INC.
(f/k/a WOWZA MEDIA SYSTEMS, INC.)