IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>      Plaintiff,<br><br>  v.<br><br>WOWZA MEDIA SYSTEMS, LLC; and<br>COFFEE CUP PARTNERS, INC.,<br>formerly known as WOWZA MEDIA<br>SYSTEMS, INC.,<br><br>      Defendants.<br>_____/ | No. C 11-2243 CW<br><br>ORDER DENYING<br>WITHOUT PREJUDICE<br>DEFENDANTS'<br>MOTIONS TO STRIKE<br>(Docket Nos. 249<br>AND 255) AND<br>DENYING AS MOOT<br>THE RELATED<br>MOTIONS TO SEAL<br>(Docket Nos. 252<br>and 258) |

On January 31, 2013, Defendants Wowza Media Systems, LLC and Coffee Cup Partners, Inc., formerly known as Wowza Media Systems, Inc. filed two motions to strike portions of the expert reports of Drs. Srinivasan Jagannathan and Peter Alexander, served by Plaintiff Adobe Systems, Inc. on December 18, 2012.  Defendants noticed its motions for hearing on March 7, 2013.  Defendants contend that Dr. Jagannathan's report includes information that was not disclosed in Adobe's interrogatory responses to Defendants and that this information should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1).  Defendants contend that the disputed portions of Dr. Alexander's report raise previously undisclosed infringement allegations omitted from Adobe's infringement contentions.

The Court previously set a briefing and hearing schedule for the parties' cross-motions for summary judgment and claim construction and Daubert motions.  See Docket Nos. 161, 248. Under that schedule, Adobe is required to file its motions,

contained in a single brief, by March 1, 2013, and Defendants are required to file their cross-motions and oppositions to Adobe's motions, contained in a single brief, by April 9, 2013. The Court has set a hearing on those motions for May 9, 2013 at 2:00 p.m.

Defendants' instant motions are in essence a premature attempt to exclude evidence that they anticipate Adobe will offer in support of its unfiled motions for claim construction and summary judgment. This piecemeal approach is inefficient for the Court and the parties. It would require Adobe to prepare and file its summary judgment, claim construction and Daubert motions prior to the hearing or ruling on the instant motions.[1] In addition, Civil Local Rule 7-3(a) requires that evidentiary or procedural objections to a motion must be contained in the opposition brief.

Accordingly, the Court DENIES Defendants' motions to strike (Docket Nos. 249 and 255) and DENIES as moot Defendants' related motions to seal (Docket Nos. 252 and 258). Denial is without prejudice to Defendants raising these arguments in their cross-motion and opposition to Adobe's motion for summary judgment, claim construction and to exclude evidence under Daubert.

IT IS SO ORDERED.

Dated: 2/4/2013

CLAUDIA WILKEN
United States District Judge

---

[1] The Court notes that Defendants received the challenged expert reports more than six weeks before filing the instant motions to strike and thus could have filed these motions sooner in order to avoid this overlap, but did not.

2