United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>WOWZA MEDIA SYSTEMS LLC, et al.,<br><br>Defendants. | Case No.  11-cv-02243-JST<br><br>**ORDER REGARDING STREAMLINING CLAIMS, LIMITING THE NUMBER OF TERMS THE COURT WILL CONSTRUE AND ADJUSTING SCHEDULE FOR CLAIMS CONSTRUCTION**<br><br>Re: ECF Nos. 310 & 313 |

The court has reviewed the parties' respective briefs on the questions of 1) whether Adobe should be made to limit the number of asserted claims, 2) whether there should be a limit on the number of claim terms addressed at the *Markman* hearing in this case, 3) the dates when the number of claims and/or claim terms should be limited, and 4) the consequences of not litigating certain claims. The court addresses these issues below.

**I.    CLAIMS STREAMLINING**

District courts possess the authority to limit patent claimants to a set of representative claims.  See In re Katz Interactive Call Processing Patent Litig., 639 F.3d 1303, 1313-14 (Fed. Cir. 2011); Stamps.com Inc. v. Endicia, Inc., 437 F. App'x 897, 902 (Fed. Cir. 2011), reh'g denied (Aug. 1, 2011) (unpublished).  Adobe acknowledges that it would not proceed to trial on any more than fifteen claims.  The parties have completed discovery, and Adobe is now in a position to determine its strongest claims.  Therefore, the court sees little reason to construe terms and rule on summary judgment motions that relate to claims that Adobe will not be asserting at trial.  The court therefore orders Adobe to limit its asserted claims in this action to twenty representative claims.

Adobe may re-assert any surrendered claims at a later date upon a showing of good cause. The Court will not require an independent showing of "uniqueness," as Wowza requests. However, if Adobe seeks to re-assert a surrendered claim, the Court will carefully consider whether the claims Adobe retained are representative of the claims it seeks to re-assert, and will consider as an important factor whether the surrendered claims present unique issues as to liability or damages.

## II. CLAIM TERMS

The court will construe no more than ten terms at claims construction. The Court assumes that it will construe the ten terms the parties have identified as most significant to the disposition of this action. See Joint Claim Construction Statement Pursuant to Patent L.R. 4-3, ECF No. 98, at 69:11-24. However, if it becomes necessary to adjust this list of ten terms after Adobe limits its claims, the parties may stipulate to a new list.

## III. CLAIMS CONSTRUCTION SCHEDULE

To accommodate the needs of the Court, the Court hereby reschedules the claims construction and summary judgment schedule, and adjusts the parties' briefing deadlines, as outlined below.

| Event | Deadline |
|---|---|
| Deadline for Adobe to file a notice of its twenty asserted claims | May 17, 2013 |
| Deadline for the parties to file a stipulated list of ten claim terms most significant to the outcome of the case (if any changes to the previously filed list are necessary) | May 31, 2013 |
| Deadline to file opening briefs in connection with Claim Construction disputes (including indefiniteness), and Daubert Motions and Motions for Summary Judgment solely on issues related to infringement | June 21, 2013 |
| Deadline to file opposition briefs in connection with Claim Construction disputes (including indefiniteness), and Daubert Motions and Motions for Summary Judgment solely on issues related to infringement | July 12, 2013 |

| Event | Deadline |
|---|---|
| Deadline to file reply briefs in connection with Claim Construction disputes (including indefiniteness), and Daubert Motions and Motions for Summary Judgment solely on issues related to infringement | August 2, 2013 |
| Technology Tutorial | August 27, 2013 at 10:00 a.m. |
| Claims Construction Hearing and Hearing on Daubert Motions and Motions for Summary Judgment based solely on issues related to infringement | September 10, 2013 at 10:00 a.m. |

**IT IS SO ORDERED**.

Dated:  May 6, 2013

_____
JON S. TIGAR
United States District Judge