UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff-Counterdefendant.<br><br>       v.<br><br>WOWZA MEDIA SYSTEMS, LLC, et al.,<br><br>    Defendants-Counterclaimants. | Case No.  11-cv-02243-JST<br><br>**ORDER DENYING ADOBE'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION, GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL, GRANTING WOWZA'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: ECF Nos. 447-4, 453 & 455 |

Before the court are two motions for reconsideration and clarification of the court's claim construction and summary judgment order ("Order," ECF No. 442, 2014 WL 709865, 2014 U.S. Dist. LEXIS 23153).  ECF Nos. 447-4 & 455.

Adobe's motion for leave to file a motion for reconsideration, ECF No. 447-4, is DENIED. Adobe does not claim that any "material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," nor that "new material facts or a change of law" have emerged since the order.  Civ. L.R. 7-9(b)(1), (2).  After careful consideration of the motion for leave, and Wowza's opposition thereto, the court concludes that there has also been no "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Civ. L.R. 7-9(b)(3).  In particular, several of Adobe's arguments are new ones, not ones that "were presented to the Court" previously.  Id.  "Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs."  Gray v. Golden Gate Nat. Recreational Area, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011).  As for the arguments that were previously presented to the court, a party may not repeat argument it made previously, Civ. L.R. 7-

9(c), and Adobe fails to show that the court "manifest[ly] fail[ed]" to consider the arguments previously made. The court also finds that it did not fail to consider a material fact previously presented to it, which is one of the rare circumstances in which reconsideration is appropriate. See, e.g., EON Corp IP Holdings LLC v. Cisco Sys. Inc., et al., No. 12-cv-01011-JST (N.D. Cal. Feb. 25, 2014).

Wowza's motion for leave to a file a motion for reconsideration, ECF No. 455, is GRANTED. Wowza's motion is appropriate because a "material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," and "a change of law" has emerged since the claim construction order. Civ. L.R. 7-9(b)(1), (2). In a decision announced June 2, the Supreme Court reversed the standard previously applied by the Federal Circuit for determining indefiniteness. Nautilus, Inc. v. Biosig Instruments, Inc., 572 U.S. ___, No. 13-369 (2014), slip op. at 11-13. Specifically, the Supreme Court rejected the previously applicable standard that for a term to be indefinite, it must be "not amenable to construction" or "insolubly ambiguous." Id. This court applied that standard in determining that U.S. Patent No. 7,961,878 (the "'878 Patent") was not indefinite. See Order at 21-22, 2014 WL 709865, at *11-12, 2014 U.S. Dist. LEXIS 23153, at 39-42. Nautilus also calls into question the "clear and convincing evidence" standard this court applied in its definiteness determination. Nautilus, slip op. at 13, n. 10.

Therefore, the court grants Wowza leave to file a motion requesting reconsideration only of one issue: whether, under the new standard announced in Nautilus, the "reserved for random data in accordance with a Real Time Messaging Protocol (RTMP) random byte section" term in claims 1, 15 and 17 of the '878 Patent is indefinite.

The court also GRANTS Wowza's motion, ECF No. 453, to redact references in its opposition to Adobe's motion for leave. Wowza's counsel has declared that these references disclose nonpublic information about Wowza's source code files, the internal operations of its server, and the server's source code. Declaration of Greg Polins ¶¶ 2-3, ECF No. 453-1. This is nonpublic "information which is used in . . . [Wowza's] business, and which gives . . . [Wowza] an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec.

2

1  Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished) (quoting Restatement of Torts §

2  757, cmt. b).  Therefore, it is appropriately sealable, particularly under the "good cause" standard

3  which applies to this nondispositive motion.  See id.; see also Apple Inc. v. Samsung Electronics

4  Co., Ltd., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013) (both holding that sealing of comparable

5  material was required even under the higher "compelling reasons" standard).  The redactions are

6  also "narrowly tailored to seek sealing only of sealable material."  Civ. L.R. 79-5(b).

7  **IT IS SO ORDERED**.

8  Dated:  June 10, 2014



JON S. TIGAR
United States District Judge