1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

14
15  ADOBE SYSTEMS INCORPORATED, a
    Delaware Corporation,
16                  Plaintiff,
17           v.
18  WOWZA MEDIA SYSTEMS, LLC, and
    COFFEE CUP PARTNERS, INC.
19  (f/k/a WOWZA MEDIA SYSTEMS, INC.)
20                  Defendants.

CASE NO. CV 11-02243 JST

**SCHEDULING ORDER AND ORDER REGARDING SCOPE OF EXPERT REPORT SUPPLEMENTATION**

21
22
23
24
25
26
27
28

On June 18, 2014, the Court held a Case Management Conference ("CMC") at which it set a schedule on certain hearing, pretrial, and trial dates with counsel for Plaintiff Adobe Systems Incorporated ("Adobe") and Defendants Wowza Media Systems, LLC and Coffee Cup Partners (f/k/a Wowza Media Systems, Inc.) (together, "Wowza") (collectively, the "Parties"). (*See* Dkt. No. 459.) The Parties represented that they had reached agreement on additional pretrial dates for supplementation of expert reports, as well as a briefing schedule for certain dispositive motions, *Daubert* motions, and a potential motion by Wowza for reconsideration on the alleged indefiniteness of the asserted claims of U.S. Patent No. 7,961,878 (the "'878 Patent"). (*See* Dkt. No. 456.) The Court ordered the Parties to submit a proposed order reflecting their agreements on the schedule.

The Court also ordered the Parties to meet and confer regarding the scope of their anticipated supplemental expert reports and submit their joint or competing proposals, based upon which the Court would issue an order.

In light of the foregoing, the Court hereby **ORDERS** as follows:

I.  **SCHEDULE**

| Date | Event |
|---|---|
| July 15, 2014 | Joint Case Management Statement Due in both Cases |
| July 16, 2014 | Supplemental Opening Expert Reports Due |
| July 22, 2014 at 2:00 p.m. | Further Case Management Conference (includes Case No. 14-cv-02778) |
| August 13, 2014 | Supplemental Rebuttal Expert Reports Due (limited to scope of Supplemental Opening Expert Reports) |
| September 3, 2014 | Deadline to file opening briefs in connection with *Daubert* Motions and Motions for Summary Judgment on matters other than infringement, as well as Wowza's motion for reconsideration of indefiniteness of the '878 Patent and non-infringement of the '878 Patent based on the Court's construction of the claim term "reserved for random data in accordance with a Real Time Messaging Protocol (RTMP) random byte section." |
| September 24, 2014 | Deadline to file opposition briefs in connection with *Daubert* Motions and Motions for Summary Judgment |
| October 8, 2014 | Deadline to file reply briefs in connection with *Daubert* Motions and Motions for Summary Judgment |

| Date | Event |
|---|---|
| October 30, 2014 at 2:00 p.m. | Hearing on *Daubert* and Summary Judgment Motions on matters other than infringement |
| January 16, 2015 | Lead counsel shall meet/confer with respect to the issues set forth in Section A of Judge Tigar's standing order for civil jury trials. |
| January 23, 2015 | Adobe to provide draft of Joint Pretrial Statement and Proposed Order set forth in Section B of Judge Tigar's standing order for civil jury trials, including, exchange the materials required under Rule 26(a)(3)(witness lists; deposition designations and exhibit lists), and exchange exhibits, summaries, charts, schedules, diagrams, and other similar documentary materials, with a complete list of all such proposed exhibits in the form required by Section D of Judge Tigar's standing order for civil jury trials. |
| January 30, 2015 | Wowza to provide a revised draft of Joint Pretrial Statement and Proposed Order, including any objections to Adobe materials and the materials required under Rule 26(a)(3)(witness lists; deposition designations and exhibit lists), and exchange exhibits, summaries, charts, schedules, diagrams, and other similar documentary materials, with a complete list of all such proposed exhibits in the form required by Section D of Judge Tigar's standing order for civil jury trials. |
| February 6, 2015 | Adobe to provide a revised draft Joint Pretrial Statement and Proposed Order with its objections to Wowza's materials. |
| February 10, 2015 | Parties to meet and confer regarding objections to pretrial disclosure materials and as to Joint Pretrial Statement and Proposed Order |
| February 13, 2015 | Joint pretrial statement and proposed order containing the details set forth in Section B of Judge Tigar's standing order for civil jury trials. |
| February 20, 2015 | Motions in Limine filed |
| February 27, 2015 | Parties file and serve (a) jury voir dire questions, (b) proposed jury instructions, and (c) proposed jury verdict forms |
| March 3, 2015 | Oppositions to Motions in Limine filed |
| March 16, 2015 at 1:30 p.m. (Oakland) | Final Pretrial Conference |
| March 16, 2015 | Optional trial briefs filed |
| March 23, 2015 at 8:30 a.m. | Jury Selection/First Day of Trial |

## II. SCOPE OF SUPPLEMENTATION OF OPENING EXPERT REPORTS[1]

A. Adobe's Expert Reports

1. Adobe's infringement expert may provide a supplemental report setting forth its basis, if any, for asserting:

   a. that the methods previously asserted as infringing claims 1 and 15 of the '878 patent, and the products previously asserted as infringing claim 17 of the '878 patent, meet the requirement that cryptographic information be received or inserted in a pre-defined portion of a network communication that is "reserved for random data in RTMP that is used in estimating available bandwidth for the session between the client and the server and is larger than said cryptographic information" wherein "reserved for random data" means "reserved for data that is random or pseudo random, where pseudo random data is not composed of all zeros," and

   b. that the methods previously asserted as infringing claim 1 of the '287 patent, and the products previously asserted as infringing claim 12 of the '287 patent, meet the requirements of being "ranked-based" and "translating" the data payload.

2. Adobe's damages expert should provide a supplemental report removing accusations, allegedly infringing sales, profits, and damages relating to claims no longer part of the case. Adobe's damages expert may also update his calculations to take into account additional sales since his expert report.

---

[1] As set forth in the schedule, the scope of supplemental rebuttal expert reports presented by any of the Parties' experts is limited to that of the opening reports of the opposing party.

   B.   Wowza's Expert Reports

      1.   Dr. Medoff can supplement his report setting forth its basis, if any, for asserting that the method and products previously asserted as being reduced to practice before the critical date met the requirements of being "ranked-based" and "translating" the data payload.

      2.   Dr. Sherman can supplement his report setting forth its basis, if any, for asserting that the prior art further anticipates or renders obvious the requirements that (1) cryptographic information be received or inserted in a pre-defined portion of a network communication "reserved for random data in RTMP that is used in estimating available bandwidth for the session between the client and the server and is larger than said cryptographic information" wherein reserved for random data means "reserved for data that is random or pseudo random, where pseudo random data is not composed of all zeros," and (2) that the data payload be translated.

   C.   Further Supplementation in Light Of Case No. 14-CV-02778

After the case management conference on July 22, 2014, the Court will consider whether changes to the above schedule, or changes to the scope of expert reports, will be necessary in light of the filing of the related case, No. 14-cv-2778.  Until that time, the parties should prepare diligently on the assumption that neither the schedule nor the scope of expert report supplementation will be altered.

   IT IS SO ORDERED.

DATED: July 1, 2014                              By: _____
                                                        Honorable Jon S. Tigar
                                                        United States District Judge