UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ADOBE SYSTEMS INCORPORATED, | Case No. 11-cv-02243-JST |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTIONS TO SEAL** |
| COFFEE CUP PARTNERS INC, et al., | Re: Dkt. No. 533 |
| Defendants. | |

Before the Court is the parties' joint motion to file under seal certain exhibits and portions of briefing filed in connection with the cross-motions for summary judgment currently pending before the Court. ECF No. 533. Both parties have filed declarations in support of sealing. ECF No. 533-1, 533-2. The parties had previously filed motions to seal these documents that the Court concluded were not "narrowly tailored to seek sealing only of sealable material" or were otherwise not in compliance with Civil L.R. 79-5(b). ECF No. 472, 476, 519. Having provided the parties with an opportunity to revise their motions, the Court now concludes that the parties have met their burden of demonstrating that compelling reasons justify the sealing of the materials at issue.

The Court hereby GRANTS the motion.

## I.   LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that

(1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

On the other hand, when a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. (citation and internal quotations omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

**II.     DISCUSSION**

Because the parties seek to seal briefing and exhibits submitted in connection with dispositive motions, the materials must meet the heightened "compelling reasons" standard.

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Nixon court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard. In re Elec. Arts, Inc., 298 Fed. App'x. at 569. The Federal Circuit has similarly concluded that under Ninth Circuit law, detailed product-specific financial information, customer information and internal reports are appropriately sealable under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage. Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

The Court finds the information currently sought to be sealed by the parties is properly sealable. The materials the parties seek to seal fall into several categories. First, Wowza and Adobe both seek to seal a number of documents which describe in detail the operation of Wowza Media Server and Flash Media Server, including source code and other proprietary information about the functionality of their products. See, e.g., ECF Nos. 533-25, 533-72, 533-91. Next, both parties identify certain documents which contain their confidential business information, including term sheets and information about licensing negotiations and product pricing decisions. See, e.g., ECF Nos. 533-42, 533-84, 533-96. Adobe also identifies a number of documents that discuss its beta testing of the Flash Media Server, including certain documents that include beta testers'

3

personal information and e-mail addresses. See, e.g., ECF Nos. 533-26, 533-60, 533-71. Finally, Adobe identifies a number of documents which include discussions of methods for circumventing Adobe's protocols and reverse engineering Adobe's proprietary technology, information that it claims could compromise the security of its products. See, e.g., ECF Nos. 533-29, 533-62, 533-100.

These categories all present information that could be used to a company's competitive disadvantage, making them sealable under the "compelling reasons" standard. Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013). Wherever possible, the parties have sought to redact the documents in question, rather than sealing them in their entirety. Those documents the parties have sought to seal in their entirety contain a high concentration of properly sealable information. The Court also notes that both parties have submitted redacted versions of the summary judgment briefing, which the parties have narrowly tailored to redact only that information which could be used to each company's competitive disadvantage.

### III. CONCLUSION

"[T]he document filed under seal will remain under seal and the public will have access only to the redacted version, if any, accompanying the motion." Civil L. R. 79-5(f)(1).

**IT IS SO ORDERED**.

Dated: November 16, 2014

_____
JON S. TIGAR
United States District Judge